UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GONZALO CORTES,

                         Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer "JOHN"
SMITH; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                        Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

14 CV 3014

## <u>NATURE OF THE ACTION</u>

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## <u>JURISDICTION AND VENUE</u>

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Gonzalo Cortes ("plaintiff" or "Mr. Cortes") is a resident of Queens County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officer "John" Smith ("Smith"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Plaintiff does not know the first name or shield number of defendant Smith.  Defendant Smith is sued in his individual and official capacities.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

-2-

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.    At approximately 3:30 a.m. on July 1, 2013, Mr. Cortes was lawfully present in the vicinity of 78-11 Roosevelt Avenue in Queens, New York.

13.    Defendant officers arrived and, in the absence of probable cause, arrested Mr. Cortes on harassment and assault charges.

14.    Mr. Cortes was taken to the 115th Precinct.

15.    When Mr. Cortes asked to use the bathroom at the precinct, defendant officers handcuffed and viciously assaulted him, causing injuries including a complete rupture of the rotator cuff in his right shoulder.

16.    After the assault, Mr. Cortes immediately requested medical care.

17.    The officers tried to discourage Mr. Cortes, but he was ultimately transported by ambulance to Elmhurst Hospital.

18.    Mr. Cortes was taken to Queens Central Booking and arraigned.

19.    After spending approximately twelve hours in custody, Mr. Cortes was released.

20.    Mr. Cortes was compelled to return to Court twice before the criminal

charges were dismissed.

21.     As a result of the officers' assault of him, Mr. Cortes has undergone physical therapy and experiences ongoing shoulder pain and discomfort.

22.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

23.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

26.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

31.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.   The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

32.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     The individual defendants created false evidence against plaintiff.

38.     The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

39.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### *Monell*
### Failure to Train, Discipline and Supervise

41.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.    Defendant City, through the NYPD, failed to train, discipline and supervise the defendant officers with deliberate indifference to the rights of Mr. Cortes.

43.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions and potentially dangerous.

44.    Upon information and belief, adequate training, discipline and supervision of the defendants could have prevented the injuries Mr. Cortes suffered.

45.    The defendant City's failure to train, discipline and supervise the defendants proximately caused each of plaintiff's injuries.

46.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Deliberate Indifference to Medical Needs

47.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.    The individual defendants were aware of plaintiff's need for medical care and failed to act, in deliberate indifference to plaintiff's needs.

49.    Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

50.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

51.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

54.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:      May 13, 2014
                New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*