

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

May 13, 2015

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Cortes v. City of New York, et al.*, 14 CV 3014 (SLT) (RML)

Your Honor:

  I represent plaintiff in the above-referenced civil rights action. I write to respectfully request that defendants be compelled to reproduce, in labeled form, previously produced photographs of NYPD officers. Plaintiff further requests that his counsel be permitted to confidentially retain the photographs until after depositions have concluded. Pursuant to Rule 37(a)(1) and Local Civil Rule 37.3(a), counsel certifies that he has conferred with defense counsel in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.

  As the Court may recall, plaintiff alleges that, after being falsely arrested in Queens on July 1, 2013, he was violently assaulted by unidentified police officers inside the 115th Precinct, resulting in a tear of the rotator cuff in plaintiff's right shoulder that has necessitated surgery and ongoing physical therapy. Defendants deny using any force inside the precinct.

  Since the beginning of the case, plaintiff has worked diligently to identify the officers who injured him. Plaintiff's discovery demands, served at the initial conference, requested "labeled" photographs of every officer present during the incident. *See* Plaintiff's First Set of Discovery Demands, annexed hereto as Exhibit 1, Document Request No. 3(a). Defendants objected to plaintiff's request in their discovery responses, but ultimately consented to production of the photographs under protective order during a telephone conference held on February 2, 2015. *See* Minute Entry dated February 2, 2015. Upon information and belief, the issue of labeling was not specifically addressed during the February 2nd conference.

Approximately 80 unlabeled photographs were delivered by hand on March 3, 2015. Upon receipt, and with Mr. Cortes in the office to view the photographs, the undersigned immediately contacted defense counsel to request labels or a key to identify the officers. Defendants refused. To allow the viewing to proceed without delay, the parties ultimately reached a compromise whereby defendants identified a range of eight officers as "supervisors" and specifically identified the two officers who transported plaintiff to the hospital. As explained in plaintiff's letter to the Court dated April 23, 2015, that process did not yield a definitive identification by Mr. Cortes. Plaintiff then returned the unlabeled photographs to defendants pursuant to the Court's February 2nd order.

Having amended the complaint to add the officers present at the scene of his arrest, plaintiff is now back at the drawing board, attempting to identify his assailants inside the precinct and prove that an assault took place there. To that end, as defense counsel is aware, plaintiff plans to depose the commanding officers of the precinct, as well as the desk sergeant, plaintiff's fellow prisoners, and other NYPD staff who appear to have interacted with plaintiff while he was jailed, including the defendant officers.

During these depositions, where officers are likely to refer to each other by name or generic description, having access to labeled photographs will facilitate plaintiff's investigation into the role of the various officers in the disputed events. It is for this reason that plaintiff requests that the undersigned counsel be permitted to retain the photographs throughout depositions on a confidential basis. Further, by comparing information contained in the roll call, command log and officer memo books with the deposition testimony and labeled photographs, Mr. Cortes may yet be able to narrow down the universe and identify officers directly or by process of elimination.[1]

As explained in *Lozano v. City of New York:*

> It is important for the plaintiffs to avoid unnecessary litigation by determining early in the process which individual police officers are subject to the claims raised. Thus far, the plaintiffs simply named as defendants all the officers on the scene; by specifically identifying individual officers, they may be able to eliminate certain defendants altogether and limit the claims against others. The photographs are obviously an important

---

[1] Plaintiff respectfully notes that defendants have produced labeled photographs in other cases. *See, e.g., Franks v. City of New York*, 13-CV-623 (JBW)(VMS), 2013 WL 6002946 (E.D.N.Y. Nov. 12, 2013); *Joseph v. Lallave*, 13-CV-7051 (Docket Entry No. 29).

>element in this process. Because this is not a criminal case, the defendants' complaints that disclosure of the photos would constitute a "selective lineup" are simply inapposite.

88-CV-659, 1992 WL 116433 (S.D.N.Y. Apr. 17, 1992); *see Snoussi v. Bivona*, 05-CV-3133 (RJD) (LB), 2009 WL 701007 (E.D.N.Y. Mar 3, 2009) ("As plaintiff points out [d]efendants seek an unprecedented ruling in this Circuit: the importation of criminal due process protections into a civil case. Moreover, plaintiff argues that defendants' position is fundamentally at odds with the liberal discovery rules in civil and particularly, civil rights cases. The Court agrees."); *Beckles v. City of New York*, 08-CV-3687 (RJH) (JCF), 2010 WL 1841714, *5 (S.D.N.Y. May 10, 2010) ("Indeed, as the Court noted in *Snoussi,* there is no precedent in this Circuit for requiring criminal identification procedures to be used in a civil case where the plaintiff is seeking access to photos of the defendants in order to identify the officer(s) who violated her constitutional rights."); *Jean-Laurent v. Hennessy*, 05-CV-1155, Docket Entry No. 3, (E.D.N.Y. July 13, 2006) (Bloom, M.J.) (holding that the "'problems of a suggestive photo array' are not at issue in this civil case"); *Murphy v. West*, 533 F. Supp. 2d 312, 317 (W.D.N.Y. 2008) (ordering production of photographs of John Doe correctional officers); *see also Lora v. Board of Ed. of City of New York*, 74 F.R.D. 565, 579 (E.D.N.Y. 1977) (Weinstein, J.) ("Only strong countervailing public policies should be permitted to prevent disclosure when, as here, a suit is brought to redress a claim for violation of civil rights under the Constitution."); *Kinoy v. Mitchell*, 67 F.R.D. 1, 12 (S.D.N.Y. 1975) ("The Congressional policy in favor of broad enforcement of the civil rights laws supports complete discovery when their violation is alleged.").

Accordingly, plaintiff respectfully requests that defendants be compelled to reproduce the officer photographs with identifying labels and that the undersigned counsel be permitted to retain them confidentially until the conclusion of depositions.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc: ACC Elissa Jacobs, Esq.

Encl.