

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY  10007

ZACHARY W. CARTER
*Corporation Counsel*

Elissa B. Jacobs
*Special Federal Litigation*
(212) 356-3540
(212) 356-3509 (fax)
ejacobs@law.nyc.gov

November 17, 2015

**By ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Gonzalo Cortes, et al. v. City of New York, et al.,
      1:14-cv-3014-SLT-RML

Your Honor:

  I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of The City of New York, representing defendants in this action. I am writing in response to oppose portions of plaintiff's motion to compel certain discovery.

  For many of plaintiff's requests, defendants do not object to either producing the documents or confirming that they do not exist. For example, defendants can confirm that they do not have in their possession, custody or control any DAT Investigation Reports or "scratch" copies of the arrest and complaint reports. Defendants are investigating whether several of these documents exist, namely the Central Booking medical Screening Form, Plaintiff's mug shot, Prisoner movement slip, and the Central Booking Photo. We believe that other documents do exist and have no objection to producing them (with redactions, where appropriate), but, despite the best efforts of this office to obtain them, have not yet been produced to me. This includes the memo books, the Central Booking Prisoner Roster, the 115th Precinct Interrupted Patrol Log, the 115th Precinct Telephone log, the letter of instruction given to Sgt. Rzonca and the training materials. In addition, defendants are still investigating whether there is in fact a log or data maintained for the officers who logged in to the computers in the cell area in the 115th precinct Defendants respectfully request that, in light of the upcoming holiday, they be given until December 8th to produce these documents.

  Defendants object to the request to produce all unusual occurrence reports, also known as UF-49s, generated at the 115th precinct on 7/1/13. Defendants have not been able to confirm that there are any documents responsive to this request. However, to the extent that plaintiff is

Honorable Judge Levy
Cortes v. NYC, et al.
November 17, 2015
Page 2

seeking unusual incident reports for incidents that are wholly unrelated to his claims, this request should be denied. These reports, which would document any unusual incidents that took place within the confines of the entire 115th precinct, are not in any way relevant to the claims here – that is, whether plaintiff was falsely arrested and/or subjected to excessive force. The fact that an unusual incident report may have been drawn up in an unrelated situation is not relevant to plaintiff's claim or defense, nor is it likely to lead to admissible information.

Finally, defendants object to the production of CCRB, CPI and IAB summaries as well as the underlying case files for any incidents of discipline that are not related to the claims of this case, that is false arrest or excessive force, or credibility. Defendants otherwise agree to produce these documents.

Thank you for your attention to this matter.

Respectfully submitted,

/s

Elissa B. Jacobs

cc:  Gabriel Harvis Esq.            **By ECF**
     *Attorney for Plaintiffs*