

GABRIEL P. HARVIS
BAREE N. FETT

March 22, 2015

BY ECF
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Cortes v. City of New York, et al.*, 14 CV 3014 (SLT) (RML)

Your Honor:

I represent plaintiff in the above-referenced civil rights action. I write to respectfully request an order: 1) compelling defendants to produce outstanding discovery, much of which was subject to the Court's prior discovery order, by a date certain; and 2) on consent, extending discovery until June 1, 2016. Pursuant to Rule 37(a)(1) and the Court's Individual Practices, counsel certifies that he has conferred with defense counsel extensively in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.

As the Court may recall, Mr. Cortes alleges that, after being falsely arrested in Queens on July 1, 2013, several of the the defendants violently assaulted him inside the 115th Precinct, resulting in a tear of the rotator cuff in his right shoulder that has necessitated surgery and ongoing physical therapy. Defendants deny using any force inside the precinct.

Plaintiff filed a motion to compel on November 5, 2015. *See* ECF no. 23. By order dated November 24, 2015, the Court granted plaintiff's motion in part, and ordered defendants to produce "all requested police documents" by December 15, 2015, and to produce forthwith "IAB, CCRB, and CPI summaries and underlying files

Hon. Robert M. Levy
Mar. 22, 2015

for the previous ten years as to all defendants, limited to false arrest, excessive force, and credibility/honesty."

The following material that was subject to the November 24th order remains outstanding:

- Central booking medical screening form;
- Mugshot;
- Prisoner movement slip;
- DAT investigation report;
- Central booking prisoner roster;
- Central booking photo;
- Scratch copies of arrest and complaint reports;
- Prisoner pedigree card;
- As to defendant Rzonca, a) underlying file nos. 09-32429; M09-1491; C11-0164; C11-0625; 201401481; 201207083; 06-26513; 08-25239; 09-31482; 09-32429; 11-09924; 12-29848; 12-54050; b) CPI summary from 8/7/14-present; c) CCRB summary from 6/24/14-present; d) IAB summaries from 9/8/14-present;
- As to defendant Smith, a) underlying file no. 2013-06612; b) CPI summary from 8/7/14-present; c) CCRB summary from 6/24/14-present; d) IAB summaries from 9/8/14-present;
- As to defendant Musa, a) underlying file nos. C14-0457; 201525069; 201524261; M2015-1679; 201406019; 201503970; 201507331; 201510478; b) CPI summary from 10/6/15 to present; c) IAB resume summary from 11/2/15-present;
- As to defendant Ruggiero, a) underlying file nos. 201304223; 201411610; 201506572; CC-2015-1715; OG-2015-12876; and b) memo book;
- As to defendant Ryan, underlying file nos. 12-34041; 12-34330; C-2013-458; C13-0458;
- As to defendant Schulz, underlying file nos. 201505905 and cc-2015-19815; and
- As to defendant Daly, underlying file nos. 201410984; 09-07417; 09-31466; 10-37934; 11-52781; 2013-02957; C13-0103.

Hon. Robert M. Levy
Mar. 22, 2015

 Plaintiff respectfully requests that, pursuant to the Court's prior order, defendants be compelled to produce the foregoing discovery by a date certain.

 Additionally, the following material that was duly requested by plaintiff in discovery and has not been produced:

- The original command log from the precinct, for inspection;

- An explanation of the notation "forced/no cja" appearing on plaintiff's OLPA;

- Subject to attorneys'-eyes-only confidentiality, the full name of complaining victim;

- As to defendant Rzonca, performance evaluations for rating periods January 2005 - April 2006; November 2005 - September 2010 and January 2011- present;

- As to defendant Smith, performance evaluations for rating periods November 2013 – present;

- As to defendant Musa, performance evaluations for rating periods 1/19/12 – 5/7/12; 11/8/12 – 5/8/13 and 11/9/13 – present;

- As to defendant Ruggiero, performance evaluations for rating periods 1/9/12 – 6/8/12 and 11/9/13 – present;

- As to defendant Ryan, performance evaluations for rating periods 7/7/10 – 11/5/10 and 11/6/11 – present;

- As to defendant Cestaro, performance evaluations for rating periods 1/19/12 – 5/8/12 and 11/9/13 – present;

- As to defendant Schulz, performance evaluations for rating periods 1/14/09 – 6/29/09 and 11/7/10 – present;

- As to defendant Daly, performance evaluations for rating periods 7/18/07 – 12/27/07; 5/9/09 – 9/27/12; and 7/28/13 – present; and

- As to defendant Cappuccia performance evaluations for rating periods 7/11/12 – 11/10/12; 5/11/14 – present.

Hon. Robert M. Levy
Mar. 22, 2015

Plaintiff respectfully submits that this material constitutes core discovery in the matter, is directly relevant to plaintiff's claims and is not subject to any credible claim of privilege. Thus, plaintiff respectfully requests that defendants be compelled to produce this material by a date certain.

Lastly, the parties jointly request an extension of discovery until June 1, 2016. To this point, the parties have worked diligently to identify the appropriate defendants and amend the complaint to join them. That process is now complete. Plaintiff has also made expert disclosures pursuant to Rule 26(a)(2), and the defendants have scheduled plaintiff's deposition for March 25, 2016. The parties have also set aside approximately eighteen additional dates between now and the proposed deadline of June 1st to complete the other depositions. The parties respectfully submit that they expect to be trial-ready at the conclusion of the instant proposed extension.

Accordingly, plaintiff respectfully request an order: 1) compelling defendants to produce the discovery outlined above by a date certain; and 2) extending discovery until June 1, 2016, on consent. The parties do not seek adjournment of the Settlement conference scheduled for April 26, 2016 at 10:00 a.m.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:     ACC Elissa Jacobs, Esq.