

G ABRIEL P. H ARVIS
B AREE N. F ETT

August 27, 2016

BY ECF
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Cortes v. City of New York, et al.*, 14 CV 3014 (SLT) (RML)

Your Honor:

I represent plaintiff in the above-referenced civil rights action. I write to respectfully request: 1) leave to continue the deposition of defendant Rzonca; 2) relief in connection with defendants' loss of relevant evidence; and 3) an order compelling defendants to conduct a search of their electronic communications and produce any relevant materials. The parties have met and conferred extensively, but have been unable to resolve these disputes.

As the Court may recall, Mr. Cortes alleges that, after being falsely arrested in Queens on July 1, 2013, he was violently assaulted by police officers inside the 115th Precinct, resulting in a tear of the rotator cuff in his right shoulder that has now necessitated multiple surgeries, including one ten days ago. Defendants deny using any force inside the precinct.

Request for Leave to Continue the Deposition of Defendant Sergeant Joncris Rzonca

Defendant Joncris Rzonca is a key fact witness regarding the disputed events. He was present for and "verified" plaintiff's arrest and was one of three precinct supervisors on duty at the time of plaintiff's injury.

Approximately a year ago, when only 211 of 7,905 pages of discovery had been produced, plaintiff deposed defendant Rzonca in connection with plaintiff's efforts to identify John Doe defendants and amend the complaint. The deposition lasted less than

three hours and was explicitly left open pending receipt of outstanding documents. *See* Rzonca Deposition Transcript Excerpt, annexed hereto as Exhibit 1, p. 163, ln. 19–p. 164, ln. 2. Since that deposition a year ago, plaintiff has discovered a variety of documents – including, *inter alia*, an unexplained duplicate injury report, precinct logs, EMS records and subordinate officer memo books – of which defendant Rzonca is expected to have direct knowledge.

In light of the fact that the first deposition was brief, limited in scope, explicitly kept open without objection and conducted in the absence of a number of core documents on which his testimony will likely bear, plaintiff respectfully requests that he be permitted to examine defendant Rzonca further, in a continued deposition not to exceed four hours.

Request for Relief Concerning Spoliated Evidence

By order dated April 26, 2016, defendants were ordered to provide a "verified response" detailing discoverable documents that could not be located despite a diligent search. Defendants produced the response attached hereto as Exhibit 2. In their response, defendants concede that the they are unable to produce: (i) the prisoner pedigree form, reflecting plaintiff's physical condition upon arrival at the precinct (a central issue); (ii) the DAT investigation report, which would reflect the timing and sequence of relevant events at the precinct; (iii) the central booking medical screening form, reflecting the statements of plaintiff and his escort officers upon arrival at central booking; (v) the central booking prisoner roster, reflecting potential fact witnesses; and (vi) the photo of plaintiff taken at central booking. *Id.* Defendants offer no explanation for the missing documents.

The law is clear in the Second Circuit that "spoliation" – "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation" – is sanctionable conduct. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). A party seeking sanctions for spoliation of evidence must establish three elements, namely (i) an obligation to preserve evidence at the time it was destroyed, (ii) a culpable state of mind, defined as including negligent, grossly negligent or intentional conduct, and (iii) the loss or destruction of potentially relevant documents that reasonably would support the claim or defense. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). Each of these elements is satisfied in the instant case.

It is well settled that a range of mental states satisfy the "culpable state of mind"

Hon. Robert M. Levy
Aug. 27, 2016

required for a finding of spoliation. Although destruction of the discovery materials in "bad faith," "intentionally," or with "gross negligence" is clearly *sufficient* to establish culpability, *see, e.g., Reilly v. Natwest Markets Group*, 181 F.3d 253, 267 (2d Cir. 1999), those states of mind are not necessary for sanctions to be warranted. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 109 (2d Cir. 2001) (holding that "bad faith – an intent to obstruct the opposing party's case – need not be shown to justify an inference of spoliation"). Indeed, the Second Circuit has expressly held that sanctions for spoliation "may be appropriate in some cases involving the negligent destruction of evidence because each party should bear the risk of its own negligence." *Residential Funding*, 306 F.3d at 108; *see also Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 431 (S.D.N.Y. 2004) ("In this Circuit, a 'culpable state of mind' for purposes of a spoliation inference includes ordinary negligence.").

The defendants' conduct in this case was negligent at the very least. With respect to the prisoner pedigree card, for example, the NYPD Patrol Guide specifically requires the desk officer to "file [it]…by date and time of arrival at command." *See* Patrol Guide § 208-02 annexed hereto as Exhibit 3, § 7(a). Further, there appears to have been no litigation hold issued since this case was filed 28 months ago and defendants have not indicated when the pedigree card or other missing official documents were lost or destroyed. *See Stinson v. City of New York*, 10-CV-4228 (RWS), 2016 WL 54684, *6 (S.D.N.Y. Jan. 5, 2016) ("The failure to circulate a litigation hold, and to ensure that it was properly implemented, was particularly damaging in the context of the NYPD's standing document retention policies, which ensured that inaction on the part of the City would result in the destruction of evidence.").

As the Hon. Shira A. Scheindlin has recognized, "[o]nce the duty to preserve attaches, any destruction of documents is, at a minimum, negligent." *Zubulake*, 220 F.R.D. at 220. Moreover, allowing sanctions based on negligence comports with the remedial purposes of the spoliation doctrine, as "[i]t makes little difference to the party victimized by the destruction of evidence whether that act was done willfully or negligently." *Residential Funding*, 306 F.3d at 108 (quoting *Turner*, 142 F.R.D. at 75). Sanctions are imposed in such cases "not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss." *Id.*; *see also Reilly*, 181 F.3d at 267-68.

Given the relevance of the missing documents, defendants' duty to preserve and the evident negligence of the conduct at issue, plaintiff respectfully requests that the Court issue appropriate relief.

Hon. Robert M. Levy
Aug. 27, 2016

Motion to Compel Defendants to Produce Relevant ESI

 In his discovery demands served in October 2014, plaintiff sought electronic communications sent or received by the defendants concerning plaintiff and/or the litigation. Defendants objected in their discovery responses, but agreed by e-mail dated July 22, 2016 to search for and produce relevant communications. As of this writing, defendants have not provided any further information regarding such communications.

 Plaintiff has reason to believe that responsive material may exist. During the deposition of defendant John Cestaro on August 3, 2016, it was revealed that defendant Cestaro had exchanged Facebook Messenger messages with another defendant, Mario Cappuccia, concerning the litigation. *See* Screenshot, annexed hereto as Exhibit 4. At their depositions, both defendants denied exchanging other messages. However, a number of other defendants had already been deposed to that point, and plaintiff submits that he is entitled to a proper search and formal response by each defendant. Thus, plaintiff respectfully requests that each of the defendants be required to conduct a search of their Facebook messages, text messages and e-mails and provide any responsive materials, along with a verified response as to the nature of the search and the results.

 In light of the foregoing, plaintiff respectfully requests : 1) leave to continue the deposition of defendant Rzonca; 2) relief in connection with defendants' loss of relevant evidence; and 3) an order compelling defendants to conduct a search of their electronic communications and produce any relevant materials.

 Thank you for your consideration of this request.

         Respectfully submitted,

         Gabriel P. Harvis

Encl.

cc: ACC Elissa Jacobs, Esq.