UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

GONZALO CORTES,

                      Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                      Defendants.

--------------------------------------------------------x

**PLAINTIFF'S COUNTERSTATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1**

14 CV 3014 (SLT) (RML)

Plaintiff hereby responds to defendants' Statement Pursuant to Local Civil Rule 56.1 as follows:

1. Plaintiff was arrested on July 1, 2013 at approximately 3:40 a.m.

   **Undisputed.**

2. Plaintiff was transported to the 115th Precinct where he arrived at approximately 4:00 a.m.

   **Disputed.** Plaintiff was inside the precinct by 3:50 a.m. Command Log, Def7.

3. While he was in the precinct, plaintiff asked officers to take him to the bathroom.

   **Undisputed.**

4. An officer brought plaintiff towards the cells where the bathrooms were located.

   **Disputed.** Q: [Y]ou were being escorted by one officer [to the bathroom]? A: When they were moving me from the cell to the bathroom there was only one officer. When I refused to go inside the bathroom, I looked back and there were five officers. Plaintiff's Deposition Transcript ("Pl. Tr."), p. 115, ln. 6-11.

5. The officer, without provocation, shoved plaintiff into a wall, injuring plaintiff's shoulder.

   **Disputed.** Plaintiff was assaulted by five officers. *See* FDNY Pre-Hospital Care Report Summary, P32 ("Found 44 y/o male sitting in jail, waiting for EMS. Pt sts that pd took

him down when he went to bathroom."); Transcript of plaintiff's July 1, 2013 Arraignment, P166 ("Five officers escorted [Mr. Cortes] to the bathroom where they pushed him up against the wall and he sustained injuries to his shoulder. Those are not injuries he sustained at the scene, Judge."); Pl. Tr., p. 114, ln. 23-p. 115, ln. 11 ("...That's the moment *they* grabbed me and *they* pushed me against the cell and that's when *they* hurt my shoulder...").

6. When this occurred, plaintiff glanced behind him and saw four additional officers behind him.

    **Disputed**. Plaintiff alleges that five officers assaulted him and has identified and duly joined them. *Id.*

7. Plaintiff was only aware of a strong force pushing him up against the cell wall.

    **Disputed**. Plaintiff alleges that five officers assaulted him and has identified and duly joined them. *Id.*

8. Plaintiff was unable to identify more than a single pair of hands pushing him.

    **Disputed**. Plaintiff has identified five officers by name and physical description as having assaulted him inside the precinct. *Id.*

9. Following the incident, plaintiff was then put back in a cell.

    **Disputed**. After assaulting plaintiff while he was handcuffed and tearing his rotator cuff, the officers purposefully and punitively kept Mr. Cortes handcuffed in a cell for over 90 minutes before calling an ambulance. Pl. Tr., p. 124, ln. 124-p. 125, ln. 4; p. 125, ln. 14-15; Medical Treatment of Prisoner of Prisoner Forms, Def211 and 233.

10. Plaintiff remained in the cell until an ambulance was called for him at approximately 7:30 a.m.

    **Undisputed**.

11. He was diagnosed with a shoulder injury.

    **Disputed**. As a result of the officers' conduct, Mr. Cortes suffered a complete tear of the rotator cuff in his dominant right shoulder. He has undergone extensive medical treatment, including two shoulder arthroscopy surgeries, years of physical therapy and trigger point injections. *See* Expert Report of Drew A. Stein, MD dated March 3, 2016.

*Additional Material Facts Alleged to be in Dispute*

12. Gonzalo Cortes is a Columbian immigrant who for over a dozen years has worked as a food runner at the Warwick Hotel in midtown Manhattan. Pl. Tr., p. 20, ln. 20-22.

13. In the early morning hours of July 1, 2013, Mr. Cortes was involved in a verbal dispute with a bartender at Friends Tavern, a bar on Roosevelt Avenue in Queens. *Id.* at p. 69, ln. 1-25.

14. Mr. Cortes called 911 to report that the bartender had defrauded him, but the responding NYPD officers failed to conduct a reasonable investigation and arrested Mr. Cortes on the false complaint of the bartender. *Id.*; *id.* at p. 73, ln. 23-p. 74, ln. 13.

15. Mr. Cortes arrived at the precinct sober and with no physical injuries. Command Log, Def7; Arrest Report, Def3-4; Medical Treatment of Prisoner of Prisoner Forms, Def211 and 233.

16. While lodged in a crowded precinct cell, Mr. Cortes asked defendant Christopher Musa to use the bathroom. Pl. Tr., p. 111, ln. 10-25.

17. Defendant Musa handcuffed Mr. Cortes and led him to a darkened hallway of vacant cells in direct view of supervising Desk Sergeant Stephen Daly. Daly Deposition Transcript, p. 83, ln. 18-22; Pl. Tr., p. 114, ln. 13-p. 115, ln. 16.

18. Mr. Cortes grew nervous and turned around -- in addition to defendant Musa, defendants Cappuccia, Smith, Schulz and Ryan were directly behind him. *Id.*

19. Mr. Cortes was afraid and told the officers, in sum and substance, that he no longer needed to use the restroom. Pl. Tr., p. 114, ln. 23-p. 115, ln. 5.

20. At that point the officers violently thrust Mr. Cortes upward and into cell bars by his rear-cuffed arms, tearing his right rotator cuff completely. Pl. Tr., p. 114, ln. 23-p. 115, ln. 11 ("…That's the moment *they* grabbed me and *they* pushed me against the cell and that's when *they* hurt my shoulder…").

21. After the assault, defendant Musa whispered in plaintiff's ear "oh, I thought you wanted to use the bathroom." Pl. Tr., p. 116, ln. 12-16.

22. Mr. Cortes was in visible agony, still handcuffed when defendant Musa returned him to the crowded cell. Pl. Tr., p. 124, ln. 124-p. 125, ln. 4; p. 125, ln. 14-15; Medical Treatment of Prisoner of Prisoner Forms, Def211 and 233.

23. Instead of rendering Mr. Cortes aid for the severe injury that Musa himself had helped inflict, the officer locked Mr. Cortes back in the cell still handcuffed, as he would remain for over an hour and a half before medical treatment was summoned. *Id.*

24. Defendants Rodeschin, Daly and Smith knew of plaintiff's assault and purposely altered NYPD records to support the false narrative that plaintiff's injury was pre-existing. Rodeschin Deposition Transcript, p. 179, ln. 14-181, ln. 16; *See* Daly Deposition Transcript, p. 162, ln. 24 – p. 163, ln. 4 (Q: According to [the medical treatment of prisoner form], at 6 a.m. you were aware that Gonzalo Cortes had an injury or a complaint of injury to his shoulder? A: Yes.); Medical Treatment of Prisoner of Prisoner Forms, Def211 and 233.

25. When EMS was finally called to the precinct several hours after plaintiff's injury, EMTs noted deformity to plaintiff's right shoulder and suspected dislocation. FDNY Pre-Hospital Care Report, Def98-100.

26. Mr. Cortes was taken to the hospital and then arraigned, at which time his defense attorney made a record of his injuries in open court. *See* Transcript of plaintiff's July 1, 2013 Arraignment, P166 ("Five officers escorted [Mr. Cortes] to the bathroom where they pushed him up against the wall and he sustained injuries to his shoulder. Those are not injuries he sustained at the scene, Judge.").

Dated:     October 14, 2016
           New York, New York

                                        HARVIS & FETT LLP

                                        _____
                                        Gabriel P. Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@civilrights.nyc

                                        *Attorneys for plaintiff*