Index No. 14 CV 3014 (SLT) (RML)

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GONZALO CORTES

PLAINTIFF,

- against -

THE CITY OF NEW YORK, et al.

DEFENDANTS.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-193*
*New York, N.Y. 10007*

*Of Counsel: Elissa B. Jacobs*
*Tel: (212) 356-3540*

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Branen,
 17 F.3d 552 (2d Cir. 1994)..................................................................................4, 6

Blyden v. Mancusi,
 186 F.3d 252 (2d Cir. 1999)....................................................................................4

Celotex Corp. v. Catrett,
 477 U.S. 317 (1986).................................................................................................2

Chance v. Armstrong,
 143 F.3d 698 (2d Cir. 1998)....................................................................................7

Chevalier v. City of New York,
 2011 U.S. Dist. LEXIS 117862 (S.D.N.Y. Oct. 12, 2011) ......................................4

Cuoco v. Moritsugu,
 222 F.3d 99 (2d Cir. 2000).......................................................................................7

Dzwonczyk v. Syracuse City Police Dep't,
 No. 08-CV-557 (NPM) (DEP), 2008 U.S. Dist. LEXIS 103315 (N.D.N.Y.
 Dec. 22, 2008)..........................................................................................................7

Eastman Kodak Co. v. Image Tech. Servs., Inc.,
 504 U.S. 451 (1992).................................................................................................2

Estelle v. Gamble,
 429 U.S. 97 (1976)...................................................................................................7

Farmer v. Brennan,
 511 U.S. 825 (1994).................................................................................................8

Gallo v. Prudential Residential Servs., Ltd. Partnership,
 22 F.3d 1219 (2d Cir. 1994).....................................................................................2

Graham v. Connor,
 490 U.S. 386 ............................................................................................................4

Hemmings v. Gorczyk,
 134 F.3d 104 (2d Cir. 1998).....................................................................................8

Jean-Laurent v. Wilkinson,
 540 F. Supp. 2d 501 (S.D.N.Y. 2008)......................................................................6

Kopec v. Coughlin,
    767 F. Supp. 463 (S.D.N.Y. 1990) ...............................................................................8

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996) ..........................................................................................4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) ....................................................................................................2

Moffitt v. Town of Brookfield,
    950 F.2d 880 (2d Cir. 1991) ........................................................................................4

O'Neill v. Krzeminski,
    839 F.2d 9 (2d Cir. 1988) ............................................................................................6

Rasmussen v. City of New York,
    766 F. Supp. 2d 399 (E.D.N.Y. 2011) .........................................................................5

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997) ........................................................................................4

Rogoz v. City of Hartford,
    796 F.3d 236 (2d Cir. 2015) ........................................................................................6

Scott v. Almenas,
    143 F.3d 105 (2d Cir. 1998) ........................................................................................3

Universal Calvary Church v. City of N.Y., 96 Civ. 4606 (RPP)
    2000 U.S. Dist. LEXIS 15153 (S.D.N.Y. Oct. 13, 2000) ...........................................5

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996) ........................................................................................7

Woods v. Goord,
    No. 97 Civ. 5143 (RWS), 1998 U.S. Dist. LEXIS 16664 (S.D.N.Y. Oct. 21,
    1998) ...........................................................................................................................8

Wright v. Smith,
    21 F.3d 496 (2d Cir. 1994) ..........................................................................................4

Ying Jing Gan v. City of New York,
    996 F.3d 522 (2d Cir. 1993) ........................................................................................3

**Statutes**

42 U.S.C. § 1983 ................................................................................................................1, 4

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants Matthew Smith, Christopher Musa, Shaun Ryan, Andrew Schulz, Stephen Daly, Mario Cappuccia and Peter Rodeschin by their attorney, Zachary A. Carter, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56(c).

## PRELIMINARY STATEMENT

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging that a number of officers from the 115th precinct violated his civil rights by falsely arresting him, subjecting him to excessive force in the precinct, denying him medical care and maliciously prosecuting him on the underlying charges in connection with an incident that occurred on July 1, 2013.

