UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

GONZALO CORTES,

                                   Plaintiff,          14-CV-3014-SLT-RML

           -against-                          DEFENDANTS' LOCAL CIVIL RULE
                                              56.1 STATEMENT OF UNDISPUTED
THE CITY OF NEW YORK, ET AL.,                          FACTS

                                   Defendants.

-------------------------------------------------------------- x

Defendants, The City of New York, Matthew Smith, Christopher Musa, Shaun

Ryan, Andrew Schulz, Stephen Daly, Mario Cappuccia and Peter Rodeschin respectfully submit

this statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court

for the Southern District of New York, setting forth the material facts to which they contend

there is no genuine issue to be tried.

1.      Plaintiff was arrested on July 1, 2013 at approximately 3:40 a.m.  (Exhibit A,[1] Arrest

        Report of Plaintiff).

2.      Plaintiff was charged with Assault with Intent to Cause Physical Injury and Harassment

        in the Second Degree.  Id.

3.      Plaintiff was arrested on the statement of a complainant who claimed that plaintiff was

        intoxicated, became angry and hit the complainant with an open hand.  Id.

4.      Plaintiff was transported to the 115th Precinct where he arrived at approximately 4:00

        a.m. (Exhibit B, Command Log Excerpt).

---

[1] All Exhibits refer to Exhibits attached to the Declaration of Elissa B. Jacobs, dated December 20, 2016 and submitted with defendants' moving papers.

5.    Plaintiff was then placed in a holding cell at the precinct.  (Exhibit C, Plaintiff's Dep., at 109:2-6).

6.    After approximately two hours, plaintiff asked officers to take him to the bathroom. (Exhibit C, Plaintiff's Dep. at 110:10-15)

7.    An officer brought plaintiff towards the cells where the bathrooms were located. (Exhibit C, Plaintiff's Dep. at 115:6-11).

8.    Plaintiff hesitated before stepping into the darkened room where he was being led. (Exhibit C, Plaintiff's Dep. at 115:6-11).

9.    The officer leading plaintiff, without provocation, shoved plaintiff into a wall, injuring plaintiff's shoulder. (Exhibit C, Plaintiff's Dep., 116:17-24)

10.    When this occurred, plaintiff glanced behind him and saw four additional officers behind him.  (Exhibit C, Plaintiff's Dep., 119:22-120:9).

11.    Plaintiff was only aware of a strong force pushing him up against the cell wall.  (Exhibit C, Plaintiff's Dep, 121:23-122:10)

12.    Plaintiff was unable to identify more than a single pair of hands pushing him.  (Exhibit C, Plaintiff's Dep., 121:23-122:10)

13.    The single shove lasted no more than five to ten seconds.  (Exhibit C, Plaintiff's Dep., 121:23-122:10)

14.    Following this incident, plaintiff was then put back in a cell. (Exhibit C, Plaintiff's Dep. 122:19-22)

15.    Plaintiff remained in the cell until an ambulance was called for him at approximately 7:30 a.m. (Exhibit C, Plaintiff's Dep., 128:20-22; Exhibit D, EMS Call Report).

16.     Sgt. Rodeschin took the desk at the precinct at approximately 7:05 a.m.   (Exhibit E,

        Rodeschin Dep., 68:2-20).

17.     Plaintiff was diagnosed with a shoulder injury.   (Exhibit C, Plaintiff's Dep., 134:21-

        135:4)

Dated:          New York, New York
                December 20, 2016

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendants*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-3540
                                ejacobs@law.nyc.gov


                                      /s/

                         By:_____
                         Elissa B. Jacobs
                         Senior Counsel