# PATROL GUIDE

| Section: Arrests | Procedure No: 208-03 |
|---|---|
| **ARRESTS - GENERAL PROCESSING** ||
| DATE ISSUED: 10/24/13 | DATE EFFECTIVE: 10/24/13 | REVISION NUMBER: | PAGE: 1 of 13 |

**DEFINITION** PREFERRED NAME - The name an arrestee prefers to be called based on their gender identity. This name may be different from the name on identification documents in the arrestee's possession.

**PROCEDURE** After arrest has been effected and prisoner has been handcuffed:

**ARRESTING OFFICER**
1. Immediately field search/frisk prisoner and search adjacent vicinity for weapons, evidence, and/or contraband.
2. Advise prisoners of rights before questioning in accordance with *P.G. 208-09, "Rights of Persons Taken into Custody."*
   a. If a juvenile is taken into custody, notify the Real Time Crime Center Juvenile Desk (twenty-four hours a day/seven days a week), and parent/guardian immediately.
   b. Before questioning juvenile, Miranda warnings will be read to the juvenile utilizing **MIRANDA WARNINGS FOR JUVENILE INTERROGATIONS (PD244-1413)**. **MIRANDA WARNINGS FOR JUVENILE INTERROGATIONS** should be read while the parent/guardian is present. The juvenile may be questioned if he/she waives the Miranda rights in the presence of the parent/guardian. The parent/guardian does not have to separately waive the Miranda rights; they only need to be advised of such rights. However, if the parent/guardian objects to the questioning or requests an attorney for the juvenile, no questioning should occur, even if the juvenile is willing to answer questions.
   c. Juveniles will not normally be arrested for truancy. If arrested on another charge, truancy (Educational Law section 3233) may be added as a second charge, if appropriate. In all cases, truants may be frisked or scanned with a metal detector. If safety dictates, truants may be handcuffed.

**DESK OFFICER**
3. Immediately determine if prisoner is a high escape risk.
   a. Make determination as to whether a particular prisoner presents a potential escape risk on a case-by-case basis. Factors that can be considered in making this determination include:
      (1) Seriousness of the offense charged,
      (2) Prisoner unwillingness to identify himself/herself,
      (3) Forcible resistance to arrest,
      (4) Threats of violence and/or escape threats directed at uniformed members of the service,
      (5) Known history of violence, weapons possession, or escape/attempted escape.
   b. Prisoners designated "high risk" will have two uniformed members of the service assigned to escort at all times.
4. Have vehicle or other conveyance **not required as evidence** safeguarded, if appropriate.

**NEW • YORK • CITY • POLICE • DEPARTMENT**

**PATROL GUIDE**

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 2 of 13 |

**DESK OFFICER (continued)**

5. Question the arresting officer regarding:
   a. Use of force, if applicable
   b. Circumstances surrounding arrest, if prisoner is being charged with Criminal Possession of Marihuana in the Fifth Degree, and make a Command Log entry of results (see ADDITIONAL DATA under heading "ARRESTS FOR PUBLIC DISPLAY OF MARIHUANA").

6. Observe physical and mental condition of all prisoners entering command and include results in Command Log.
   a. Ensure that prisoners who appear to be ill, injured, or emotionally disturbed obtain appropriate medical/psychiatric attention. (See *P.G. 210-04, "Prisoners Requiring Medical/Psychiatric Treatment"*)
   b. Direct arresting officer to notify Health and Hospitals Corporation (HHC) police, or hospital security personnel if no HHC police are assigned to the hospital, whenever a prisoner is brought to their facility for medical treatment.
   c. Direct arresting officer to notify Health and Hospitals Corporation (HHC) police, or hospital security personnel if no HHC police are assigned to the hospital immediately, if a prisoner escapes from custody at the hospital.
   d. Have arresting officer request a secured location that can be used for treatment of prisoner, when available, from emergency room staff.

7. Notify commanding officer/duty captain to verify the arrest, if the arrest is effected by an off-duty uniformed member of the service.
   a. If arrest is effected by a member of another police agency, that agency will be notified.

