UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

GONZALO CORTES,

                                                       Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                                       Defendants.

------------------------------------------------------------------------- x

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK, JONCRIS RZONCA, MATTHEW SMITH, CHRISTOPHER MUSA, DOMINIC RUGGIERO, SHAUN RYAN, JOHN CESTARO, ANDREW SCHULZ, STEPHEN DALY, MARIO CAPPUCCIA AND PETER RODESCHIN**

Jury Trial Demanded

14-cv-3014

Defendants The City of New York, Joncris Rzonca, Matthew Smith, Christopher Musa, Dominic Ruggiero, Shaun Ryan, John Cestaro, Andrew Schulz, Stephen Daly, Mario Cappuccia, and Peter Rodeschin, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Second Amended Complaint, dated June 13, 2016, respectfully:

      1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff has commenced an action as stated therein.

      2. Deny the allegations set forth paragraph "2" of the complaint, except admit that plaintiff has commenced an action as stated therein.

      3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff has commenced an action as stated therein.

      4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue in this district as stated therein.

5. State that the allegations set forth in paragraph "5" are not allegations of fact to which a response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department and admit that the City is a municipal corporation organized under the laws of the State of New York

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit Rzonca was employed by the City as a police sergeant and admit that plaintiff purports to proceed as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that on Smith was employed by the City as a police officer and admit that plaintiff purports to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Musa was employed by the City as a police officer and admit that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Ruggiero was employed by the City as a police officer and admit that plaintiff purports to proceed as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Ryan was employed by the City as a police officer and admit that plaintiff purports to proceed as stated therein.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that Cestaro was employed by the City as a police officer and admit that plaintiff purports to proceed as stated therein.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Schulz was employed by the City as a police officer and admit that plaintiff purports to proceed as stated therein.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that Daly was employed by the City as a police sergeant and admit that plaintiff purports to proceed as stated therein.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Cappuccia was employed by the City as a police officer and admit that plaintiff purports to proceed as stated therein.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Rodeschin was employed by the City as a police sergeant and admit that plaintiff purports to proceed as stated therein.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint except admit that plaintiff purports to proceed as stated therein.

- 4 -

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint except admit that plaintiff purports to proceed as stated therein.

20. Deny the allegations set forth in paragraph "20" of the complaint, except state that the allegations that defendants were "acting under color of state law" are legal conclusions to which no response is required.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was in the vicinity of 78-11 Roosevelt Avenue in Queens on July 1, 2013 at approximately 3:30 a.m.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that officers arrived on the scene and further admit that plaintiff was arrested for assault and harassment

23. Admit the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was transported to Elmhurst Hospital.

27. Admit, on information and belief, the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff was detained for approximately twelve hours and admit that he was released on his own recognizance.

- 5 -

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

**FIRST AFFIRMATIVE DEFENSE:**

64. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

65. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of any defendant.

## THIRD AFFIRMATIVE DEFENSE:

66. Plaintiff provoked or was at fault for any incident.

## FOURTH AFFIRMATIVE DEFENSE:

67. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## FIFTH AFFIRMATIVE DEFENSE:

68. There was probable cause for plaintiff's arrest, detention, and prosecution.

## SIXTH AFFIRMATIVE DEFENSE:

69. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## SEVENTH AFFIRMATIVE DEFENSE:

70. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are by qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE:

71. Punitive damages cannot be assessed against defendant City of New York or the individual defendants in their official capacities

## NINTH AFFIRMATIVE DEFENSE:

72. Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendants The City of New York, Joncris Rzonca, Matthew Smith, Christopher Musa, Dominic Ruggiero, Shaun Ryan, John Cestaro, Andrew Schulz, Stephen Daly, Mario Cappuccia, and Peter Rodeschin demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 21, 2016

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for Defendants
                                      100 Church Street, Room 3-193
                                      New York, New York 10007
                                      (212) 356-3540
                                      ejacobs@law.nyc.gov

                                  By:     /s/
                                          Elissa B. Jacobs
                                          Assistant Corporation Counsel

TO:   Gabriel Harvis   **Via ECF**
      *Attorney for plaintiff*