Index No. 14 CV 3014 (SLT) (RML)

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GONZALO CORTES

                                                PLAINTIFF,

                      - against -

THE CITY OF NEW YORK, et al.

                                                DEFENDANTS.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-193*
*New York, N.Y. 10007*

*Of Counsel: Elissa B. Jacobs*
*Tel: (212) 356-3540*

### DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

In his opposition, plaintiff has spent much time discussing plaintiff's injuries as well as discrepancies in paperwork completed by the police officers. However, these are simply efforts to distract the Court from the real issue put before it – that despite hours of deposition testimony, plaintiff has failed to produce evidence that established legal liability for these officers. For those reasons, and the reasons stated in defendants moving papers, plaintiff's claims, with the exception of his excessive force claim against Officer Musa, must be dismissed.

### LACK OF PROOF OF PERSONNAL INVOLEMENT IS FATAL TO PLAINTIFF'S CLAIMS AGAINST OFFICERS SMITH, RYAN, SCHULZ, AND CAPPUCIA

In his opposition to plaintiff's motion, plaintiff attempts to distract the Court from the simple fact that he has not been able to allege personal involvement of the defendants regarding his excessive force claim. For the purposes of this motion, the fact that plaintiff's claims have been consistent are irrelevant – the issue is whether plaintiff, through the process of discovery, has been able to show the personal involvement of the specific people who he has named. Simply stated, plaintiff has failed to do so, and so these claims must fail.

First, plaintiff argues that the issue of personal involvement is a dispute of fact that needs to be decided by a jury, relying on <u>Williams v. Smith</u>, 781 F.2d 319 (2d Cir. 1986). This is simply a misstatement of the law. Personal involvement must be decided by a jury only when there are <u>material </u>facts in dispute, as is generally the case on summary judgment. As the Second Circuit has stated: When no rational jury could find in favor of the nonmoving party

because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted).  The non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."  Ying Jing Gan v. City of New York, 996 F.3d 522, 532 (2d Cir. 1993); Scott v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).

As discussed at length in defendants' moving papers, plaintiff has been unable to identify any of the defendants, other than Officer Musa, as being personally involved in any use of force against him.  A police officer is personally involved in the use of excessive force if he either: (1) directly participates in an assault; or (2) was present during the assault, yet failed to intercede on behalf of the victim even though he had a reasonable opportunity to do so. See Ricciuti v. New York City Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997); Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).

Plaintiff, in his opposition, claims that Officers Ryan, Cappuccia and Schulz were personally involved simply because they were present in the precinct while plaintiff was there. See Pl. Opp. at p. 22.  Simply being in the same building as the plaintiff is not enough evidence to demonstrate personal involvement, let alone show that an individual had an opportunity to intercede on behalf of plaintiff during an interaction that took moments.  Regarding Officer Smith, plaintiff claims that he may have participated in preparing paperwork, but offers no evidence that Officer Smith was even present in the building when the alleged assault took place, let alone that he was "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan,

511 U.S. 825, 837 (1994). For these reasons, all claims against these officers must be dismissed.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in defendants moving papers, defendants respectfully requests that the Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. 56(c) together with such costs, fees and further relief as the Court deems just and proper.

Dated:   New York, New York,
         January 24, 2017

                                Respectfully submitted,

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants
                                100 Church Street, Room 3-193
                                New York, New York 10007
                                (212) 356-3540
                                Email: ejacobs@law.nyc.gov

                By:        /s
                                Elissa B. Jacobs