UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GONZALO CORTES,

                    Plaintiff,                   **14 CV 3014 (LDH) (RML)**

          -against-

Police Officer CHRISTOPHER MUSA, Shield
No. 9064,

                   Defendants.
------------------------------------------------------------ x


## MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFF'S MOTIONS *IN LIMINE*


**Elefterakis, Elefterakis & Panek**
80 Pine Street, 38th Floor
New York, New York 10005

*Attorneys for plaintiff*


January 17, 2019

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. 1

PRELIMINARY STATEMENT .......................................................................... 1

ARGUMENT ....................................................................................................... 3

POINT I ................................................................................................................ 3

      AN ADVERSE INFERENCE INSTRUCTION SHOULD BE ISSUED REGARDING THE SPOLIATED PRISONER PEDIGREE FORM AND CENTRAL BOOKING MEDICAL SCREENING FORM ................................. 3

POINT II ............................................................................................................... 4

      HEARSAY STATEMENTS REGARDING PLAINTIFF'S CONDUCT PRIOR TO ARREST SHOULD BE PRECLUDED, ALONG WITH ANY MENTION OF THE ARREST CHARGES, WHICH WERE LATER DISMISSED ................................ 4

POINT III ............................................................................................................. 6

      DEFENDANT SHOULD BE PRECLUDED FROM CALLING THE COMPLAINANT IN THE UNDERLYING ARREST PURSUANT TO FED. R. CIV. P. 37(C)(1) ................................. 6

POINT IV ............................................................................................................. 8

      DEFENDANT'S TRIAL SUBPOENA FOR PLAINTIFF'S UNRELATED WORKER'S COMPENSATION RECORDS SHOULD BE QUASHED AND ANY RESPONSIVE RECORDS PRECLUDED, ALONG WITH ANY MENTION OF THE CLAIM OR INJURIES ............................... 8

POINT V ............................................................................................................. 10

      ANY MENTION OF PLAINTIFF'S SUMMONS/ARREST OVER FIFTEEN YEARS AGO SHOULD BE PRECLUDED ................................. 10

POINT VI ........................................................................................... 11

    PLAINTIFF SHOULD BE PERMITTED TO
    EXAMINE THE OFFICER WITNESSES
    THROUGH THE USE OF LEADING
    QUESTIONS ................................................................ 11

POINT VII .......................................................................................... 13

    DEFENDANT SHOULD BE PRECLUDED
    FROM OFFERING ANY ALTERNATIVE
    CAUSE FOR PLAINTIFF'S SHOULDER
    INJURY ....................................................................... 13

POINT VIII ......................................................................................... 13

    TESTIMONY OR EVIDENCE
    REGARDING AWARDS OR
    COMMENDATIONS THE DEFENDANT
    OR NON-PARTY WITNESSES RECEIVED
    DURING THE COURSE OF THEIR
    EMPLOYMENT AS LAW ENFORCEMENT
    OFFICERS SHOULD BE PRECLUDED ....................... 13

POINT IX ............................................................................................ 15

    THE JURY SHOULD DETERMINE AT
    THE SAME TIME WHETHER PUNITIVE
    DAMAGES ARE APPROPRIATE AGAINST
    THE DEFENDANT AND, IF SO, THE
    AMOUNT OF PUNITIVE DAMAGES ....................... 15

POINT X ............................................................................................. 17

    TO ASSIST THE JURY, PLAINTIFF
    SHOULD BE PERMITTED TO PRESENT A
    PORTION OF HIS TESTIMONY IN
    ENGLISH .................................................................... 17

POINT XI ............................................................................................ 17

    GIVEN THE FACTS OF THIS CASE, THE
    JURY SHOULD NOT BE CHARGED ON
    NOMINAL DAMAGES ................................................ 17

CONCLUSION ................................................................................... 19

## TABLE OF AUTHORITIES

### CASES

*Bixby v. KBR, Inc.*, 09 CV 632, 2012 U.S. Dist. LEXIS 143807 (D. Or. Oct. 4, 2012) .....12

