eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
JORDAN JODRÉ*
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT

KRISTEN PERRY – CONIGLIARO
NICOLE BRENECKI
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
STEPHEN KAHN
EVAN M. LA PENNA
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND

*Also Admitted In New Jersey

**ELEFTERAKIS ELEFTERAKIS & PANEK**

January 24, 2019

<u>BY ECF</u>
Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

Re: *Cortes v. City of New York, et al.*, 14 CV 3014 (LDH) (RML)

Your Honor:

I represent plaintiff in the above-referenced civil rights action. I write pursuant to the Court's instructions at the Final Pre-Trial Conference yesterday and the minute entry of earlier today to respectfully provide supplemental briefing on the open issues.

Initially, plaintiff respectfully offers his gratitude to the Court for granting the parties' request to adjourn the trial.

### Plaintiff's Proposed Adverse Inference Language

After conferring, the parties were unable to agree as to stipulated language regarding the spoliated documents. If it should please the Court, plaintiff respectfully proposes the following language:

> Two documents relevant to this case were lost, the prisoner pedigree form and central booking medical screening form. I instruct you that you may conclude that the prisoner pedigree form would have reflected that, at the time of his arrest, Mr. Cortes stated he had no injuries and that no injuries were observed by the arresting officer. I further instruct you that you may conclude that the central booking

Hon. LaShann DeArcy Hall
Jan. 24, 2019

>  medical screening form would have reflected that, at the time he arrived at central booking, Mr. Cortes reported that his shoulder was injured by a police officer in the precinct while he was being taken to the bathroom.

**The Sprint Report is Irrelevant, Confusing, Prejudicial Hearsay**

As the Court may recall, the audio from the 911 calls is unavailable, and defendant seeks to offer the "Sprint Report" of those calls, bearing Bates Stamp numbers Def112-115. The Sprint Report is annexed as an exhibit to defendant's letter filed earlier this evening. The document is coded and there is no witness designated on the Joint Pre-Trial Order to interpret it for the jury. The document would appear to contain the following statements:

> Statement #1:   UNK COND ANON MC ASKING FOR POLICE TO LOC DIFFICULT TO HEAR LOUD MUSIC PLAYING IN BACKGROUND NFI LINE DISCONNECTS
>
> Statement #2:   ANOTHER CALL MC IS HYSTRICAL --- UNABLE TO UNDER STAND MC---STS LOC ROOSEVELT AVE
>
> Statement #3:   NO WPNS N INJS..PERP MH WRNG WHT SHIRT..IRATE..THROWING ITEMS AROUND LOCATION..HIT BARTENDER IN THE FACE…WANTS ML REMOVED FROM LOC..SMC PETER…

There is no question that these statements, offered for the truth, constitute hearsay and that the declarant, whoever it was, will not testify. Under these circumstances, the defendant bears a heavy burden to establish the identity of the declarant and that the statements are based on first-hand knowledge as required. *See United States v. Chen Kuo*, 10 CR 671 S-1 (KAM), 2011 WL 145471, *5 (E.D.N.Y. Jan. 18, 2011) ("Where a witness is unavailable, courts are reluctant to rely [on] only the declaration itself as proof of knowledge.); *id.* (citing *United States v. Padilla*, S1 94 CR 313 (CSH), 1995 WL 261513, *5 (S.D.N.Y. May 3, 1995) for the proposition that "when [the] declarant is unidentifiable and unavailable, the burden to establish proof of knowledge is great"). Here, there is no indication in the statements themselves that they were based on first-hand knowledge (e.g. "I saw") or that they were not, for example, hearsay statements relayed from yet another unkown declarant.

Indeed, the reliability of the statements and any notion that they refer to Mr. Cortes (as defendant appears to suggest) is dramatically undercut by the undisputed fact that Mr. Cortes was, according to police paperwork, wearing a blue – and not white – shirt:



*Excerpt of Arrest Report*

Hearsay concerns aside, this document is irrelevant and confusing, inviting a trial within a trial about its meaning and frustrating the Court's ruling that information regarding the arrest be limited to the agreed-upon language, i.e. that the arrest was lawful and the charges dismissed. The admission of these statements would also contravene the spirit of the Court's ruling excluding similar hearsay from the arrest report, a ruling to which defendant consented. On balance, the prejudicial document lacks sufficient indicia of reliability and defendant cannot sustain his heavy burden to establish any hearsay exception.

Lastly, plaintiff takes issue with defendant's conclusory, and inaccurate, statement in his supplemental briefing on this issue that the calls in the Sprint Report were somehow "determined to be connected to the incident involving plaintiff at Friend's Tavern." Def. Ltr. at p. 2. In point of fact, as set forth above, there is substantial controversy regarding who made these statements and to what and whom they pertain.

**Plaintiff's Treating Physicians Should be Permitted to Testify as to Causation**

"Courts in this Circuit…have regularly held that treating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report." *Williams v. Regus Mgmt. Grp., LLC*, 10 CV 8987 (JMF), 2012 WL

Hon. LaShann DeArcy Hall
Jan. 24, 2019

1711378, *3 (S.D.N.Y. May 11, 2012); *accord Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y. 1995) ("[A] treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries.... Accordingly, questioning these physicians as to whether the injuries...can be causally related to the accident would appear to be within the scope of the patient's care and treatment.").

  Here, plaintiff seeks to call the physician currently treating his shoulder injuries, Dr. Capiola, and the surgeon, Dr. Quach, who performed the first surgery on plaintiff's shoulder. Both doctors appear as plaintiff's witnesses on the Joint Pre-Trial Order and defendant has ample notice in advance of the October 2019 trial date that they will be offered on the issue of causation.[1] Moreover, the underlying records have been exchanged. The treatment records indicate that plaintiff had no prior shoulder injuries, presented complaints of injury by police officers and that the treatment rendered was consistent with the reported mechanism of injury. No other causes or contributing factors are noted or suspected. Plaintiff will provide any such further information as is necessary to resolve defendant's purported concerns to the extent permitted by the recent order adjourning the trial. Accordingly, these two treating physicians should be permitted to testify as to causation. *See Romanelli v. Long Island R. Co.*, 898 F. Supp. 2d 626, 631 (S.D.N.Y. 2012) (admitting causation testimony by treating physicians).

### The Issue of the Admissibility of the Stein Report is Moot at This Juncture

  If it should please the Court, the parties understand the Court's order of earlier today to mean that the admissibility of the existing Stein report is moot given the adjournment, and that any issues surrounding the admissibility of expert reports will be addressed following the parties' exchange of new expert reports.

  Thank you for your attention to this matter.

          Respectfully submitted,

          Gabriel P. Harvis

cc: All Counsel

---

[1] Plaintiff also previously designated Dr. Capiola as a testifying expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) on October 15, 2018.