I.    **Caption:**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

Gonzalo Cortes,                                    14 CV 3014 (LDH) (RML)

                          Plaintiff,

                                                   **JOINT PRETRIAL ORDER**

           -against-

Police Officer CHRISTOPHER MUSA, Shield No. 9064,

                          Defendant.
------------------------------------------------------------------x

II.   **Parties and Counsel:**

      Attorneys for Plaintiff Gonzalo Cortes:

      [NAME OF TRIAL COUNSEL]
      Elefterakis, Elefterakis & Panek
      80 Pine Street, 38th Floor
      New York, New York 10005
      Office: 212-532-1116
      Fax: 212-532-1176


      Attorneys for Defendant Christopher Musa:

      Erin T. Ryan
      Assistant Corporation Counsel
      100 Church Street
      New York, New York 10007
      Tel: (212) 356-5056
      Fax: (212) 356-3509
      Email: eryan@law.nyc.gov

      Elissa B. Jacobs
      Senior Corporation Counsel
      100 Church Street
      New York, New York 10007
      Tel: (212) 356-3540
      Fax: (212) 356-3509
      Email: ejacobs@law.nyc.gov

III.    **Jurisdiction:**

*Plaintiff's Statement:*

Plaintiff brings this suit for the violation of his civil rights pursuant to 42 U.S.C. § 1983. This Court has jurisdiction of this action pursuant to 28 U.S.C §§ 1131 and 1343. Venue is properly laid as the events complained of occurred in Queens County, which lies within the Eastern District of New York.

*Defendant's Statement:*

Defendant does not dispute jurisdiction.

IV.    **Claims And Defenses:**

*Plaintiff's Claim:*

Plaintiff claims that defendant Christopher Musa used excessive force against him when taking him to the bathroom while plaintiff was in police custody, under arrest at the 115th Precinct. Accordingly, Christopher Musa violated the Fourth Amendment to the United States Constitution. Plaintiff also seeks to recover his legal fees and costs pursuant to 42 U.S.C. § 1988.

*Defendant's Defenses:*

Defendant Musa did not violate any rights, privileges or immunities under the Constitution or the laws of the United States, or the State of New York, or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

Defendants Musa did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and is therefore protected by qualified immunity.

Plaintiff failed to show that the defendant caused his injuries.

-2-

Plaintiff failed to mitigate damages.

Defendant's actions were not willful, wanton or malicious justifying the imposition of punitive damages.

Punitive damages cannot be assessed as against the individual defendant in his official capacities.

Plaintiff has failed to establish the personal involvement of the sole remaining defendant which is a prerequisite to liability under Section 1983.

**V.      Damages:**

Plaintiff is seeking monetary compensation for the physical and emotional injury caused by defendant in an amount to be determined at trial. Plaintiff is also seeking punitive damages.

**VI.     Jury or Bench Trial:**

The trial will be by jury. It is anticipated that trial will require three days, exclusive of deliberations.

**VII.    Consent to Trial by a Magistrate Judge:**

The parties do not consent to a trial by a Magistrate Judge.

**VIII.   Stipulations:**

**A.      Stipulation to be Read to Jury Regarding Plaintiff's Arrest**

*Plaintiff:* Plaintiff has not stipulated to any facts

*Defendants:*

Defendant proposes the following stipulation: "Plaintiff was lawfully arrested on July 1 2013. The validity of plaintiff's July 1, 2013 arrest is not in dispute."

Plaintiff only consents to said stipulation if defendant consents to the following stipulation to be read in cohort:

"All charges and allegations against the plaintiff related to this arrest were later dismissed in favor of the plaintiff. The favorable dismissal of all charges against the plaintiff is not in dispute."

## IX.   Witnesses:

Plaintiff intends to call the following witnesses at trial:

| Witness | Description | Address | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|
| Plaintiff Gonzalo Cortes | Witness will testify about his personal background, his physical condition at the time of his arrest the facts and circumstances surrounding his arrest and the use of excessive force by defendant against him, as well as his injuries and damages. | 34-05 34th Street, Queens, New York, 11106 | None. | None. |
| Defendant Sergeant Christopher Musa | Witness will testify about the facts and circumstances surrounding the events of July 1, 2013 as they pertain to the events complained of by plaintiff after entering the 115th Precinct. | c/o Corporation Counsel, 100 Church Street, New York, New York, 10007 | None. | None. |

