14-CV-3014 (LDH) (RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GONZALO CORTES,

                                   Plaintiff,

-against-

POLICE OFFICER CHRISTOPHER MUSA,

                                   Defendant.

## DEFENDANT'S MOTIONS *IN LIMINE*

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Defendant*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Erin Teresa Ryan*
   *Tel: (212) 356-5056*

**PRELIMINARY STATEMENT**

In accordance with the applicable Federal Rules of Civil Procedure, the Federal Rules of Evidence, the local civil rules of the Eastern District of New York, and this Court's Individual Rules of Practice, defendant Sergeant Christopher Musa respectfully submits this further memorandum of law seeking the following relief *in limine*:[1] (i) Plaintiff should be preclude from introducing evidence or testimony related to exhibits that were previously excluded by the Court; a (ii) Plaintiff should be precluded from using evidence of defendant's expert's prior testimony as that testimony has not been provided to defendant as required by Your Honor's rules, and is not helpful to the jury and is confusing; and (iii) defendant reserve the right to file supplemental motions in limine with respect to any of plaintiff's proposed witnesses or exhibits.

**BRIEF FACTUAL BACKGROUND**

Plaintiff filed the Complaint on May 13, 2014, alleging violations of his federal constitutional rights arising out of an incident which occurred on July 1, 2013. See Complaint, ECF No. 1.[2] The current operative complaint, the Third Amended Complaint, was filed on June 13, 2016. See Amended Complaint, ECF No. 41. Plaintiff claims that he was unlawfully arrested by officers on that date and taken to the 115th Precinct. See Complaint, p. 5. He further alleges

---

[1] Defendant previously submitted his Motion *in Limine* on January 17, 2019. The Court ruled on those motions during a conference on January 23, 2019. Following that conference, the parties requested that the trial date be adjourned in order to allow for additional expert discovery. On January 2, the Court granted that motion, and set a new trial date and a new date for Motions *In Limine* solely related to expert discovery. See Order dated January 24, 2019. In accordance with that Order, defendant is not asking to reargue the previously decided motions. However, defendant retains the positions set out in those prior motions and his supplemental Motions *in Limine* dated January 24, 2019.

[2] For ease of reference, citations to electronically filed documents refer to ECF pagination.

that while in the precinct, he asked to use the bathroom and was "viciously assaulted,' causing injuries including a complete rupture of the rotator cuff in his right shoulder. See Complaint, p. 5.

By Order dated January 11, 2019, the Court granted defendants' partial motion for summary judgment and dismissed the City of New York, Sergeant Rzonca, Officer Smith, Officer Ruggiero, Officer Ryan, Officer Cestaro, Officer Shulz, Sergeant Daly, Officer Cappucia and Sergeant Rodeschin from the case. In addition, the Court dismissed the deliberate indifference claim against Officer (now Sergeant) Christopher Musa. See January 11, 2019 Order, ECF No. 59, p. 7. The sole remaining claim to be tried is plaintiff's alleged excessive force claim arising under 42 U.S.C. § 1983 against defendant Sergeant Musa.

## ARGUMENT

### POINT I

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE PREVIOUSLY EXCLUDED BY THE COURT**

Plaintiff's exhibit 26 is intraoperative photos from plaintiff's surgery that were previously excluded by the Court as they were not produced until January, 2019. In fact, at the final pre-trial conference, plaintiff admitted that there was no real reason why these photographs were not obtained during the course of discovery. Despite the Court's clear instruction that the only changes to the Joint Pre-Trial Order should be those relevant to the expert report, plaintiff has again inserted these documents into the JPTO in direct contravention of the Court's Order. The Court should, yet again, preclude these exhibits as they were not produced in a timely manner.

Plaintiff apparently believes that the fact that he showed these documents to his expert should allow him to introduce these photographs. Defendant, operating under the

instruction of the Court that no further changes would be allowed to the JPTO, did not believe these would be introduced to the Court and therefore, did not send them to his expert to review. Plaintiff apparently had no such concerns. Plaintiff apparently believes that, having been provided with these documents late, and after hearing that they were excluded, defendant was somehow "on notice" that these documents existed. This argument defies logic. The documents should be precluded and plaintiff's experts should be precluded from discussing them.[3]

## POINT II

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING POTENTIALLY IRRELEVANT AND CONFUSING EVIDENCE THAT HAS NOT BEEN PROVIDED TO DEFENDANT.**

Plaintiff's exhibits 28-52 are all documents relating to defendant's expert, Dr. Herbert Sherry. These include a "verdict search," expert reports from other cases and testimony from other cases in which Dr. Sherry was an expert. As an initial matter, defendant has not been provided with a copy of this intended impeachment material.[4] Therefore, defendant is unable to determine which of these documents may be proper impeachment material, and which may be irrelevant, confusing or cumulative pursuant to F.R.E. 402 and 403. For example, plaintiff's Exhibit 28 is a "verdict search" of Dr. Sherry. Not only is it unclear exactly what is meant by

---

[3] To the extent the Court is inclined to allow plaintiff to use these documents, defendant should be permitted to subpoena documents related to Worker's Compensation that were sought in January. To the same extent that defendant is on notice of these photos, plaintiff is on notice that defendant sought these documents and believed they would be relevant. In fact, plaintiff could have obtained these documents himself without a subpoena in the months since the previous conference.

[4] In the JPTO, plaintiff accurately states that he only received defendant's expert report on May 28, 2019, which was the date agreed upon by the parties. However, in the month since the JPTO was submitted, plaintiff has still failed to produce any of these documents to defendant.

3

this reference, but it is unclear what, if any, relevance the report of a third party about verdicts involving Dr. Sherry would serve. Defendant therefore reserves the right to supplement this motion once plaintiff has provided the impeachment material so that defendant may more properly address the issue.

## POINT III

### DEFENDANT RESERVES HIS RIGHT TO FILE SUPPLEMENTAL MOTIONS IN *LIMINE*.

Defendant respectfully reserves his right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*. Defendant further respectfully reserves his right to object and file motions *in limine* with respect to any of plaintiff's witnesses or exhibits which may be disclosed in plaintiff's JPTO, which has not yet been received.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant his motions *in limine* in their entirety, and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          July 12, 2019

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Room 3-203A
New York, New York 10007
(212) 356-5056

By:    /s/
Erin Teresa Ryan
*Assistant Corporation Counsel*
Special Federal Litigation Division

4

cc: **<u>VIA ECF</u>**
Gabriel Harvis
*Counsel for Plaintiff*