

THE CITY OF NEW YORK

## LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

August 2, 2019

**By ECF**
Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Gonzalo Cortes v. City of New York, et al.*, 14-cv-3014 (LDH) (RML)

Your Honor:

      We are Assistant Corporation Counsels in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorneys assigned to the defense in the above-referenced matter. In that capacity, we write jointly with plaintiff's counsel to respectfully raise some outstanding trial-related concerns prior to the conference scheduled for August 6, 2019 and the trial scheduled to commence on August 12, 2019.

Plaintiff's Initial Statement:

      If it should please the Court, as specifically described below, this letter is an attempt by defendant to circumvent this Honorable Court's scheduling orders without good cause and offer untimely, failing arguments for reconsideration. Indeed, defendant does not even acknowledge that his requests are untimely or attempt to offer an explanation, let alone good cause, to excuse his belated submissions. This is fatal. *Young v. Sw. Airlines Co.*, 14 CV 1940 (LDH) (RLM), 2016 WL 3257008, *2 (E.D.N.Y. May 4, 2016) ("Where, as here, a scheduling order has been entered, it may be modified only for good cause and with the judge's consent.") (citation and internal quotation marks omitted). Moreover, defendant's letter is independently subject to denial for defendant's failure to confer, as to certain of the issues, in violation of Local Civil Rule 37.3. *Williams v. Fire Sprinkler Assocs. Inc.*, 15 CV 3147 (ADS) (AKT), 2017 WL 1156012, *1 (E.D.N.Y. Mar. 27, 2017) (The failure to comply with Rule 37.3, is, therefore, sufficient in and of itself to reject the motion.").

1. *A Court-Certified Interpreter Pursuant to 28 U.S.C. § 1827 Will Be Present for Plaintiff's Testimony and the Court Should Inquire during* Voir Dire *If Potential Jurors Speak Spanish.*

First, plaintiff will be testifying, as the Court is aware, in Spanish and an interpreter will be present to interpret plaintiff's testimony for the jury; the interpreter must be court-certified and professionally qualified. The Eastern District of New York has an Interpreter Services Program; however, the Court only provides and pays for interpreter for defendants in criminal matters and not civil matters. As this is a civil matter, plaintiff is responsible for hiring a court-certified interpreter from the Eastern District of New York Interpreter Services. Plaintiff has indicated that he will be doing so.

However, in the same vein, defendant respectfully requests that the Court inquire of potential jurors during *voir dire* whether they speak Spanish; if so, with what degree of proficiency; and also whether they will listen to the interpretation only and disregard any objected-to testimony. Defendant also respectfully requests that, to the extent anyone on the jury does speak Spanish, the Court instruct the jury to only listen to the interpretation of plaintiff's testimony and not the testimony itself.

Plaintiff's Position:

The issue defendants raise herein concerning *voir dire* questioning, which was not discussed between the parties as required by Rule 37.3, was, to an extent, addressed before the Court on plaintiff's counsel's application at the January 23, 2019 pre-trial conference. 1/23/19 Transcript at p. 89, ln. 8-17. But defendant's application herein goes far beyond the reasonable inquiry previously contemplated and seeks to single out Spanish-speaking jurors for the imposition of needless additional scrutiny and obligation. Given the lack of conferral, the issue's previous discussion and resolution, and the expiration of the *voir dire* submission deadline on January 17, 2019, defendant's belated request should be denied. Of course, plaintiff respectfully defers to the Court in its wisdom to appropriately handle the *voir dire* of potential jurors.

2. *The Court Should Not Allow Plaintiff to Call His Expert to Testify Prior to Plaintiff's Testimony.*

Plaintiff has indicated that his medical expert, Dr. Drew Stein, must testify on Monday, August 12, 2019, the day that the trial commences. (Docket Entry No. 95). As plaintiff stated in his letter application to the Court, Dr. Stein's testimony must be "properly preceded by foundational testimony from the plaintiff[.]" Defendant agrees. Defendant does not know whether plaintiff intends to testify first, followed by Dr. Stein, as defendant has not yet received plaintiff's anticipated order of witnesses. Should plaintiff wish to call Dr. Stein first—*i.e.* provide expert medical testimony prior to fact testimony—defendant would vigorously oppose this because there would be no context for the jury and also because the cross-examination of both the expert and the plaintiff would be compromised. *See* FED. R. EVID. 611.

