UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GONZALO CORTES,

                          Plaintiff,

              v.

CHRISTOPHER MUSA,

                          Defendant.

**PROPOSED JURY CHARGE**

14-cv-3014 (LDH) (RML)

LASHANN DEARCY HALL, United States District Judge:

Members of the jury, now that you have heard all the evidence in this case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

*First*, I will give you instructions regarding the general rules that define and govern the duties of a jury in a civil case such as this;

*Second*, I will instruct you as to the legal elements of Plaintiff's claim; and

*Third*, I will give you some general rules regarding your deliberations.

## PART I: BACKGROUND INSTRUCTIONS

## I. ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case. You are the sole judges of the facts and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law.  You must apply the law, in accordance with my instructions, to the facts as you find them.  I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not.  You should not be concerned about the wisdom of any rule of law that I state.  Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law.  You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case.  You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case.  For example, on occasion, I may have asked questions of a witness.  You should attach no special significance to these because they were asked by the Court.

**A.**  THE DEFINITION OF EVIDENCE

You must determine the facts in this case based solely on the evidence presented or those inferences which can reasonably be drawn from the evidence.  Evidence has been presented to you in the form of sworn testimony from the witnesses and exhibits that have been received in evidence by me.

Evidence comes in two difference forms: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may make an inference or conclude that other facts exist. So that you are clear, I will explain what an inference is. An inference is a conclusion that the jury is permitted to, but not required, to draw from the facts which have been established by either direct or circumstantial evidence. An inference is not to be drawn by guesswork or by speculation, but must be arrived at by the exercise of your reason and common sense. You may not guess or speculate if there is no evidence on a particular point.

Certain things are not evidence and are to be entirely disregarded by you in deciding what the facts are. This includes statements, arguments, and opening and closing statements made by the attorneys. The objections you heard the attorneys raise in response to certain questions asked or to the exhibits that were presented are not evidence. You have heard from several witnesses during this trial. The opinions of a witness are not considered evidence. Additionally, any testimony that has been excluded, stricken, or which you have been instructed to disregard is also not evidence.

**B.** WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility should largely depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or

part of any witness's testimony.  There is not magical formula for evaluating the testimony of witnesses.  In making a decision about whether you believe all or part of a witness's testimony, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely or any possible interest in the outcome of the trial;

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

**A.** NO SYMPATHY OR BIAS

4

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party. All parties are equal before the law, and are entitled to the same fair consideration.  The Court expects that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### B.  IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

If you find that a witness actually made a prior inconsistent statement, you are not to consider that prior statement as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was offered for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  First, you should decide whether there was a prior inconsistent statement.  Then, if you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to

give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**C.** BURDEN OF PROOF

This is a civil, not a criminal case. Plaintiff is the party who commenced this lawsuit. The Defendants are the parties against whom the lawsuit was filed. Plaintiff has the burden of proving his case by what is called the preponderance of the evidence. This means that Plaintiff has the burden of proving each of the essential elements of his claim by a preponderance of the evidence.

That means Plaintiff has to prove to you, in light of all the evidence that was presented, that what he alleges is more likely than not to have occurred. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to the Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat in his favor. If Plaintiff fails to meet this burden, the verdict must be for Defendants. If you find, after considering all the evidence, that a claim or fact is more likely than not to have occurred, then the claim or fact has been proved by Plaintiff by a preponderance of the evidence. If you find that the evidence on a given issue is in balance or evenly divided between the parties; that it is equally probable that one side is right as it is that the other side is right; or that the evidence produced by the party that has the burden of proof is outweighed by evidence against the claim, then you must decide that issue against the party having the burden of proof—Plaintiff in this case.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of

who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Again, you may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in a civil case, such as this one. So you should put it out of your mind.

**D.** FOREIGN LANGUAGE TESTIMONY

You have heard testimony of a witness who testified in the Spanish language. Witnesses who do not speak English, or are more proficient in another language, testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

## PART II:  SUBSTANTIVE LAW

I.    Section 1983: The Statute, Its Function, and Elements of Claim for Relief

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy for individuals who have been deprived of rights, privileges and immunities that are secured by the Constitution and federal statutes. Pursuant to § 1983, Plaintiff must prove by a preponderance of the evidence that:

1.   Defendant was acting under color of state law;

2.   Defendant's conduct deprived Plaintiff of a right protected by the Constitution or laws of the United States; and

3. Defendant's conduct was the proximate cause of the Plaintiff's loss of a constitutional right.

I will explain these elements to you.

**A.** <u>First Element</u>: Under Color of State Law

The first element of Plaintiff's claim is that the Defendants acted under color of state law. This means that Plaintiff must show that Defendant was using power that he possessed by virtue of state law. A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state. By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, county or municipality, and also any state, county or municipal agencies. Here, it is not disputed that Defendants acted under color of state law.

**B.** <u>Second Element</u>: Deprivation of a Constitutional Right

Plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by Defendant. This means that Plaintiff must show, by a preponderance of the evidence, that: (a) Defendant committed the acts alleged by Plaintiff; (b) in performing the acts alleged, Defendant acted intentionally or recklessly; and (c) the alleged acts caused Plaintiff to suffer the loss of a constitutional right.

1. **Commission of alleged acts**: The first thing for you to determine is whether Defendant used excessive force against Plaintiff.