As demonstrated below, defendants are entitled to summary judgment dismissing plaintiff's claims against Officers Smith, Ryan, Schulz, Daly, Cappuccia and Sergeant Rodeschin, as well as the claim for denial of medical care against Officer Musa.[1] First, the excessive force claim must be dismissed as to Officer Smith, Ryan, Schulz, and Cappuccia as plaintiff cannot establish that these defendants were personally involved in the use of force. In addition, plaintiff's deliberate indifference claim must be dismissed because there is no evidence that any officer acted with reckless indifference, nor does a 1.5 hour delay in calling an

---

[1] Plaintiff has withdrawn his claims against defendants The City of New York, John Cestaro, Dominic Ruggiero and JonKris Rzonca. Plaintiff has also withdrawn his false arrest, Monell, unlawful stop and search, malicious prosecution and denial of a right to fair trial claims. The remaining claims pertain to plaintiff's allegations that excessive force was used on him in the precinct and that officers failed to obtain medical care in a timely manner.

ambulance constitute sufficient delay in getting treatment for plaintiff's shoulder injury. To the extent that plaintiff's claims are not otherwise dismissed, defendants are entitled to qualified immunity because they did not violate any "clearly established" right

**RULE 56 STANDARD FOR SUMMARY JUDGMENT**

Defendants seek an order of dismissal under Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is warranted when, viewing the evidence in a light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56; Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 457 (1992).

A motion for summary judgment requires the party with the burden of proof at trial to come forward with proper evidence and "make a showing sufficient to establish the existence of [each] element of the nonmoving party's case since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As the Second Circuit has stated:

> [The] moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). The non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion

are not credible." Ying Jing Gan v. City of New York, 996 F.3d 522, 532 (2d Cir. 1993); Scott v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).

As set forth herein, summary judgment should be granted in favor of the defendants because plaintiff cannot proffer any evidence that would allow the fact finder to properly proceed to a verdict in his favor.

### STATEMENT OF MATERIAL FACTS

This claim arises out of an arrest that occurred in the early morning hours of July 1, 2013 following a complaint made against the plaintiff. On that date, plaintiff was arrested for Assault with Intent to Cause Injury and Harassment after an individual complained that plaintiff was intoxicated and had become violent in a bar. 56.1 ¶ 203. Plaintiff was arrested by Officer Smith and brought to the 115th Precinct at approximately 4:00 a.m.. 56.1 ¶ 4. At the precinct, he was placed in a holding cell. 56.1 ¶ 5. After approximately two hours, he asked to be brought to the bathroom. 56.1 ¶ 6. An officer, who plaintiff believes was Christopher Musa,[2] put plaintiff in handcuffs and started to escort him through the precinct towards the bathroom. 56.1 ¶ 7 Plaintiff claims that, as he approached a darkened doorway, he refused to go into the bathroom. 56.1 ¶ 8. Officer Musa, without provocation shoved plaintiff into a wall, injuring his shoulder. 56.1 ¶ 9 When this occurred, plaintiff glanced behind him and saw four additional officers near Officer Musa 56.1 ¶ 10. Plaintiff was only aware of a strong force pushing him, but could not say at his deposition that more than a single put their hands on him. 56.1 ¶ 11-12. Immediately after the single shove, plaintiff was returned to a holding cell. 56.1 ¶ 13. Plaintiff claims he was

---

[2] During his deposition, plaintiff was unable to provide specific descriptions of any of the officers who allegedly used force against him or who were present when force was used. Since his deposition, plaintiff's counsel has stated that they are now able to identify those individuals as Officers Musa, Cappuccia, Ryan, Smith and Schulz. Defendants' submit this letter in reliance on that proffer. Defendants reserve their rights to move as to Officer Musa should plaintiff's proffer be revoked.

then put back in a cell, where he remained until an ambulance was called for him at approximately 7:30 a.m. 56.1 ¶ 14-15. He was diagnosed with a shoulder injury. 56.1 ¶ 16.