**COMMANDING OFFICER / DUTY CAPTAIN**

8. Respond to stationhouse and verify arrest made by off-duty uniformed member of the service.

9. Have **UNUSUAL OCCURRENCE REPORT (PD370-152)** prepared with details of arrest made by off-duty uniformed member of the service.

**DESK OFFICER**

10. Direct arresting officer to make a thorough search of the prisoner in your presence.
    a. Conduct all searches in accordance with *P.G. 208-05, "Arrests – General Search Guidelines."*
    b. Once a strip search is authorized, (see *P.G. 208-05, "Arrests – General Search Guidelines,"* step "1", subdivision "C"), the desk officer, precinct of occurrence/central booking supervisor will ensure that the following entries are made in Department records:
       (1) Command Log entry – including the basis for the strip search; rank, name, and command of supervisor authorizing the search; rank, name, and command of member of the service performing the search; name of prisoner(s); and, the results of the search, including negative results.

**NEW • YORK • CITY • POLICE • DEPARTMENT**

**PATROL GUIDE**

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 3 of 13 |

**DESK OFFICER**
**(continued)**

    (2)    The supervisor authorizing such a search will ensure the command and Command Log page number of the entry will be documented in the "Narrative" section of the **ON-LINE BOOKING SYSTEM ARREST WORKSHEET (PD244-149)** or the **ARREST REPORT - SUPPLEMENT (PD244-157)**.

    (3)    Direct the arresting officer to prepare an **ACTIVITY LOG (PD112-145)** entry of the above information. Also, include on the Prisoner Movement Slip if prepared, the statement, "Strip Searched," with the command and Command Log page number of the entry in the "Detention Alert" section of the form under the sub-caption, "Other." Consistent with *P.G. 203-10, "Public Contact – Prohibited Conduct"*, subdivision "a" following step "1", indicate Preferred Name, if any, on Prisoner Movement Slip.

11. Direct arresting officer to inquire of prisoner whether a dependent adult/child is uncared for at prisoner's residence.
    a. Enter results of inquiry in Command Log.
    b. Comply with *P.G. 215-01, "Care of Dependent Child"* if it is determined that dependent adult/child is alone in prisoner's residence.
12. Have the following property removed from prisoner:
    a. Unlawfully carried
    b. Required as evidence
    c. Lawfully carried, but dangerous to life or would facilitate escape
    d. Can be used to deface or damage property
    e. Personal, except clothing, if prisoner is intoxicated or unconscious
    f. Press Card issued by this Department
       (1) Forward card to Deputy Commissioner, Public Information, with report of facts.
    g. Auxiliary Police Shield, Civil Defense Shield/Identification Card
       (1) Forward to Auxiliary Police Section, with report of facts.
    h. Legally possessed prescription drugs (including methadone)
       (1) Invoice prescription drugs for safekeeping and place in Plastic Security Envelope in prisoner's presence. Issue "Prisoner/Finder/Owner" copy of **PROPERTY CLERK INVOICE (PD521-141)** as a receipt to prisoner.
       (2) Prepare **MEDICAL TREATMENT OF PRISONER (PD244-150)** to alert detention facility personnel that prisoner may require a prescription drug.
       (3) Return prescription drugs to prisoner upon release, if prisoner is to be released on stationhouse bail, Desk Appearance Ticket, voided arrest, etc. If not, deliver to borough Property Clerk in normal manner.
    i. Handgun License
       (1) Forward license to the Commanding Officer, License Division and comply with *P.G. 212-118, "Incidents*

**NEW • YORK • CITY • POLICE • DEPARTMENT**

**PATROL GUIDE**

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 4 of 13 |

**DESK OFFICER (continued)**

*Involving Holders of Handgun Licenses or Rifle/Shotgun Permits"* in regards to reporting the arrest of a handgun licensee to the License Division and the removal of firearms listed on the handgun license.

j. Rifle/Shotgun Permit
   (1) Forward permit to the Commanding Officer, License Division and comply with *P.G. 212-118, "Incidents Involving Holders of Handgun Licenses or Rifle/Shotgun Permits"* in regards to reporting the arrest of a rifle/shotgun permit holder to the License Division and the removal of firearms registered under the permit.

k. New York City Police Department retiree identification card or identification card of retired uniformed members of the service of the former New York City Housing Police Department or the New York City Transit Police Department.
   (1) Forward card to Assistant Commissioner, Employee Management Division, with report of facts.