*Chonich v. Wayne County Community College*, 874 F.2d 359 (6th Cir. 1989)....................12

*Dallas v. Goldberg*, No. 95 CV 9076, 2002 U.S. Dist. LEXIS 8829 (S.D.N.Y. May 20, 2002) ................................................................................................................................16

*Daniels v. Loizzo*, 986 F.Supp. 245 (S.D.N.Y. 1997) ...........................................................10

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) ...............................................7

*Great White Bear, LLC v. Mervyns, LLC*, 06-CV-13358 (RMB) (FM), 2008 WL 2220662 (S.D.N.Y., May 27, 2008) ......................................................................................................8

*Haas v. Delaware and Hudson Ry. Co.*, 282 Fed. App'x 84 (2d Cir. 2008) ........................7

*Henkel Corp. v. Polyglass USA, Inc.*, 194 F.R.D. 454 (E.D.N.Y. 2000) ................................4

*Kemezy v. Peters*, 79 F.3d 33 (7th Cir. 1996) ......................................................................16

*Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997)......................................................................16

*McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584 (W.D.N.Y. 1995)......................9

*Michelson v. United States*, 335 U.S. 469 (1948) ...............................................................10

*Parsons v. Honeywell, Inc.*, 929 F.2d 901 (2d Cir. 1991) .....................................................5

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006).........................................................6

*Provost v. City of Newburgh*, 262 F.3d 146 (2d Cir. 2001) ................................................15

*Revander v. Denman*, 00 CV 1810 (RJH), 2004 WL 97693 (S.D.N.Y. Jan. 21, 2004) ........9

*Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*, 08 CV 2540 (DLI) (JMA), 2011 WL 1239867 (E.D.N.Y. March 30, 2011)...................................................7

*Serin v. Northern Leasing Systems, Inc.*, 06 CV 1625 (JSG), 2010 WL 6501661 (S.D.N.Y. Oct. 26, 2010) ......................................................................................................................7

*Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955 (2d Cir. 1997) ..........6

*Stephen v. Hanley*, 03 CV 6226 (KAM) (LB), 2009 WL 1471180 (E.D.N.Y. May 21, 2009) ................................................................................................................................10

*United States v. Hicks*, 748 F.2d 854 (4th Cir. 1984) ........................................................12

*United States v. Nazzaro*, 889 F.2d 1158 (1st Cir. 1989) ..................................................14

*United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997) ............................................14

*Vasbinder v. Ambach*, 926 F.2d 1333 (2d Cir. 1991) .........................................................15

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999) ....................................4

*Wheatley v. Beetar*, 637 F.2d 863 (2d Cir. 1980) ...............................................................18

*Wills v. Amerada Hess Corp.*, 379 F.3d 32 (2d Cir. 2004) .................................................13

### STATUTES

42 U.S.C. § 1983 ..................................................................................................................15

Rules

Fed. R. Civ. P. 26 ............................................................................................. 2, 9

Fed. R. Civ. P. 37 ................................................................................................. 1

Fed. R. Civ. P. 37(c)(1) ..................................................................................... 2, 6

Fed. R. Civ. P. 51 ................................................................................................. 2

Fed. R. Evid. 104 ................................................................................................. 2

Fed. R. Evid. 402 ................................................................................................. 2

Fed. R. Evid. 404(a)(l) ....................................................................................... 14

Fed. R. Evid. 404(b) ........................................................................................... 14

Fed. R. Evid. 604 ................................................................................................. 2

Fed. R. Evid. 608(b) ........................................................................................... 10

Fed. R. Evid. 611(c)(2) .................................................................................. 2, 11

Fed. R. Evid. 802 ................................................................................................. 1

Treatises

Weinstein's Federal Evidence § 611.06 ............................................................ 12

## PRELIMINARY STATEMENT

In this action, plaintiff Gonzalo Cortes alleges that, in the early morning hours of July 1, 2013, defendant Christopher Musa, an officer of the New York City Police Department, subjected him to excessive force in a hallway of the 115th Precinct. Specifically, Mr. Cortes asserts that, while he was handcuffed, the defendant lifted plaintiff by his arms and pushed him against a set of bars, tearing the rotator cuff of his dominant right arm and resulting in permanent, disabling injury requiring two surgeries. The defendant denies that any such incident took place.