| | | | | |
|---|---|---|---|---|
| Trooper Matthew Smith | Witness will testify about the arrest of the plaintiff as well as the facts and circumstances surrounding the events of July 1, 2013 as they pertain to the events complained of by plaintiff after entering the 115th Precinct. | c/o Corporation Counsel, 100 Church Street, New York, New York, 10007 | Irrelevant/ Cumulative/ Prejudicial, as discussed in defendant's Motions *in limine*. | Relevant as set forth in plaintiff's opposition to defendant's Motions *in limine*. |
| Dionner Espiritu – FDNY EMT | Witness will testify concerning the initial medical treatment of plaintiff at the 115th precinct, as well as the business records created in conjunction therewith. | 9 Metrotech Center, Brooklyn, New York 11201 | Irrelevant/ Cumulative, as discussed in defendant's Motions *in limine*. | Relevant as set forth in plaintiff's opposition to defendant's Motions *in limine*. |
| Sandra Butler - FDNY EMT | Witness will testify concerning the initial medical treatment of plaintiff at the 115th precinct, as well as the business records created in conjunction therewith. | 9 Metrotech Center, Brooklyn, New York 11201 | Irrelevant/ Cumulative, as discussed in defendant's Motions *in limine*. | Relevant as set forth in plaintiff's opposition to defendant's Motions *in limine*. |
| Sergeant Stephen Daly | Witness will testify about the facts and circumstances surrounding the events of July 1, 2013 as they pertain to the events complained of by plaintiff after entering the 115th Precinct. Witness will explain the function of a 'Desk Sergeant' and explain documentary evidence. | c/o Corporation Counsel, 100 Church Street, New York, New York, 10007 | Irrelevant/ Cumulative/ Prejudicial, as discussed in defendant's Motions *in limine*. | Relevant as set forth in plaintiff's opposition to defendant's Motions *in limine*. |

| | | | |
|---|---|---|---|
| Officer Furqan Sadiq | Witness will testify about the facts and circumstances surrounding the events of July 1, 2013 as they pertain to the events complained of by plaintiff after entering the 115th Precinct as well as his escorting the plaintiff for medical treatment. | c/o Corporation Counsel, 100 Church Street, New York, New York, 10007 | Irrelevant/ Cumulative, as discussed in defendant's Motions *in limine*. | Relevant as set forth in plaintiff's opposition to defendant's Motions *in limine*. |
| Dr. David Capiola - Treating Orthopedic Surgeon | Witness will testify about medical anatomy, medical records, causation, diagnosis, prognosis and treatment rendered to plaintiff. | 39 East 69th Street, New York, NY 10065 | Dr. Capiola cannot testify as to causation since plaintiff failed to designate him as an expert in accordance with F.R.C.P 26(a)(2). | As set forth in Romanelli v. Long Island R. Co., 898 F. Supp. 2d 626, 631 (S.D.N.Y. 2012), a treating physician can testify regarding causation without the obligation to submit an expert report. |

| | | | | |
|---|---|---|---|---|
| Dr. Tony Quach-<br><br>Treating Orthopedic Surgeon | Witness will testify about medical anatomy, medical records, causation, diagnosis, prognosis and treatment rendered to plaintiff. | 72-06 Northern Blvd., 2nd Floor, Flushing New York, 11354 | Dr. Quach cannot testify as to causation since plaintiff failed to designate him as an expert in accordance with F.R.C.P 26(a)(2). | As set forth in <u>Romanelli v. Long Island R. Co.</u>, 898 F. Supp. 2d 626, 631 (S.D.N.Y. 2012), a treating physician can testify regarding causation without the obligation to submit an expert report. |
| Dr. Drew Stein | Witness will testify about medical anatomy, medical records, causation, diagnosis, prognosis and treatment rendered to plaintiff. | | To the extent Dr. Stein may testify (<u>See</u> defendant's Motions *in Limine*), his testimony should be limited to only that information contained in his expert report. | Dr. Stein may, as an expert witness, testify to matters within his field of expertise as an orthopedic surgeon and offer relevant testimony in support of his report and opinions contained therein. |