Plaintiff's Position:

Without explanation, defendant attempts to present what is plainly an *in limine* motion several weeks after the expiration of the operative July 12, 2019 deadline. *See* order dated April

24, 2019 (setting deadline). The request, unsupported by good cause, should have been presented by the deadline and is appropriately denied on that basis alone. *Lupe v. Shinseki*, 10 CV 198 (MAD) (ATB), 2013 WL 592669, *5 (N.D.N.Y. Feb. 14, 2013) (denying defendant's motion *in limine* as untimely when defendant failed to seek leave to file the motion beyond the deadline and failed to explain the delay in filing). Plaintiff respectfully notes that it remains his preference, the Court's schedule permitting, to lay foundational testimony before the expert takes the stand. Such was, in fact, the basis for plaintiff's prior application to advance jury selection (which defendant opposed and was denied). *See* DE #95-96 and order dated June 6, 2019. Moreover, it is well within this Honorable Court's discretion to admit the expert testimony subject to connection. *United States v. Ziegler*, 583 F.2d 77, 80 (2d Cir. 1978) ("As a concession to the practicalities of proof, since an entire case cannot be put in simultaneously but must proceed in sequence, the trial court in its discretion may admit a particular piece of evidence subject to connection…") (citation and internal quotation marks omitted). Plaintiff respectfully requests the opportunity to address this issue at the upcoming pre-trial conference.

      3.   *The Court Should Preclude Plaintiff's Supplemental Medical Records.*

As this Court is undoubtedly aware, this matter was scheduled to proceed to trial in January 2019.[1] The Court granted the parties' joint motion to adjourn the trial. (Docket Entry No. 87 and dated January 24, 2019). In granting this request, the Court noted its "reticence" and limited any further discovery to "expert discovery" and noted that it would not permit any changes to the joint pre-trial order "except with respect to expert witnesses and related exhibits." (*Id.*).

Plaintiff has ignored the Court's clear order and added an exhibit to the joint pre-trial order that is not in conformance with the Court's instruction. Specifically, plaintiff's Exhibit No. 27 is not related to expert discovery and was not produced to defendant until July 24, 2019, and only after defendant requested its production. The exhibit is a two page supplemental report from one of plaintiff's treating physicians dated June 4, 2019. Why plaintiff waited until the end of the July to provide this "medical record" to defendant and after defendant's request is unclear.

Nonetheless, this exhibit should be precluded for two reasons. First, the inclusion of this exhibit runs contrary to the Court's clear January 24, 2019 order: no changes to the joint pre-trial order except for with respect to expert witnesses and related exhibits. While this exhibit is a medical record, it does not specifically relate to plaintiff's expert witness but his treating physician; plaintiff cannot skirt the Court's clear order and attempt to back-door introduce this medical record as an "expert" related exhibit. Second, as this medical record was not timely produced, preclusion is warranted. *See* e.g. *Kennedy v. Arias*, No. 12 Civ. 4166 (KPF), 2017 U.S. Dist. LEXIS 103576, at *19-20 (S.D.N.Y. July 5, 2017); *Williams v. Bethel Springvale Nurson Home, Inc.*, No. 14 Civ. 9383 (NSR), 2018 U.S. Dist. LEXIS 58319, at *17 (S.D.N.Y.

---

[1] Defendant moved *in limine* to preclude the introduction of plaintiff's Exhibit No. 26, which are intraoperative photos from plaintiff's surgery. (*See* Docket Entry No. 98). As the Court did not allow the parties to file any additional motions *in limine* except for with respect to expert witnesses, defendant did not raise their concerns with plaintiff's additional exhibits in that motion. (Docket Entry date April 24, 2019). But as this is an issue that defendant intends to raise at the final pre-trial conference, in the interests of efficiency, defendant previews his argument for the Court herein.

Apr. 5, 2018); *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006). The Federal Rules of Civil Procedure and this Court's clear order should be enforced and plaintiff should be precluded from offering this medical record as evidence.