2. **Intent**: To prove the second element of his claim, Plaintiff must not only show that Defendant's acts deprived Plaintiff of a constitutional right but also that

Defendant performed those acts intentionally or recklessly, rather than accidentally.  An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason.  Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.  An act is reckless if done in conscious disregard of its known probable consequences.  In other words, even if Defendant did not intentionally seek to deprive Plaintiff of his rights, if, nevertheless, Defendant purposely disregarded the high probability that his actions would deprive Plaintiff of his rights, then this element would be satisfied.

3. **Loss of a Constitutional Right:** If you determine that Defendant intentionally or recklessly committed the act alleged by Plaintiff, you must next determine whether that act caused Plaintiff to suffer the loss of a constitutional right.  For Plaintiff to establish this element, he must show that those acts that you have found Defendant took caused Plaintiff to suffer the loss of a constitutional right.

A. **Third Element**: Proximate Cause

The third element that Plaintiff must prove is that Defendant's conduct was the proximate cause of the Plaintiff's loss of a constitutional right.  An act is a proximate cause of a loss if it was a substantial factor in bringing about that loss, and if the loss was a reasonably foreseeable consequence of the act.

I.   **Instructions on Plaintiff's Claim**

I will now discuss with you the second part of this charge, which addresses the legal elements of Plaintiff's claim.  Plaintiff alleges that Defendant violated his rights under the

9

Fourth Amendment by using excessive force against him in arresting while Plaintiff was in pretrial custody.

Plaintiff alleges that he was deprived of his constitutional rights when Defendant unlawfully used force against him in violation of his Fourth Amendment right to not be subjected to excessive force.

The Fourth Amendment to the United States Constitution protects people from being subjected to excessive force.  A law-enforcement official may only employ the amount of force reasonably necessary under the circumstances.  In the instant case, Plaintiff claims that he was subjected to excessive force by Defendant when Defendant pushed Plaintiff into cell bars inside the police station where Plaintiff was in pretrial custody.  To determine whether Defendant's acts caused Plaintiff to suffer the loss of a constitutional right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.

If you determine that Defendant used force, then you must determine whether the force was excessive.  In making this determination, you may take into account such factors as the severity of the circumstances, whether Plaintiff posed an immediate threat to the safety of Defendant or others, and whether Plaintiff actively resisted.  However, you do not have to determine whether Defendant had less-intrusive alternatives available—for Defendant need only to have acted within that range of conduct identified as reasonable.  Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.  Minor scrapes, bumps, or bruises potentially could occur, often unintended, when taking a person into custody, and an officer cannot be held liable for every

such incident.  If you find that the amount of force used against Plaintiff was greater than a reasonable officer would have employed under the circumstances, Plaintiff will have established the claim of loss of a constitutional right.

**PART III: DAMAGES**

**I.    DAMAGES**

   If you determine that Defendant is not liable for the claim to Plaintiff, then you must not consider damages.  If Plaintiff has proven by a preponderance of the evidence that Defendant is liable, then you must determine the damages to which Plaintiff is entitled.  However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recover.

   In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  In making a decision about damages, you are to consider this case and this case only.  The law does not require that Plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**A.** COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights. These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole, that is, to compensate him or her for the injury suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the pain and suffering, mental anguish, shock and discomfort that he or she suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of the rights at issue here. You may, however, compensate Plaintiff to the extent that you find that Defendant's violations of his rights caused the aggravation of a prior-existing injury. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered resulting from Defendant's actions or failure to act. In all instances, as I stated previously, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**B.** NOMINAL DAMAGES

If you find Defendant liable for violating Plaintiff's constitutional rights, but find that Plaintiff is not entitled to compensatory damages, you must award "nominal damages." Nominal

damages may not be awarded for more than a token sum, usually one dollar.  You must award nominal damages if you conclude that the only injury that Plaintiff suffered was the deprivation of his rights, without any physical, emotional or financial injury.  You must also award nominal damages if you find that some injury resulted, but you are unable to compute the monetary damages except by engaging in pure speculation and guessing.  You may not award both nominal and compensatory damages.  If Plaintiff was measurably injured by Defendant, you must award compensatory damages; if he was not, you must award nominal damages.

**C.**  PUNITIVE DAMAGES

Whether or not you award Plaintiff actual damages, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, if at all, in the discretion of the jury, to punish Defendant for extreme or outrageous conduct, and to deter or prevent Defendant and others like him from committing such conduct in the future.

You may award Plaintiff punitive damages if you find that the acts or omissions of Defendant were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person.  A plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to a plaintiff's rights.

If you find by a preponderance of the evidence that Defendant acted with malicious intent to violate Plaintiff's federal rights or unlawfully injure him, or if you find that Defendant acted with a callous or reckless disregard of Plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary.  That is, if you find that the legal

requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish Defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether a defendant may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages, standing alone, are likely to deter or prevent Defendant from similarly wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those Defendant may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which Defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter Defendant, or persons like him, from committing wrongful acts in the future.

## PART IV: CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by

a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

## A.  FOREPERSON

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the Court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

## B.  COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any

15

member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### C.  JUROR'S RECOLLECTION GOVERNS/READBACK

Your recollection governs.  Nobody else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may return to the courtroom for the purpose of having such testimony or instructions read back to you.  Again, you may make such a request by a note to a marshal.  I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations.  Tell me as best as you can precisely what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.  If you want to see any exhibits, please send a note to me, and the requested exhibits will be sent in to you.

### D.  DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.   While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the Court rely upon you to give full deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to truly try the issues of this case and render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further that you need to be charged.


Dated:      Brooklyn, New York
            August 9, 2019