## ARGUMENT

**PLAINTIFF CANNOT ESTABLISH THAT OFFICERS SMITH, CAPPUCCIA, RYAN OR SCHULZ WAS PERSONALLY INVOLVED IN ANY USE OF EXCESSIVE FORCE.**

"The law sets a relatively high threshold for success in excessive force claims." Chevalier v. City of New York, 2011 U.S. Dist. LEXIS 117862, 5 (S.D.N.Y. Oct. 12, 2011) Claims for excessive force by police officers during an arrest are analyzed under a "reasonableness standard." Graham v. Connor, 490 U.S. 386, 395 () (internal quotation marks omitted). To succeed, plaintiff must show that police officers deployed an "objectively unreasonable" amount of force. Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996). In all cases, "a *de minimis* use of force will rarely suffice to state a Constitutional claim." Romano 998 F.2d 101, 105 (2d Cir. 1993).

It is well-settled that "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991)); see also Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). A police officer is personally involved in the use of excessive force if he either: (1) directly participates in an assault; or (2) was present during the assault, yet failed to intercede on behalf of the victim even though he had a reasonable opportunity to do so. See Ricciuti v. New York City Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997); Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). While plaintiff need not establish who, among a group of officers directly participated in the attack and

4

who failed to intervene, plaintiff cannot show that Officers Smith, Ryan, Shulz or Cappuccia did either.

In order to demonstrate that an individual directly participated in the assault, plaintiff would have to show evidence that these officers physically used force on him. In his deposition, plaintiff stated that when an officer, now alleged to have been Officer Musa, pushed up against cell bars while he was in the precinct. 56.1 ¶ 9. Plaintiff claims that after Officer Musa pushed excessive force claim consists only of this single push, which lasted no more than a few seconds. 56.1 ¶ 9, 12. While plaintiff was pushed up against the wall, after the push had occured, he turned around and saw four officers in his view behind Officer Musa. 56.1 ¶ 10. Plaintiff could not say that any officer, other than Officer Musa, put their hands on him – only that these four officers, who he observed for only moments, were in his line of vision just after this push allegedly happened. 56.1 ¶ 10-11. Simply put, plaintiff only describes that one officer, now identified as Officer Musa, actually used physical force on him. Where plaintiff is unable to state that any of these other officers used force on him, the claim against these officers must be dismissed. See, e.g. Universal Calvary Church v. City of N.Y., 96 Civ. 4606 (RPP) 2000 U.S. Dist. LEXIS 15153, at *87 (S.D.N.Y. Oct. 13, 2000) (Dismissing plaintiff's claims as to named defendants where he could not identify the officers who used force against him.) See also Rasmussen v. City of New York, 766 F. Supp. 2d 399, 411-12 (E.D.N.Y. 2011) (holding that it was an "insurmountable problem" that plaintiff, despite discovery, failed to identify most of the officers who allegedly violated her rights).

Furthermore, to the extent plaintiff is claiming that the officers failed to intervene in the use of force, this claim also fails as a matter of law. . A law enforcement officer has an

5

affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers." O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988). An officer who fails to intercede may be liable for preventable harm caused by the actions of other officers if he or she observes or has reason to know that those other officers violated someone's constitutional rights. Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Liability, however, may only attach when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)).

However, "[i]n order for a law enforcement officer to be held liable for another officer's use of excessive force, 'there must have been a *realistic opportunity* [for the former] to intervene to prevent the harm from occurring.'" Rogoz v. City of Hartford, 796 F.3d 236, 251 (2d Cir. 2015) (quoting Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994) (emphasis added)). As plaintiff describes it, the use of force consisted of a single shove that occurred without warning and took mere moments. Plaintiff states that he was then brought directly back to his cell. If there were even a second push, perhaps a jury could find that officers had an opportunity to intervene in this use of force. However, as no reasonable jury could find that there was a realistic opportunity for anyone to intervene in this use of force, these officers must be dismissed.