13. Give itemized receipt for property temporarily removed from the prisoner which is not to be held in police custody.

14. Ask prisoner(s) if they want any personal property they possess to be vouchered for safekeeping, other than property removed under steps "12" and "13".
    a. A Command Log entry **must** be made indicating either the prisoner refused or the **PROPERTY CLERK INVOICE** number for property safeguarded.

**ARRESTING OFFICER**

15. Request the assistance of the detective squad if the prisoner is arrested for homicide, serious assault, robbery, burglary, grand larceny, or other serious or unusual crime.

16. Prepare arrest related documents as provided by the arrest processing officer.
    a. Comply with any applicable provisions of *P.G. 208-15, "Arrest Report Preparation at Stationhouse."*

17. Provide complainant with prisoner's name, charges, arresting officer's name, precinct of occurrence, **PROPERTY CLERK INVOICE** number, if any, and the location of the appropriate court.

18. Advise prisoner, sixteen years of age or older, of right to make three telephone calls without charge.
    a. One of the calls may be placed anywhere within the United States or Puerto Rico. The remaining calls may be placed anywhere within New York City.
    b. Phone calls will not be allowed or may be terminated at any time if the calls would compromise an ongoing investigation or prosecution, if the ends of justice may be otherwise defeated, or a dangerous condition may be created.
    c. Make telephone calls for the prisoner if the prisoner is incapacitated by alcohol and/or drugs.

**NEW • YORK • CITY • POLICE • DEPARTMENT**

**ARRESTING OFFICER (continued)**

    d.    Make telephone calls, or request other appropriate auxiliary aids (including the use of a qualified sign language interpreter or a Telecommunication Relay Service [TRS]) to assist the prisoner in making phone calls if the prisoner is unable to use a telephone due to speech or hearing impairment. Should the prisoner request to telephone an individual with a hearing or speech disability, dial "711" for the TRS operator and be instructed accordingly.

19. Notify relatives or friends if the prisoner is under nineteen years of age, or is admitted to a hospital, or is apparently emotionally disturbed.

20. Prepare a **MISSING - UNIDENTIFIED PERSON REPORT (PD336-151)** and notify the precinct detective squad and the Missing Person Squad, if unable to make the above notification.
    a. If the notification is made <u>after</u> preparation of the **MISSING - UNIDENTIFIED PERSON REPORT**, notify the detective squad and the Missing Person Squad.

21. Comply with *P.G. 214-07, "Cases for Legal Action Program,"* if applicable, which ensures that all New York City Public Housing residents who are arrested pursuant to the execution of a search warrant where contraband is recovered or arrested for a designated crime committed on the grounds of any New York City Public Housing Development are targeted for possible eviction proceedings.

22. Perform license check through FINEST, using the "DALL" format, on all defendants arrested for the following:
    a. Driving a stolen vehicle, or,
    b. Driving an auto with an altered vehicle identification number (VIN), or,
    c. Driving an auto with stolen plates.

23. Deliver the following completed forms to the desk officer:
    a. **ON-LINE BOOKING SYSTEM ARREST WORKSHEET (PD244-159)**.
       (1) Ensure that any graffiti tag and/or gang-related nickname is entered in the appropriate box, if applicable.
       (2) Indicate any preferred name used by prisoner in "Nickname/Alias/Maiden Name" section, prefaced by "P-".
    b. **COMPLAINT REPORT WORKSHEET (PD313-152A)**, if appropriate.
       (1) If the arrest is for a crime previously reported and recorded on a **COMPLAINT REPORT**, use the serial number assigned to the original **COMPLAINT REPORT**.
       (2) Follow *P.G. 208-11, "Arrest Processing – 'Livescan' Fingerprinting and Palmprinting"* immediately upon desk officer's review and approval of **COMPLAINT REPORT WORKSHEET**.