During the discovery phase of the litigation, the defendant failed to respond to multiple motions filed by plaintiff, including a motion seeking spoliation sanctions, and those motions were granted as unopposed. The defendant himself took essentially no discovery aside from plaintiff's deposition – no interrogatories, document requests or expert disclosures were ever served by the defense, plaintiff was never asked to provide medical authorizations or appear for an IME and defendants never attempted to depose plaintiff's medical experts.

Mr. Cortes submits this memorandum of law in support of his motions *in limine*, which seek the following relief: (1) an order, pursuant Fed. R. Civ. P. 37 and the Court's inherent powers, that an adverse inference instruction be included in the jury charge to remedy spoliation of key documents; (2) an order, pursuant to Fed. R. Evid. 802, precluding defendant from offering hearsay evidence regarding plaintiff's conduct prior to his arrest or the arrest charges and requiring appropriate redaction of documentary exhibits; (3) an order,

pursuant to Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid. 402, precluding defendants from calling the complainant as a trial witness; (4) an order, pursuant to Fed. R. Civ. P. 26, 34 and 45, quashing defendant's subpoena for Worker's Compensation records and precluding any records obtained therefrom, or mention of that claim or the unrelated injuries it involved; (5) an order, pursuant to Fed. R. Evid. 104 and 401-403, prohibiting defendant from eliciting testimony or otherwise introducing evidence of a summons plaintiff received, and which was dismissed, when he was previously arrested over fifteen years ago; (6) an order, pursuant to Fed. R. Evid. 611(c)(2), authorizing plaintiff's counsel to examine non-party law enforcement witnesses through the use of leading questions; (7) an order precluding defendants from arguing any alternative cause for plaintiff's shoulder injury; (8) an order, pursuant to Fed. R. Evid. 104 and 401-403, precluding defendant from eliciting testimony or otherwise offering evidence of awards or commendations received by any law enforcement witness at trial; (9) an order, pursuant to Fed. R. Civ. P. 51 and the Court's inherent authority, that the amount punitive damages, if any, the jury may choose to award plaintiff not be bifurcated from the jury's decision to award punitive damages; (10) an order, pursuant to Fed. R. Evid. 604 and the Court's inherent powers, to permit plaintiff, a native Spanish speaker, to present a portion of his testimony in English; and (11) an order that the jury will not be charged on nominal damages.

<u>ARGUMENT</u>

<u>POINT I</u>

<u>AN ADVERSE INFERENCE INSTRUCTION SHOULD BE ISSUED REGARDING THE SPOLIATED PRISONER PEDIGREE AND CENTRAL BOOKING MEDICAL SCREENING FORMS</u>

During discovery, it was revealed that defendants had failed to maintain key documentation of plaintiff's physical condition while in their custody, or to ever issue a litigation hold, despite having a duty to do so. Among the spoliated documents were the prisoner pedigree form, which was the first documentation of plaintiff's physical condition generated by the police department, and the central booking medical screening form, which also documented plaintiff's physical condition and any complaints of injury.

Plaintiff raised the issue by timely letter to the Honorable Magistrate Judge and asked the Court to grant appropriate relief in connection with the spoliation. *See* DE #47. Defendants, including defendant Musa, declined to oppose the motion or to otherwise argue that they were not culpable for the destruction. Plaintiff's motion was then granted by order dated September 13, 2016. Notably, defendant Musa testified at his deposition that he had recently reviewed the missing prisoner pedigree form.