Defendants intend to call the following witnesses at trial:[1]

| Witness | Description | Address | Plaintiff's Objections | Defendant's Response |
|---|---|---|---|---|
| Defendant Sergeant Christopher Musa | Witness will testify about the facts and circumstances of the night of July 1, 2013 during which plaintiff claims he was subjected to excessive force. | c/o Corporation Counsel, 100 Church Street, New York, New York, 10007 | None. | |
| Trooper Matthew Smith | Witness will testify about the facts and circumstances of his interactions with plaintiff on July 1, 2013 during which plaintiff claims he was subjected to excessive force. | c/o Corporation Counsel, 100 Church Street, New York, New York, 10007 | None. | |
| Dr. Herbert Sherry | Witness will testify about medical records, causation, diagnosis, prognosis and treatment rendered to plaintiff | | | |

**X.    Deposition Designation:**

*Plaintiff's designations:*

1.         Christopher Musa (video deposition)[2];

2.   Plaintiff respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and Federal Rules of Civil

---

[1] Defendant reserve his right to call any and all of plaintiff's witnesses listed above. Plaintiff likewise reserves his right to call any of defendant's witnesses.

[2] Defendant objects to plaintiff designating Sergeant Musa's video deposition testimony as he will be present to testify in person.

Procedure should it become necessary, including, but not limited to, for impeachment.

*Defendants' designations:*

Defendants are not designating any prior sworn testimony for their case in chief, but respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment.

**XI.** **Exhibits:**

Plaintiff intends to introduce the following exhibits at trial:[3]

| # | Exhibit | Defendants' Objections | Plaintiff's Response |
|---|---------|------------------------|----------------------|
| 1 | Arrest Report for Plaintiff, dated July 1, 2013, D3-4<br><br>*Portions to be redacted for inadmissible hearsay. | None. | |
| 2 | Photographs depicting interior of 115th Precinct (17) | Cumulative, as plaintiff can limit this to five as opposed to 17 photographs. | Plaintiff will use those photographs necessary to prove his case and demonstrate the layout of the 115th Precinct. |

---

[3] Plaintiff reserves the right to designate additional exhibits, including impeachment exhibits.

| | | | |
|---|---|---|---|
| 3 | Medical Treatment of Prisoner Form 1 – D211 | Hearsay; relevancy; prejudicial, as discussed in Defendant's Motions *in Limine*. | Speaks to plaintiff's physical condition and goes directly to the credibility of the police officers who prepared the report, who are testifying as non-party witnesses in support of Musa. |
| 4 | Medical Treatment of Prisoner Form II – D258 | Hearsay; relevancy; prejudicial, as discussed in Defendant's Motions *in Limine*. | Speaks to plaintiff's physical condition and goes directly to the credibility of the police officers who prepared the report, who are testifying as non-party witnesses in support of Musa. |
| 5 | Memo Book of Matthew Smith – D205-210<br><br>*Portions to be redacted for inadmissible hearsay. | Relevancy; cumulative since the witness will be testifying in person. | Speaks to the credibility of the witness. |

| | | | |
|---|---|---|---|
| 6 | 115th Command Log for July 1, 2013 – D41-47 | Hearsay; relevancy; prejudicial, as discussed in Defendant's Motions *in Limine*. | Speaks to plaintiff's physical condition and goes directly to the credibility of the police officers who prepared the document, who are testifying as non-party witnesses in support of Musa. |
| 7 | FDNY Prehospital Care Summary Report dated July 1, 2013 – P31-32 | Objection to the extent the document contains hearsay. | Plaintiff is willing to confer over specific hearsay objections. |
| 8 | Sprint Report for Ambulance dated July 1, 2013- D196-197 | Since plaintiff's deliberate indifference to medical needs claim has been dismissed this document is irrelevant; confusing; will not aid the trier of fact in determining whether excessive force was used against plaintiff or not. | Speaks to the credibility of non-party witnesses who are testifying in support of defendant Musa. |

| | | | |
|---|---|---|---|
| 9 | Elmhurst Hospital Care Medical Records P20-30 | Objection to the extent the document contains hearsay. | Plaintiff is willing to confer over specific hearsay objections. |
| 10 | Queens Health Center Medical Records – P34-162, 233-294 | Objection to the extent the document contains hearsay. | Plaintiff is willing to confer over specific hearsay objections. |
| 11 | New York Hospital of Queens Medical Records – P162-232 | Objection to the extent the document contains hearsay. | Plaintiff is willing to confer over specific hearsay objections. |
| 12 | Dr. Nadezhda Badalova Medical Records P300-307 | Objection to the extent the document contains hearsay; authenticity. | Plaintiff is willing to confer over specific hearsay objections. |