Plaintiff's Position:

This is yet another untimely motion *in limine* that lacks good cause or merit. The record at issue, which relates to treatment on June 4, 2019, could not have been produced prior to that date as the treatment had not yet been rendered. Moreover, plaintiff was obligated to produce the record pursuant to Fed. R. Civ. P. 26(e) – despite defendant's failure to *ever* serve discovery demands in the underlying litigation – and did so immediately upon his receipt of the record. The evidence is relevant to the core issue of plaintiff's physical injuries and the current state of his condition, and the author of the record will testify as a treating physician. Further, defendant will suffer no prejudice from the introduction of the evidence, which will permit the factfinder to better understand the merits of the dispute, and it should be admitted.

4. *The Court Should Order Plaintiff to Produce Impeachment Exhibits to Defendant in Advance of Trial.*

Plaintiff has listed a number of impeachment exhibits, these including a significant portion of transcripts of testimony that defendant's expert, Dr. Herbert Sherry, has given in other cases. Plaintiff has failed to produce these transcripts. But as these transcripts are listed as exhibits on the proposed joint pre-trial order, and as the Court's Individual Rules and Practices require the exchange of all exhibits—without making any distinction between impeachment and affirmative evidence—plaintiff should produce these exhibits to defendant prior to the final pre-trial conference. Simply, to the extent that plaintiff intends on reading from a transcript listed as an exhibit to impeach Dr. Sherry with a prior statement, plaintiff should provide that transcript to defendant before the final pre-trial conference.

Plaintiff's Position:

Here, defendant inexplicably reargues an issue already fully briefed before this Honorable Court. *See* DE #98 at Point II (arguing for preclusion of impeachment evidence regarding Dr. Sherry); DE #99 at Point II (opposing). Plaintiff respectfully refers the Court to his opposition brief at DE #99 and the arguments set forth therein. Plaintiff further respectfully notes that the exhibits in question are expected to be used solely for impeachment and not admitted in evidence, exempting them from exchange under the Court's Individual Practices, which state: "Document Exchange: Prior to attending the pretrial conference on a date to be scheduled by the Court, counsel must exchange copies of all documents *proposed to be used in evidence*, and must be prepared to discuss and have the Court rule on outstanding objections to exhibits." (emphasis added).

5. *The Court Should Permit Defendant to Introduce Alternate Theories of Causation during Opening Statements.*

Defendant should be permitted to introduce alternate theories of causation during opening statements. Plaintiff moved *in limine* to preclude alternate theories of causation for plaintiff's shoulder injury as an expert would be required to establish causation. (*See* Docket Entry No. 81

at 18). Plaintiff argued that as defendant did not designate an expert, offering alternate theories of causation would be "rank speculation derived from inadmissible hearsay." (*Id.*). The Court ruled that because defendant would not have a basis for alternate theories of causation in their opening besides for pure speculation and conjecture, defendant would not be permitted provide alternate theories of causation in the opening statement (but could argue whatever facts came out on summation). (*See* Transcript from January 24, 2019 Conference, at 35:16-25, 36:1-25, 37:1-25, 38:1-25, 39:1-14). Defendant now seeks clarification as to whether that ruling applies. The reason for this is because now defendant will be offering expert testimony. Therefore, as defendant will affirmatively be offering evidence of alternate theories of causation for plaintiff's purported injury, defendant should be allowed to introduce these alternate theories obviously during the entire trial, including opening statements.

<u>Plaintiff's Position:</u>

Plaintiff respectfully submits that the instant letter was, in truth, drafted and submitted solely as a vehicle for defendant to present this argument, which is plainly an untimely *in limine* motion lacking good cause. Both the scheduling order and the record here are clear: *in limine* motions were due by July 12, 2019 and defendant neglected to move on this issue. Notwithstanding his disingenuous characterization of the belated *in limine* motion as requesting "clarification," it is beyond cavil that the window for such applications closed on July 12th. That defendant neither acknowledges the missed deadline nor attempts to establish good cause for his failure further supports denial of the belated request.

\*\*\*

Therefore, the parties respectfully raise these issues in advance of the final pre-trial conference for the Court's consideration and will be prepared to discuss more fully at the final pre-trial conference.

Thank you for your consideration herein.

Respectfully submitted,

/s/     /s/

Brachah Goykadosh
Erin Ryan
*Assistant Corporation Counsels*
Special Federal Litigation Division

cc:   Baree N. Fett
      Raymond Panek
      Gabriel Paul Harvis
      *Attorneys for Plaintiff*
      Elefterakis Elefterakis & Panek
      80 Pine Street, 38th floor
      New York, New York 10005