## THERE WAS NO DELIBERATE INDIFFERENCE TO ANY SERIOUS MEDICAL NEEDS.

A pretrial detainee's claims of inadequate medical treatment and deliberate indifference to serious medical needs are analyzed under the Fourteenth Amendment's Due Process Clause as opposed to the Cruel and Unusual Punishment Clause of the Eighth Amendment, but the tests are the same under the Eighth and Fourteenth Amendments. See Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000) (citing Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996)); Dzwonczyk v. Syracuse City Police Dep't, No. 08-CV-557 (NPM) (DEP), 2008 U.S. Dist. LEXIS 103315, at *37-38 (N.D.N.Y. Dec. 22, 2008). To establish a claim for deliberate indifference to a medical need, a plaintiff must demonstrate both an objective and a subjective element: (1) objectively, a deprivation must be "sufficiently serious," i.e., "a deprivation that presents a condition of urgency, one that may produce death, degeneration, or extreme pain[;]" and (2) subjectively, the defendant officials must act with a reckless indifference, "that is, defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm." Id., at *38-39 (internal quotation marks and citations omitted). In other words, a plaintiff must prove that she suffered from an objectively serious medical condition, which the defendants knew of and deliberately disregarded. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (and cases cited therein).

Even assuming that plaintiff has satisfied the first element that he suffered substantial harm from the failure to treat a serious medical condition, plaintiff has not plausibly alleged that the individual defendants acted with reckless or deliberate indifference toward

plaintiff's medical condition. To state a claim for deliberate indifference, a plaintiff must show that defendants acted with a sufficiently culpable state of mind. Woods v. Goord, No. 97 Civ. 5143 (RWS), 1998 U.S. Dist. LEXIS 16664, at *21-23 (S.D.N.Y. Oct. 21, 1998). "In short, in order to avoid dismissal, a plaintiff must allege conduct that 'shocks the conscience.'" Id. at *23 (quoting Kopec v. Coughlin, 767 F. Supp. 463, 464 (S.D.N.Y. 1990)). . This state of mind is "more blameworthy than negligence" and is "equivalent to criminal recklessness." See Hemmings v. Gorczyk, 134 F.3d 104, 109 (2d Cir. 1998). See also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (In order for an official to "know[] of and disregard[] an excessive risk to [plaintiff's] health or safety[,] the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Furthermore, these allegations must be personal to each of the defendants. As discussed previously, plaintiff has been unable to identify whether or not he interacted with any defendant. This deficit is fatal to plaintiff's claims against Officers Musa, Smith, Cappuccia, Ryan or Schulz. While plaintiff claims that he was held in a cell for approximately 1.5 hours until an ambulance was called, he cannot even state that any of these officers were present in the room where he was held during this time, let alone that they were aware of his condition. None of the officers testified that they were aware of plaintiff's condition, or even that they could be certain they were in the room where plaintiff was being held. Plaintiff cannot demonstrate that any of these officers were aware of his injury, or even that they could draw an inference that a substantial risk of serious harm existed, let alone show that they actually drew this inference.

Plaintiff also alleges that Sgts. Rodeschin was deliberately indifferent to plaintiff's needs because he entered the precinct at 6:30 a.m., but did not call for an ambulance

8

until 7:30 a.m. First, plaintiff has not established that Sgt. Rodeschin was aware of plaintiff's injuries until at the earliest 7:05 a.m. when Sgt. Rodeschin came onto the desk. 56.1 ¶ 16. This 25 minute delay is not enough to establish deliberate indifference to plaintiff's needs. See, e.g. Patterson v. Westchester Cnty., No. 13-cv-0194 (PAC) (AJP), 2014 WL 1407709, at *7 (S.D.N.Y. Apr. 11, 2014) report and recommendation adopted, 2014 WL 2759072 (S.D.N.Y. June 16, 2014) (3-day "delay in taking and reporting the results of an x-ray that revealed torn ankle ligaments does not constitute a sufficiently serious treatment delay"). However, as an ambulance was called for plaintiff at 7:30 a.m., this 1.5 hour delay does no constitute deliberate indifference to plaintiff's medical needs.

# CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. 56(c) together with such costs, fees and further relief as the Court deems just and proper.

Dated:   New York, New York,
         December 20, 2016

                                    Respectfully submitted,

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                       City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 3-193
                                    New York, New York 10007
                                    (212) 356-3540
                                    Email: ejacobs@law.nyc.gov

                                    By: _____
                                        Elissa B. Jacobs