**PATROL GUIDE**

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 6 of 13 |

**ARRESTING OFFICER (continued)**

    c.  **PROPERTY CLERK INVOICE WORKSHEET (PD521-141A)** for evidence or other property taken into police custody.
        (1)  A separate **WORKSHEET** will be prepared for firearms, narcotics, or other property requiring analysis at the Police Laboratory.
    d.  **REQUEST FOR LABORATORY EXAMINATION REPORT (PD521-168)**, if required.
    e.  **DESK APPEARANCE TICKET INVESTIGATION (PD360-081)**, if appropriate.
    f.  **JUVENILE ARREST INVESTIGATION/PROBATION INTAKE REPORT WORKSHEET (PD277-151A)**, if appropriate.
        (1)  One copy of typed report will be forwarded with the arrest documents and distribute the remaining copies to the precinct youth officer, Youth Services Section, and juvenile detention facility, if juvenile is detained.
    g.  **MEDICAL TREATMENT OF PRISONER**, if prepared.
        (1)  Prepare the form if the prisoner receives medical/psychiatric treatment, refuses treatment after claiming an injury or illness, already has previously treated prior injuries, is in apparent need of treatment, or may require prescribed medication.
        (2)  If the prisoner is issued a **DESK APPEARANCE TICKET**, file the "Buff" copy of the **MEDICAL TREATMENT OF PRISONER** form in a folder maintained at the desk of the precinct of arrest/designated arrest facility and forward the remaining copies of the form to the borough court section concerned, in **DAT ARREST PACKAGE (PD260-123)**.

24.  Prepare **ARREST DOCUMENTATION CHECKLIST (PD240-010)**.
    a.  Check appropriate box for each document/form delineated on the checklist.
    b.  List individually all other documents/forms prepared.

25.  Deliver **ARREST DOCUMENTATION CHECKLIST** with the following items to the desk officer:
    a.  Photocopies/snap-out copies of the documents and forms delineated on the **CHECKLIST** in every case in which they are prepared
    b.  Photocopies of all other documents/forms prepared
    c.  Photographs of evidence motor vehicles returned to owner (see *P.G. 218-18, "Photographing Stolen Evidence Vehicles When an Arrest is Made"*).

**DESK OFFICER**  26.  Examine all documents/forms to ensure completeness and accuracy and sign all documents/forms as required.
    a.  Review **ARREST DOCUMENTATION CHECKLIST** to ensure all documents and forms prepared in connection with the arrest are listed on the **CHECKLIST** and are available.
    b.  Return **CHECKLIST** to arresting officer for delivery to the

**NEW • YORK • CITY • POLICE • DEPARTMENT**

**PATROL GUIDE**

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 7 of 13 |

**DESK OFFICER (continued)**

District Attorney or Corporation Counsel in the Complaint Room or deliver in accordance with borough guidelines.

27. Ensure the arresting officer has complied with *P.G. 214-07, "Cases for Legal Action Program,"* if applicable.
28. Ascertain that the following entries are made:
    a. Statement that a prisoner, charged with criminal possession of a controlled substance with intent to sell or unlawful sale of a controlled substance, is a seller, and indicate reasons for that conclusion in the narrative block of the **ON-LINE BOOKING SYSTEM ARREST WORKSHEET**.
    b. Names, addresses, and telephone numbers of witnesses are entered on the **COMPLAINT REPORT** or the **COMPLAINT FOLLOW-UP (PD313-081)**, if prepared.
    c. Statement on **PROPERTY CLERK INVOICE** that property (other than vehicle) is valuable, contains identifying marks, and that the Stolen Property Inquiry Section (SPIS) was notified, including the name and rank/title of the person at SPIS notified.
    d. Information concerning alarms transmitted or cancelled, with operator's name entered on **COMPLAINT REPORT** and **PROPERTY CLERK INVOICE**, as required. State and police agency must be included if alarm is transmitted by other than a New York State agency. If no alarm is transmitted, state so.
    e. A hard copy of the FINEST screen containing the notification to S.P.I.S. is attached to the **COMPLAINT REPORT**, **COMPLAINT FOLLOW-UP** or **PROPERTY CLERK INVOICE**, whichever most accurately reflects the current status of a motor vehicle/boat/plate being reported stolen, recovered, etc.
    f. Enter details of notification in Command Log (name, address, relationship) when prisoner is of unsound mind, or under nineteen years of age, or is admitted to a hospital.
    g. Enter in Command Log information concerning release of prisoner to member of Highway District to conduct required tests.
    h. Enter chemical test results on **ON-LINE BOOKING SYSTEM ARREST WORKSHEET** under caption, "Narrative."
    i. Enter any change in the custody of the prisoner in the Command Log and notify borough Court Section for computer entry of new prisoner location.
    j. Document any other pertinent facts in the Command Log, including serial numbers of any forms prepared regarding arrest.
    k. Notify Court Section supervisor for computer entry when prisoner is admitted to a hospital (see *P.G. 210-02, "Hospitalized Prisoner"*).
       (1) Record notification in Telephone Record.
    l. Ensure that all phone calls, up to a maximum of three, or refusal to make phone calls, are recorded on the **ON-LINE BOOKING SYSTEM ARREST WORKSHEET** and properly entered into Omniform.