> Although a district court has broad discretion in crafting a proper sanction for spoliation, we have explained that the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine. The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment

on the party who wrongfully created the risk; and
(3) restore "the prejudiced party to the same position he
would have been in absent the wrongful destruction of
evidence by the opposing party."

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

Plaintiff respectfully submits that the appropriate sanction here is an adverse
inference, which would instruct the jury that the documents were lost culpably, and that the
jury may conclude that the contents of the documents would have supported plaintiff's
allegations in this case, i.e. that his injury was caused by the excessive force of defendant
Musa and/or undermined any position taken by the defendant in defense of plaintiff's claim.
Plaintiff respectfully submits that such a permissive adverse inference "will satisfy both the
punitive and remedial purposes of adverse inference sanctions by punishing [the defendant]
for [his] culpable destruction of the evidence and by restoring the 'prejudiced party to the
same position ... that [he] would have held if there had been no spoliation." *Henkel Corp. v.
Polyglass USA, Inc.,* 194 F.R.D. 454, 457 (E.D.N.Y. 2000).

## POINT II

### HEARSAY STATEMENTS REGARDING PLAINTIFF'S CONDUCT PRIOR TO ARREST SHOULD BE PRECLUDED, ALONG WITH ANY MENTION OF THE ARREST CHARGES, WHICH WERE LATER DISMISSED

"It is well established that entries in a police report which result from the officer's
own observations and knowledge may be admitted *but that statements made by third persons*

*under no business duty to report may not.*" *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d

Cir. 1991) (citation and quotation marks omitted) (emphasis in original).

Here, the narrative portion of the arrest report states:

> AT T/P/O C/V STATES THAT DEFENDANT WAS
> INTOXICATED AND WAS REFUSED SERVICE. C/V
> STATES THAT DEFENDANT BECAME ANGRY AND
> DID STRIKE C/V IN MOUTH WITH AN OPEN HAND
> CAUSING PAIN, DISCOMFORT AND REDNESS TO
> MOUTH. C/V STATES THAT DEFENDANT THEN
> STARTED THROWNG ICE AND BOTTLES BEHIND
> BAR. C/V R/M/A ON SCENE.

Since plaintiff is not challenging probable cause, these statements could be offered for

no purpose other than the truth. Moreover, the declarant was not properly disclosed and

should be precluded from testifying should defendants seek to list him as a witness at this

time. *See* Point V, *infra*. Moreover, any mention of the unsubstantiated arrest charges –

which were later dismissed in their entirety – misdemeanor assault and violation-level

harassment, would be highly prejudicial to the plaintiff in the context of this case and would

serve no other purpose but to confuse the jury, given that the validity of plaintiff's arrest is

not at issue here. Accordingly, such hearsay should be excised and redacted from the arrest

report and anywhere they may appear among the trial evidence, along with the charges

themselves.

## POINT III

## DEFENDANT SHOULD BE PRECLUDED FROM CALLING THE COMPLAINANT PURSUANT TO FED. R. CIV. P. 37(C)(1)

Discovery in this case closed on August 30, 2016. At no time prior to that date (or afterward) did the defendant ever designate the complainant as a witness with knowledge pursuant to Rule 26(a)(1)(A)(i) or provide the subject of his knowledge. Plaintiff does not yet know whether the defendant has any intention of calling him as a witness at trial, but respectfully submits this motion prophylactically and in an abundance of caution.

Pursuant to FED. R. CIV. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006), the Second Circuit held that the relevant factors to consider are: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id*. at 117 (citing *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (internal quotation omitted)).

Following the holding in *Paterson* numerous courts have excluded testimony of belatedly identified witnesses. *See*, *e.g.*, *Haas v. Delaware and Hudson Ry. Co.*, 282 Fed.