| | | | |
|---|---|---|---|
| 13 | Dr. David Capiola Medical Records P365-380 | Objection to the extent the document contains hearsay. | Plaintiff is willing to confer over specific hearsay objections. |
| 14 | Dr. Jean Paul Toussant medical Records P382-386 | Objection to the extent the document contains hearsay; authenticity | Plaintiff is willing to confer over specific hearsay objections. |
| 15 | Dr. Tony Quach Medical Records P 162-232 | Objection to the extent the document contains hearsay | Plaintiff is willing to confer over specific hearsay objections. |
| 16 | Dr. Aruna Senevirante Medical Records P 310-364 | Objection to the extent the document contains hearsay, authenticity | Plaintiff is willing to confer over specific hearsay objections. |

| | | | |
|---|---|---|---|
| 17 | MRI Films on CD | Objection to the extent the document contains hearsay | Plaintiff is willing to confer over specific hearsay objections. |
| 18 | Photographs of plaintiff's injuries – P12 | None | . |
| 19 | Medical Illustrations of Plaintiff's Surgical Procedures | Defendant objects to this illustration as it was never produced during discovery in accordance with F.R.C.P 26(a). Defendant also objects on the grounds of authenticity and a lack of foundation.  Defendant reserves to right to interpose further objections once he has been provided with the proposed exhibit. | To be used for demonstrative purposes, to assist the jury in understanding the cause and extent of plaintiff's physical injuries and medical treatment, after a proper foundation is laid by a qualified witness. |

| | | | |
|---|---|---|---|
| 20 | Medical Illustrations/3D Illustrations of the shoulder anatomy | Defendant objects to this illustration as it was never produced during discovery in accordance with F.R.C.P 26(a). Defendant also objects on the grounds of authenticity and a lack of foundation.  Defendant reserves to right to interpose further objections once he has been provided with the proposed exhibit. | To be used for demonstrative purposes, to assist the jury in understanding the cause and extent of plaintiff's physical injuries and medical treatment, after a proper foundation is laid by a qualified witness. |
| 21 | Anatomical Model of the shoulder | Defendant objects to this illustration as it was never produced during discovery in accordance with F.R.C.P 26(a). Defendant also objects on the grounds of authenticity and a lack of foundation.  Defendant reserves to right to interpose further objections once he has been provided with the proposed exhibit. | To be used for demonstrative purposes, to assist the jury in understanding the cause and extent of plaintiff's physical injuries and medical treatment, after a proper foundation is laid by a qualified witness. |
| 22 | Prisoner holding pen roster from July 1, 2013 | Relevancy, confusion, and to the extent this contains information related to non-party arrestees that may be sealed pursuant to C.P.L. 160.50 | This document is relevant to the sequence of events and defendant Musa's involvement in the disputed events. |

-15-

| | | | |
|---|---|---|---|
| 23 | Still frame photographs from Musa video deposition and Sadiq video deposition | Objection as these have never been produced, irrelevant, prejudicial as both individuals will be present and a still photograph of a video deposition is not a complete representation of the record. | The defendants were aware the depositions were videotaped and could and should have obtained the video. |
| 24 | Plaintiff hereby reserves his rights to move the medical charts of testifying treating physicians into evidence at the time of trial. At this time, plaintiff cannot state with certainty which, if any, testifying treating physicians will rely upon the chart maintained by their office at the time of trial. | Plaintiff did not produce these documents pursuant to F.R.C.P. 26(a).  In addition, pursuant to Your Honor's individual rules, "Except for good cause shown, only exhibits listed in the joint pre-trial order will be admitted into evidence."  These documents have not been properly identified pursuant to those rules and should be excluded. | |
| 25 | Supplemental Expert Report of Dr. Drew Stein dated March 7, 2019 | | |

| | | | |
|---|---|---|---|
| 26 | Intraoperative Photos from Plaintiff's Surgery on January 22, 2015 (P387-422) | | |
| 27 | Updated medical records concerning treatment of plaintiff's shoulder by Dr. Capiola | | |
| 28 | Expert Report of Dr. Herbert Sherry in the case of Marvin Simon | | |
| 29 | Expert Report of Dr. Herbert Sherry in the case of Celeste Gill | | |
| 30 | Expert Report of Dr. Herbert Sherry in the case of Somara Suarez | | |
| 31 | Expert Report of Dr. Herbert Sherry in the case of Sam Futersak | | |
| 32 | Expert Report of Dr. Herbert Sherry in the case of Manuel Emilio Gomez | | |