**NEW • YORK • CITY • POLICE • DEPARTMENT**

**DESK OFFICER (continued)**

29. Refer "FOA" cases (offenses not triable in New York City courts or violation of parole or probation) to detective squad.
30. Direct that "Have Arrested Message" is transmitted, if required.
31. Make notifications as required by *P.G. 208-69, "Notifications in Certain Arrest Situations."*
32. Request borough Court Section concerned to provide transportation **only** when large numbers of prisoners must be transported or unusual circumstances dictate use of a patrolwagon.
33. Return the following forms to the arresting officer for delivery to the assistant district attorney in the Complaint Room or deliver in accordance with borough procedures.
    a. **ON-LINE BOOKING SYSTEM ARREST WORKSHEET**
    b. Fingerprint forms, if prepared
    c. Copy of **DESK APPEARANCE TICKET INVESTIGATION**, in every misdemeanor and violation case
    d. "ADA" copy of the **PROPERTY CLERK INVOICE**, if evidence has been invoiced
    e. **SUPPORTING DEPOSITION (PD244-060)**, if prepared
    f. **MEDICAL TREATMENT OF PRISONER** form, if prepared
    g. **JUVENILE ARREST INVESTIGATION/PROBATION INTAKE REPORT WORKSHEET**, if prepared.
34. Make necessary entries in Command Log, Interrupted Patrol Log, and **ROLL CALL**, when required, indicating arresting officer's time of departure to borough Court Section.

**ARRESTING OFFICER/ ESCORTING OFFICER**

35. Deliver prisoner to borough Court Section or lodging location designated by borough Court Section concerned.
    a. Inform borough Court Section supervisor if prisoner(s) was strip-searched, including reason for and results of the search.
36. Present all forms relating to arrest to the borough Court Section supervisor.
37. Comply with all directions of the borough Court Section supervisor.

**BOROUGH COURT SECTION SUPERVISOR**

38. Examine all forms to verify completeness and accuracy.
39. Forward a complete set of **MEDICAL TREATMENT OF PRISONER** form, if prepared, with arresting/escorting officer to Department of Corrections (see *P.G. 210-04, "Prisoners Requiring Medical/Psychiatric Treatment"*).
    a. Arresting/escorting officer will obtain receipted pink copy of the form and return it to the borough Court Section facility.
40. Ensure that the computer-generated Prisoner Movement Slip has a notation in the Detention Alert section when a prisoner is violent, resists arrests, is emotionally disturbed, threatens, or attempts suicide. When a prisoner has been strip-searched, enter that fact under "Other," in the Detention Alert section. Include the command and Command Log page number for reference. A notation indicating that the prisoner has been strip-searched will also be made on the **PRISONER TRANSPORT**

NEW • YORK • CITY • POLICE • DEPARTMENT

**PATROL GUIDE**

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 9 of 13 |

**BOROUGH COURT SECTION SUPERVISOR (continued)**

     **DISPATCH (PD171-132)** for notification to the desk officer, precinct of detention.

41. Return the following arrest-related documents to command for filing in arrest folder:
   a. Arresting officer's copy of the Court Complaint
   b. **ON-LINE BOOKING SYSTEM ARREST WORKSHEET**
   c. "Arresting Officer" copy of the **PROPERTY CLERK INVOICE**, if prepared.