-6-

App'x 84 (2d Cir. 2008) (upholding a grant of summary judgment where District Court struck an affidavit submitted in opposition where the plaintiff failed to comply with Rule 26); *Serin v. Northern Leasing Systems, Inc.*, 06 CV 1625 (JSG), 2010 WL 6501661 (S.D.N.Y. Oct. 26, 2010) (precluding witnesses from testifying at trial); *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*, 08 CV 2540 (DLI) (JMA), 2011 WL 1239867 (E.D.N.Y. March 30, 2011) (precluding party from supplementing its damages claim even though party might be denied any recovery as a result).

In this instance, the defendant can offer no explanation as to why this individual was never identified as a potential trial witness during the past approximately five years of litigation, depriving plaintiff of any fair notice or opportunity to depose him or meet his testimony. Therefore, the defendant has failed to satisfy the first *Patterson* factor. *See Patterson*, 440 F.3d at 13 (first factor unsatisfied where newly-assigned counsel claimed to be unaware of witness disclosed three weeks late).

As to the second factor, in the absence of any dispute about the propriety of the arrest, the complainant can offer no relevant testimony and could only serve to unfairly prejudice Mr. Cortes. *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) (finding that even where the second factor weighed against exclusion, "all of the other factors weigh heavily in favor of exclusion").

With respect to the third factor, defendant's failure to identify this individual as a potential trial witness or provide the subject of his knowledge is highly prejudicial to plaintiff. Had plaintiff been made aware that this individual might be called to testify,

plaintiff would have sought to depose him. The deposition would have allowed plaintiff the opportunity to, *inter alia*, test the witness's recollection, credibility and veracity. *Patterson*, 440 F.3d at 13 (prejudice found where four witnesses' identities were disclosed "unaccompanied by any information concerning the nature of their testimony" ten days prior to trial).

The last factor the Court considers is the possibility of a continuance. Such a remedy will only inure to the benefit of the defendant, who conducted no discovery and would welcome any further delay of the trial. *See Great White Bear, LLC v. Mervyns, LLC*, 06-CV-13358 (RMB) (FM), 2008 WL 2220662, *6 (S.D.N.Y., May 27, 2008) ("GWB does not deserve such a further continuance…To allow additional time now would be unfair not only to Mervyns, but to the Court.").

For all of the above reasons, the defendant should be prohibited from calling the complainant as a trial witness.

## POINT IV

**DEFENDANT'S TRIAL SUBPOENA FOR PLAINTIFF'S UNRELATED WORKER'S COMPENSATION RECORDS SHOULD BE QUASHED, ANY RESPONSIVE RECORDS PRECLUDED, ALONG WITH ANY MENTION OF THE CLAIM OR INJURIES**

Plaintiff testified at his deposition in March 2016 that he made a Worker's Compensation claim regarding an injury to his knees. Following the deposition, no effort was made by defense counsel to seek or obtain the underlying records (discovery demands

were never served by the defense) and discovery then closed. Indeed, had defendants made such a request during discovery, plaintiff would have objected on relevance grounds and sought a protective order, if necessary, given that plaintiff is not claiming any injury to his knees in this case.

Yesterday, defense counsel e-mailed plaintiff's counsel a subpoena *duces tecum* seeking plaintiff's Worker's Compensation records, purporting to provide Rule 45 notice that the subpoena would be served upon the New York State Worker's Compensation Board.

This situation is identical to that presented by *Revander v. Denman*, 00 CV 1810 (RJH), 2004 WL 97693 (S.D.N.Y. Jan. 21, 2004), where the Court declined to issue belatedly-requested subpoenas, noting that "when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." (quoting *McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N.Y. 1995)). As in *Revander*, this Honorable Court should quash the subpoena and preclude any documents received in response to it, pursuant to Fed. R. Civ. P. 26, 34 and 45 (and Fed. R. Evid. 401-403). Plaintiff also submits that defendants should be precluded from any mention whatsoever of the unrelated claim and/or unrelated injuries.