| | | | |
|---|---|---|---|
| 33 | Expert Report of Dr. Herbert Sherry in the case of Rigoberto Hernandez | | |
| 34 | Verdict Search of Dr. Herbert Sherry | | |
| 35 | Testimony of Dr. Herbert Sherry in the case of *Marcinak v. Technical Mechanical Services, Inc.* | | |
| 36 | Testimony of Dr. Herbert Sherry in the case of *Spatola v. One Bryant Park, LLC* | | |
| 37 | Testimony of Dr. Herbert Sherry in the case of *Tavares v. Mabstoa* | | |
| 38 | Testimony of Dr. Herbert Sherry in the case of *Bolduc v. Sheth* | | |
| 39 | Testimony of Dr. Herbert Sherry in the case of *Dichter v. Winadu* | | |
| 40 | Testimony of Dr. Herbert Sherry in the case of *Muir v. 119 Meat & Produce, Inc.* | | |

| | | | |
|---|---|---|---|
| 41 | Testimony of Dr. Herbert Sherry in the case of *Baez v. Silver* | | |
| 42 | Testimony of Dr. Herbert Sherry in the case of *Bonds v. N.Y.C. Housing Authority* | | |
| 43 | Testimony of Dr. Herbert Sherry in the case of *Breen v. 25 Broadway Office Properties, LLC* | | |
| 44 | Testimony of Dr. Herbert Sherry in the case of *Estevez v. USA* | | |
| 45 | Testimony of Dr. Herbert Sherry in the case of *Keaney v. NYC Board of Ed* | | |
| 46 | Affirmation of Dr. Herbert Sherry in the case of *Salandy v. Bryk* | | |
| 47 | Testimony of Dr. Herbert Sherry in the case of *Thorner v. Nenno* | | |
| 48 | Testimony of Dr. Herbert Sherry in the case of *Allen v. AWL* | | |
| 49 | Testimony of Dr. Herbert Sherry in the case of *Jackson v. Health Insurance Plan of Greater New York* | | |

| 50 | Testimony of Dr. Herbert Sherry in the case of *Walsh v. City of New York* | | |
| 51 | Testimony of Dr. Herbert Sherry in the case of *Tookes v. Port Authority* | | |
| 52 | Testimony of Dr. Herbert Sherry in the case of Jiang | | |
| 53 | Other sworn testimony/trial transcripts of Dr. Herbert Sherry | | |

Defendants intend to introduce and/or use the following exhibits at trial:[4] [5]

| # | Exhibit | Plaintiff's Objections | Defendants' Response |
|---|---------|------------------------|----------------------|
| A | Arrest Report of Plaintiff from July 1, 2013 | Hearsay, prejudicial, relevance. | Plaintiff's proposed redacted version would cure the hearsay and prejudicial concerns. |
| B | Complaint Report from July 1, 2013 | Hearsay, prejudicial, relevance. More specifically, see plaintiff's motion *in limine*. | Defendant is willing to confer over specific hearsay and prejudice objections. |
| C | Handwritten Aided Report from July 1, 2013 | Hearsay, prejudicial, relevance. More specifically, see plaintiff's motion *in limine*. | Defendant is willing to confer over specific hearsay and prejudice objections. |
| D | SPRINT report from July 1, 2013 | Unclear as to which SPRINT report this refers to. Hearsay, prejudicial, relevance. | The hearsay falls within the exception of F.R.E. 803(2) and 803(6).  To be addressed further in defendant's supplemental briefing. |

---

[4] Defendants reserve the right to designate additional exhibits, including impeachment exhibits.

[5] Defendants reserve the right to use and/or introduce any exhibits designated by plaintiff.

-20-

| | | | |
|---|---|---|---|
| E | Ambulance Call Report from July 1, 2013 | None. | |
| F | Academy photograph of Sergeant Musa **(Impeachment of plaintiff)** | Relevance, prejudicial, lacks probative value, lacks foundation and for those reasons set forth on the records previously in plaintiff's deposition by both the Court and plaintiff's counsel. | Speaks to the accuracy of plaintiff's recollection of the incident in question. |
| G | Criminal Court File, DEF 13-40 **(Impeachment of Plaintiff)** | Hearsay, irrelevant, prejudicial, improper impeachment material. More specifically, see plaintiff's motion *in limine*. | Defendant is willing to confer over specific hearsay and prejudice objections. |