**ARRESTING OFFICER**

42. Notify assistant district attorney drawing up the court complaint of all verbal and written statements made by the defendant, and any procedures used to assist a witness or complainant to identify the defendant.
   a. Record this notification in **ACTIVITY LOG**.
43. Bring all related papers to each subsequent court appearances.

**PRECINCT YOUTH OFFICER**

44. Follow up on arrests of youths under sixteen years of age.

**ADDITIONAL DATA**

<u>OBSERVERS AT THE SCENE OF POLICE INCIDENTS</u>

*As a rule, when a police officer stops, detains, or arrests a person in a public area, persons who happen to be in or are attached to the area are naturally in position to and are allowed to observe the police officer's actions. This right to observe is, of course, limited by reasons of safety to all concerned, and as long as there is no substantive violation of law. The following guidelines should be utilized by members of the service whenever the above situation exists:*

a. *A person remaining in the vicinity of a stop or arrest shall not be subject to arrest for Obstructing Governmental Administration (Penal Law section 195.05), unless the officer has probable cause to believe the person(s) is obstructing governmental administration.*
b. *None of the following constitutes probable cause for arrest or detention of an onlooker unless the safety of officers or other persons is directly endangered or the officer reasonably believes they are endangered or the law is otherwise violated:*
   *(1) Speech alone, even though crude and vulgar*
   *(2) Requesting and making notes of shield numbers or names of members of the service*
   *(3) Taking photographs, videotapes, or tape recordings*
   *(4) Remaining in the vicinity of the stop or arrest*
c. *Whenever an onlooker is arrested or taken into custody, the arresting officer shall request the patrol supervisor to the scene, or if unavailable, report the action to the supervisor where the person is taken.*

*This procedure is not intended in any manner to limit the authority of the police to establish police lines, e.g., crowd control at scenes of fires, demonstrations, etc.*

**NEW • YORK • CITY • POLICE • DEPARTMENT**

# PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 10 of 13 |

**ADDITIONAL DATA** *(continued)*

### ARRESTEE SURRENDERS AT LAW ENFORCEMENT FACILITY

*When a prisoner has surrendered at a law enforcement facility and is accompanied by an attorney, the uniformed member of the service may request authorization from the immediate supervisor not to use handcuffs, after the supervisor and the member have evaluated the following criteria:*

*a.   Potential threat to the officer, prisoner, and other persons*
*b.   Possibility of prisoner escaping.*

### ARRESTS OF PERSONS WITH DISABILITIES

*If the prisoner appears to have a disability, which may affect mobility, speech, hearing, or mental ability, appropriate auxiliary aids to facilitate communication shall be used. In addition, a reasonable attempt shall be made to notify a relative or friend. All such attempts will be documented by the arresting or investigating uniformed member of the service.*

*As soon as practicable, attempt to discern if person being arrested has a disability which may affect mobility, speech, hearing, or mental ability. Where possible, attempt to notify a family member or friend who may provide beneficial assistance regarding the prisoner's background information, previous problems, pedigree data, etc. The arresting/investigating uniformed member of the service shall document all reasonable attempts to notify a relative or friend.*

### ARRESTS OF JUVENILES

*Arresting officers must call the Juvenile Desk prior to beginning the arrest process to ensure that any intelligence regarding the juvenile is obtained before the decision whether to release the juvenile to a parent/guardian or adult relative is made. The Juvenile Desk has specialized databases that can provide vital background information on arrested/detained juveniles and those adults taking custody of a juvenile upon recognizance or release.*

*In all cases in which a youth is arrested and charged with a violent felony, the precinct detective squad/BRAM will be directed to enhance the arrest. It will also be the responsibility of the precinct detective squad/BRAM to identify, locate, and apprehend any accomplices in gun-related cases or acts of youth violence and attempt to match them to other outstanding crimes. These units will also attempt to identify and apprehend those selling guns to minors.*