## POINT V

## ANY MENTION OF PLAINTIFF'S SUMMONS/ARREST OVER FIFTEEN YEARS AGO SHOULD BE PRECLUDED

At his deposition, plaintiff testified that he was arrested and issued a summons prior to 2004, which was later dismissed. Especially given the absence of a false arrest claim here, there can be no colorable argument for admission of this prejudicial and irrelevant fact.

The only possible purpose for admitting this evidence is to encourage the jury to make the impermissible inference that if Mr. Cortes was arrested on a prior occasion, he must have a criminal propensity. As such, it is impermissible character evidence explicitly prohibited by Rule 404, and is further prohibited by Rule 403 since the danger of unfair prejudice would substantially outweigh any probative value of the evidence.

Moreover, this evidence cannot be used to impeach Mr. Cortes. Arrests that have not resulted in convictions are not admissible under Rule 609 or 608(b). *See Stephen v. Hanley*, 03 CV 6226 (KAM) (LB), 2009 WL 1471180, *8 (E.D.N.Y. May 21, 2009) ("The court finds that these unproven charges and prior arrests are inadmissible for impeachment purposes."); *Daniels v. Loizzo*, 986 F.Supp. 245, 252 (S.D.N.Y. 1997) (holding that plaintiff's arrests that did not result in convictions were inadmissible under Fed. R. Evid. 608(b)) (citing *Michelson v. United States*, 335 U.S. 469, 482, (1948) ("[a]rrest without more does not ... impeach the integrity or impair the credibility of a witness….Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness.")). Mr. Cortes's remote prior arrest has no bearing on any of the issues in this case, is irrelevant and

its admission would be unduly prejudicial. Accordingly, any mention of it should be precluded.

**POINT VI**

**PLAINTIFF SHOULD BE PERMITTED TO EXAMINE THE OFFICER WITNESSES THROUGH THE USE OF LEADING QUESTIONS**

In his case-in-chief, plaintiff intends to call several non-party witnesses who observed and/or documented his physical condition while in the custody of the police department.

Rule 611 of the Federal Rules of Evidence provides, in relevant part, as follows:

> (c) Leading Questions. Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
>
> (1) on cross-examination; and
> (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.

Sound reason exists to permit plaintiff to examine these law enforcement witnesses through the use of leading questions. As the Hon. Jack B. Weinstein has noted, three reasons have historically been given in favor of requiring non-leading questions on direct examination: "First, that the witness is presumed to have a bias in favor of the party calling him; secondly, that the party calling a witness, knowing what that witness may prove, might by leading bring out only that portion of the witness' story favorable to his own case; and thirdly, that a witness, intending to be entirely fair and honest might assent to a leading question which did not express his real meaning." Weinstein's Federal Evidence § 611.06, at 4-611 (citation and footnote omitted). None of these rationales apply to these witnesses,

-11-

who were members of the NYPD at the time of plaintiff's injury and who prepared related paperwork.

We have every reason to believe that the law enforcement witnesses will side with their fellow member of the NYPD, defendant Musa. As Judge Weinstein has recognized, "[t]he prohibition against leading is inapplicable to hostile or biased witnesses, or to witnesses who sympathize with the opponent's cause or are unwilling for any other reason to reveal what they know." *Id. See Bixby v. KBR, Inc.*, 09 CV 632, 2012 U.S. Dist. LEXIS 143807, *11 (D. Or. Oct. 4, 2012) ("I interpret the phrase 'a witness identified with an adverse party' as referring to a witness whose relationship to an opposing party is such that the witness' interests vis-a-vis the litigation proceedings in which the witness' testimony is offered can reasonably be expected, under all the applicable circumstances, to be either identical to those of the adverse party or, at minimum, both closely aligned with those of the adverse party and of comparable significance.") (relying on *Chonich v. Wayne County Community College*, 874 F.2d 359, 368 (6th Cir. 1989), and *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984)). Accordingly, Mr. Cortes should be able to examine the law enforcement witnesses through the use of leading questions.