### ARRESTS OF LIMITED ENGLISH PROFICIENT OR HEARING IMPAIRED PERSONS

*If the prisoner and/or the parents/guardians of a juvenile in custody appear to have difficulty understanding/communicating in English, the member of the service concerned should comply with P.G. 212-90, "Guidelines for Interaction with Limited English Proficient (LEP) Persons." If the prisoner and/or the parents/guardians of a juvenile in custody appear to be hearing impaired, the member of the service concerned should comply with P.G. 212-104, "Interaction with Hearing Impaired Persons." The use of a bilingual employee or the Language Initiative Program is the preferential method of interpretation when interacting with a prisoner. It is recommended that certified members of the Language Initiative Program be used for custodial interrogations. Appropriate Command Log entries will be made when interpretation services are utilized.*

**NEW • YORK • CITY • POLICE • DEPARTMENT**

**PATROL GUIDE**

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 11 of 13 |

***ADDITIONAL DATA*** *(continued)*

<u>ARRESTS FOR PUBLIC DISPLAY OF MARIHUANA</u>

*To support a charge of Penal Law section 221.10(1), Criminal Possession of Marihuana in the Fifth Degree, the public display of marihuana must be an activity undertaken of the subject's own volition in a public place. Thus, uniformed members of the service lawfully exercising their police powers during a stop may not charge the individual with Penal Law section 221.10(1) if the marihuana recovered was disclosed to public view at an officer's direction.*

*A "public place" is defined in Penal Law section 240.00 as "any place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies, and other portions or apartment houses and hotels not constituting rooms or apartments designed for actual residences.*

*The desk officer in the facility where the arrest is being processed will question arresting officers on all Criminal Possession of Marihuana in the Fifth Degree arrests to determine if the arrest was made in conformance with Operations Order 49, series 2011, entitled, "Charging Standards for Possession of Marihuana in a Public Place Open to Public View" and make a Command Log entry of results. This questioning will occur regardless of the command of the officer making the arrest (e.g., patrol borough task force, Narcotics Division). In addition, the Quality Assurance Division will incorporate an inspection of Command Logs during the command audit cycle to ensure desk officers are making Command Log entries as required.*

<u>AVAILABILITY OF PHOTO COPYING MACHINES</u>

*To facilitate the duplicating of forms required in step "27", commanding officers will make photo copying machines accessible to arresting officers at all times. In those instances where snap-out forms have the District Attorney or Corporation Counsel as a recipient of a copy of that form, a photocopy is not necessary. The District Attorney/Corporation Counsel copy of the form will be delivered to the desk officer. In arrests involving multiple* **COMPLAINT REPORT**S *or* **AIDED REPORT WORKSHEETS***, a copy of each report will be required. Separate forms with identical information are not required for multiple arrests with a single complainant or a single* **AIDED REPORT WORKSHEET***.*

*UNDER NO CIRCUMSTANCES WILL ARREST PROCESSING BE UNNECESSARILY DELAYED TO OBTAIN THE DOCUMENTS REQUIRED UNDER STEP "27".*
<u>ARREST REPORT PEDIGREE</u>

*For booking purposes, a member of the service shall write an arrestee's name and gender at it appears on a driver's license, permit, or non-driver photo identification. If the arrestee uses a Preferred Name, that name shall be listed in the:*

a. *"Preferred Name" section of the* **PRISONER PEDIGREE CARD (PD244-092)**
b. *Next to defendant's name on the Prisoner Movement Slip, prefaced by "Preferred Name:"*
c. *"Nickname/Alias/Maiden Name" section of the* **ON-LINE BOOKING SYSTEM ARREST WORKSHEET***, prefaced by "P-".*

**NEW • YORK • CITY • POLICE • DEPARTMENT**

# PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 12 of 13 |

**ADDITIONAL DATA** *(continued)*

Consistent with P.G. 203-10, "Public Contact – Prohibited Conduct", subdivision "a" following step "1", regardless of whether the name on the arrestee's identification coincides with the arrestee's gender identity, the member of the service shall refer to the arrestee by the preferred name, if any, as requested. The member shall use the pronouns consistent with that name in addressing or referring to the arrestee.