## POINT VII

## DEFENDANT SHOULD BE PRECLUDED FROM OFFERING ANY ALTERNATIVE CAUSE FOR PLAINTIFF'S SHOULDER INJURY

"[W]here an injury has multiple potential etiologies, expert testimony is necessary to establish causation." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (citation omitted). Here, plaintiff will offer competent expert testimony from a board-certified orthopedist that plaintiff's rotator cuff injury is causally connected, to a reasonable degree of medical certainty, with the mechanism of injury plaintiff alleges. The defendant has not designated an expert, examined plaintiff or deposed plaintiff's experts. Moreover, any argument that plaintiff injured his shoulder prior to his arrest (or otherwise) would amount to rank speculation derived from inadmissible hearsay. *See* Point III, *infra*. Accordingly, the defendant should be precluded from arguing alternative causation.

## POINT VIII

## TESTIMONY OR EVIDENCE REGARDING AWARDS OR COMMENDATIONS THE DEFENDANT OR NON-PARTY WITNESSES RECEIVED DURING THE COURSE OF THEIR EMPLOYMENT AS LAW ENFORCEMENT OFFICERS SHOULD BE PRECLUDED

In police misconduct trials, law enforcement officers, whether testifying as defendants or non-party witnesses, frequently attempt to discuss awards and commendations that they have received throughout their career relating to acts of bravery, valor, etc. Because such testimony is irrelevant to any issue at trial, represents impermissible propensity evidence in

violation of Rules 404(b) of the Federal Rules of Evidence, is inadmissible hearsay and otherwise unduly prejudicial, Mr. Cortes respectfully seeks an order precluding the defendant, and any law enforcement witnesses, from presenting such evidence.

Whether the individual defendant or non-party law enforcement officers received commendations in the past has no relevance on whether excessive force was used against Gonzalo Cortes on July 1, 2013. In fact, the sole purpose of presenting such testimony in police misconduct litigation is to convince the jury that the law enforcement officers are heroes who put their life on the line to protect the citizenry and, as a result, more trustworthy. This purpose, however, constitutes impermissible propensity evidence. *See* Fed. R. Evid. 404(b). As mentioned, it is also inadmissible hearsay, whose non-existent probative value is necessarily and substantially outweighed by its danger of unfair prejudice. *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (in criminal prosecution for conspiracy to commit mail fraud and perjury, among other things, appropriate to exclude evidence of commendations as impermissible opinion evidence and inadmissible hearsay). *See also United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (commendations not admissible under Fed. R. Evid. 404(a)(l), 405(a) or 405(b)).

<u>POINT IX</u>

## THE JURY SHOULD DETERMINE AT THE SAME TIME WHETHER PUNITIVE DAMAGES ARE APPROPRIATE AGAINST THE DEFENDANT AND, IF SO, THE AMOUNT OF PUNITIVE DAMAGES

Mr. Cortes requests that the issue of whether he is entitled to an award of punitive damages against the individual defendant and, if so, the amount of punitive damages, be presented to the jury for its consideration during its initial deliberations.

While the Second Circuit has previously indicated that generally bifurcating the jury's consideration of the amount of punitive damages to be awarded is appropriate because "[p]unitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case," *Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991), the City has conceded in prior litigation that it always indemnifies police officers it represents when punitive damages are awarded against them. As discussed below, the City's decision to indemnify its police officers renders any evidence of the police officers' financial ability to pay irrelevant; thus, there is no reason to bifurcate this issue.