<u>ARRESTS BY DEPARTMENT OF ENVIRONMENTAL PROTECTION POLICE</u>

When assisting a Department of Environmental Protection (DEP) police officer during arrest processing, arrest processing officers and desk officers will continue to be guided by the following Patrol Guide provisions: P.G. 208-02, "Arrests - Removal to Department Facility for Processing", P.G. 208-03, "Arrests - General Processing", P.G. 208-15, "Arrest Report Preparation at Stationhouse" and P.G. 210-03, "Hospitalized Prisoners - Arrests by Members of Other Police Agencies."

DEP police personnel will normally be responsible for transporting their own officers and prisoners to the borough Court Section. However, when circumstances permit, the desk officer may direct precinct personnel responding to the borough Court Section facility to also transport the DEP police officer and his/her prisoner. In all other cases, the DEP arresting officer will report to the Complaint Room for affidavit preparation.

**RELATED PROCEDURES**

Public Contact - Prohibited Conduct (P.G. 203-10)
Arrests - Removal to Department Facility for Processing (P.G. 208-02)
Rights of Persons Taken into Custody (P.G. 208-09)
Arrest Processing - "Livescan" Fingerprinting and Palmprinting (P.G. 208-11)
Arrest - General Search Guidelines (P.G. 208-05)
Arrests - Security Measures (P.G. 208-06)
Arrest Report Preparation at Stationhouse (P.G. 208-15)
Arrests – License Checks, Warrant Name Checks and Notifications to the Organized Crime Control Bureau Field Operations Desk (P.G. 208-21)
Notifications in Certain Arrest Situations (P.G. 208-69)
Hospitalized Prisoners (P.G. 210-02)
Prisoner Requiring Medical/Psychiatric Treatment (P.G. 210-04)
Guidelines for Interaction with Limited English Proficient (LEP) Persons (P.G. 212-90)
Incidents Involving Holders of Handgun Licenses or Rifle/Shotgun Permits (P.G. 212-118)
Interaction with Hearing Impaired Persons (P.G. 212-104)
Cases for Legal Action Program (P.G. 214-07)
Care of Dependent Child (P.G. 215-01)
Utilization of the Juvenile Desk (P.G. 215-21)
Photographing Stolen Evidence Vehicles when an Arrest is Made (P.G. 218-18)

**FORMS AND REPORTS**

**ACTIVITY LOG (PD112-145)**
**ARREST REPORT - SUPPLEMENT (PD244-157)**
**ARREST DOCUMENTATION CHECKLIST (PD240-010)**
**COMPLAINT FOLLOW-UP (PD313-081)**
**COMPLAINT REPORT WORKSHEET (PD313-152A)**
**DAT ARREST PACKAGE (PD260-123)**
**DESK APPEARANCE TICKET INVESTIGATION (PD360-081)**
**JUVENILE ARREST INVESTIGATION/PROBATION INTAKE REPORT WORKSHEET (PD277-151A)**
**MEDICAL TREATMENT OF PRISONER (PD244-150)**

# NEW • YORK • CITY • POLICE • DEPARTMENT

Case 1:14-cv-03014-SLT-RML   Document 65-19   Filed 01/24/17   Page 13 of 13 PageID #: 415

## PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 208-03 | 10/24/13 | | 13 of 13 |

*FORMS AND REPORTS (continued)*

*MIRANDA WARNINGS FOR JUVENILE INTERROGATIONS (PD244-1413)*
*MISSING – UNIDENTIFIED PERSON REPORT (PD336-151)*
*ON-LINE BOOKING SYSTEM ARREST WORKSHEET (PD244-159)*
*PRISONER PEDIGREE CARD (PD244-092)*
*PRISONER TRANSPORT DISPATCH (PD171-132)*
*PROPERTY CLERK INVOICE (PD521-141)*
*PROPERTY CLERK INVOICE WORKSHEET (PD521-141A)*
*REQUEST FOR LABORATORY EXAMINATION REPORT (PD521-168)*
*SUPPORTING DEPOSITION (PD244-060)*
*UNUSUAL OCCURRENCE REPORT (PD370-152)*

**NEW • YORK • CITY • POLICE • DEPARTMENT**