In actions brought pursuant to 42 U.S.C. § 1983, it has traditionally been appropriate to have the jury consider a police officer's financial condition when considering the amount of punitive damages to assess. It is the officer's obligation to present evidence regarding his or her limited financial state if he or she wants the jury to consider this evidence. *Provost v. City of Newburgh*, 262 F.3d 146, 163 (2d Cir. 2001) (quotation

omitted). In the situation presented here, however, where the City indemnifies its officers in the case of punitive damages awards, the Second Circuit has made clear that a plaintiff is permitted to present evidence of the fact of indemnification. *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997). As the *Mathie* Court wrote:

> [a]lthough we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded. It would be entirely inappropriate for a defendant to raise the issue of his limited financial resources if there existed an indemnity agreement placing the burden of paying the award on someone else's shoulders. See *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) ("The defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab.").

*Id.* at 816 (emphasis in original). *See also Dallas v. Goldberg*, No. 95 CV 9076, 2002 U.S. Dist. LEXIS 8829, *14-15 (S.D.N.Y. May 20, 2002) (Swain, J.) ("[t]he uncertainty of indemnification here is not an appropriate ground for preclusion of the evidence proffered by Plaintiff, if such evidence is presented in rebuttal to an argument for reduction of an otherwise appropriate punitive damages award").

As a result of the City's indemnification of officers in the event of an award of punitive damages, there is no need for the defendant officers to provide information about his or her financial ability to pay an award of punitive damages – since an officer's ability to pay is irrelevant if the City indemnifies. With this otherwise irrelevant evidence removed

from the picture, the focus of the jury's decision to award punitive damages concerns the actions of the officers and the need to deter other police officers. Equally important, if the jury decides that an award of punitive damages is appropriate, then there is no reason to delay its determination of the amount of those damages – it should not have to be impaneled anew to consider additional evidence, since there is no additional evidence which is relevant. This is especially so since plaintiff will not elicit from the officer any evidence regarding his financial resources.[1]

## POINT X

### TO ASSIST THE JURY, PLAINTIFF SHOULD BE PERMITTED TO PRESENT A PORTION OF HIS TESTIMONY IN ENGLISH

While Mr. Cortes speaks Spanish natively, portions of his testimony will be more properly presented in English, including his interaction with defendant Musa. If it should please the Court, Mr. Cortes requests leave to present some of his direct testimony in English.

## POINT XI

### GIVEN THE FACTS OF THIS CASE, THE JURY SHOULD NOT BE CHARGED ON NOMINAL DAMAGES

Mr. Cortes alleges, with the support of medical evidence, that the force used against him resulted in the serious bodily injury he alleges. The defendant denies the incident

---

[1] If the Court permits the defendant to present evidence of his ability to pay punitive damages, then plaintiff will seek to introduce evidence of the City's actual indemnification practice, as evidenced by interrogatory responses.

occurred and claims he never used force. Under these circumstances, it would constitute error to charge the jury on nominal damages.

In *Wheatley v. Beetar*, the Second Circuit considered an appeal following a trial in which "[t]he jury specifically found that Wheatley had been the victim of an unconstitutional use of force despite testimony from police officers that no force whatsoever had been used." 637 F.2d 863, 865 (2d Cir. 1980). The Second Circuit reversed the trial court and ordered a new trial:

> Reviewing the evidence on damages in this case and drawing all factual inferences in favor of the appellees as we must, we conclude that in light of the jury's verdict on liability the evidence mandates an award of more than nominal damages. It was error to charge the jury that an award of nominal damages was permissible and an abuse of discretion not to set it aside.

*Id.*

Here, plaintiff respectfully submits that it would be impossible for a rational jury to credit plaintiff's account on the question of liability and not award compensatory damages. Accordingly, plaintiff respectfully that the jury instructions and verdict sheet reflect avoid any mention of nominal damages.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff respectfully requests that his *in limine* motions be granted in their entirety, and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       January 17, 2019

**Elefterakis, Elefterakis & Panek**

_____

Gabriel P. Harvis<br>
80 Pine Street, 38th Floor<br>
New York, New York 10005<br>
(212) 532-1116<br>
gharvis@eeplaw.com

*Attorneys for plaintiff*