UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GONZALO CORTES,

                        Plaintiff,

v.

CITY OF NEW YORK; Sergeant JONCRIS RZONICA, Shield No. 2960; Police Officer MATTHEW SMITH, Shield No. 9407; Police Officer CHRISTOPHER MUSA, Shield No. 9064; Police Officer DOMINIC RUGGIERO, Shield No. 20894; Police Officer SHAUN RYAN, Shield No. 10960; Police Officer JOHN CESTARO, Shield No. 9553; Police Officer ANDREW SCHULZ, Shield No. 5758; Sergeant STEPHEN DALY, Shield No. 944; Police Officer MARIO CAPPUCCIA, Shield No. 19046; Sergeant PETER RODESCHIN, Shield No. 3411; and JOHN and JANE DOE 7 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

**MEMORANDUM AND ORDER**

14-CV-03014 (LDH) (RML)

---

LaSHANN DeARCY HALL, United States District Judge:

Gonzalo Cortes brings this action pursuant to 42 U.S.C. § 1983 arising out of injuries he allegedly sustained while in police custody on July 1, 2013. (*See generally* Am. Compl. (3d), ECF No. 41.)

## BACKGROUND

On January 24, 2017, Defendants moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment on all claims except for Plaintiff's claim for excessive force against Defendant Christopher Musa. (ECF No. 60.) In connection with the motion, the parties submitted statements of material fact pursuant to the Eastern District of New York Local Civil Rule 56.1. In their 56.1 statement in support of their motion, Defendants set forth the following material facts, among others:

    7. An officer brought plaintiff towards the cells where the bathrooms were located.

> 8. Plaintiff hesitated before stepping into the darkened room where he was being led.
>
> 9. The officer leading plaintiff, without provocation, shoved plaintiff into a wall, injuring plaintiff's shoulder.

(Defs.' Local Civ. R. 56.1 Statement Undisputed Facts ("Defs.' 56.1") ¶¶ 7–9, ECF No. 62 (citations omitted).)

In his 56.1 statement, Plaintiff identified the officer who had escorted him to the bathroom as Defendant Musa. (Defs.' Resp. Pl.'s Local Civ. R. 56.1. Statement Undisputed Facts ("Pl.'s 56.1") ¶ 25, ECF No., 68.) Plaintiff's only evidentiary support for this aspect of the statement was a September 26, 2019 letter from his counsel to Defendants. (*See id.*; Ex. 16 ("Sept. 29, 2016 Letter"), ECF No. 65-16.) That letter states, in relevant part, as follows:

> Now that discovery has [largely] concluded . . . plaintiff is in a position to name the officers who assaulted him . . . . The defendant who brought Mr. Cortes from the cell to the bathroom was Christopher Musa. Mr. Cortes was pushed against the cell bars in the auxiliary cell area by defendants Musa, Cappuccia, Ryan and Smith. We believe, and will confirm following his deposition, that defendant Schulz was Mr. Cortes's fifth assailant.

(Sept. 29, 2016 Letter at 3.)

In response to Plaintiff's 56.1 statement, Defendants did not dispute the identification of Musa as Plaintiff's assailant. (*See* Pl.'s 56.1 ¶ 25.) Rather, they objected to the Court's consideration of Plaintiff's contention regarding Musa on the ground that it was a new fact that was "not material to Defendant's summary judgment motion[,] as defendants [were] not moving regarding the alleged force used by defendant Musa." (*Id.*) They repeated this materiality argument in their objections to Plaintiff's other statements identifying Musa. (*Id.* ¶¶ 26–29, 31.) Indeed, in Defendants' memorandum of law in support of their motion, Defendants adopted Plaintiff's identification of Musa as the offending officer, citing relevant paragraphs of their own 56.1 statement for support:

2

> An officer, *who plaintiff believes was Christopher Musa*, put plaintiff in handcuffs and started to escort him through the precinct towards the bathroom. 56.1 ¶ 7[.] Plaintiff claims that, as he approached a darkened doorway, he refused to go into the bathroom. 56.1 ¶ 8. *Officer Musa*, without provocation shoved plaintiff into a wall, injuring his shoulder. 56.1 ¶ 9[.]

(Defs.' Mem. Law Supp. Their Mot. Summ. J. ("Defs.' Summ J. Mem.") 3, ECF No. 61 (emphases added).) In a footnote, Defendants explained:

> During his deposition, plaintiff was unable to provide specific descriptions of any of the officers who allegedly used force against him or who were present when force was used. Since his deposition, plaintiff's counsel has stated that they are now able to identify those individuals as Officers Musa, Cappuccia, Ryan, Smith and Schulz. Defendants' submit this letter in reliance on that proffer. Defendants reserve their rights to move as to Officer Musa *should plaintiff's proffer be revoked*.

(*Id.* at 3 n.2 (emphasis added).)

In light of the parties' 56.1 statements, their briefs, and evidence in the record, the Court determined that Defendant Musa had handcuffed Plaintiff, led him toward the bathroom, and returned Plaintiff to his holding cell. (ECF No. 90 ("Summ. J. Op.") at 3.) With respect to the excessive-force claim, on which Musa did not move, the Court held that "no reasonable juror could find that any officer other than Defendant Musa used force against Plaintiff." (*Id.* at 6.) Accordingly, Plaintiff's excessive-force claim was dismissed as to all Defendants except Musa.[1] (*Id.* at 6–7.)

Nonetheless, in his opening statement at trial, Musa's counsel stated, "Police Officer Christopher Musa, who is now a sergeant, never touched plaintiff. . . . He didn't take plaintiff to the bathroom when he was at the precinct and he certainty didn't push plaintiff into any metal

---

[1] Plaintiff's claim for failure to intervene was dismissed on the ground that there was no reasonable opportunity for any bystander officer to prevent Musa's single shove. (Summ. J. Op. 8–9.) Plaintiff's claim for deliberate indifference to medical needs—which Musa joined—was dismissed on the grounds that "Plaintiff's request for medical attention was insufficient to put Defendants on notice of a substantial risk posed by a sufficiently serious medical condition," and, given the nature of his condition, the officers' delay in calling an ambulance was not actionable. (*Id.* at 13.)

3

cell bars." (Decl. Erin Ryan Ex. F ("Trial Tr.") at 46, ECF No. 107-6.) Defense counsel repeatedly denied any personal involvement by Musa in Plaintiff's injury. (*Id.* at 46–50.) After opening statements, the Court dismissed the jury and raised its concern that Defendant Musa's theory of the case conflicted with the undisputed facts at summary judgment. (*Id.* at 51–54.) Specifically, the Court highlighted Plaintiff's 56.1 statement "that defendant Musa handcuffed Mr. Cortes and led him to a darkened hallway of vacant cells," noting Defendants' objection to the statement's materiality to their summary-judgment motion but not its identification of Musa as the involved officer. (*Id.* at 51:21–52:13.) The Court explained:

> The court certainly did not agree with the defendant[s'] contention that whether it was Officer Musa or not who was the officer who was leading the plaintiff was not material. Indeed, the court in its motion for summary judgment opinion identified as an undisputed fact that Officer Musa was the officer to lead Mr. Cortes. The court deemed it as an admitted fact because the defendants failed to adequately dispute the contention. The defendants instead simply made the assertion that in its estimation it wasn't material. I am not certain of the logic to that contention as the motion for summary judgment did require the court to determine and ascertain whether a reasonable juror could find that the now dismissed defendants, Cappuccia, Ryan, Schulz and Smith were the ones who were escorting the plaintiff and allegedly assaulted him.

(*Id.* at 52:14–53:3.) After hearing arguments, the Court declared a mistrial and directed the parties to submit supplemental briefing on the issue of whether Musa should be bound at trial by statements he had made or failed to dispute at summary judgment. (*Id.* at 54–56, 67–68.) The parties consented to the adjournment of trial pending briefing on the issues the Court identified. (*Id.* at 63.)

## DISCUSSION

A review of the parties' submissions, underlying record, and applicable case law makes clear that Defendants' strategically worded 56.1 statement and memorandum of law misled the Court into granting them summary judgment on Plaintiff's excessive-force claim without proper factual support and forced the Court to expend precious judicial resources correcting the error.

4

Rule 56(a) requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(c)(1)(A) describes the materials on which a party may rely to demonstrate the absence of a genuine issue of material fact, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  A party disputing a given fact may also "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

Local Civil Rule 56.1(a) requires a summary-judgment movant to "annex[] to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Subsection (b) requires a non-moving party to respond to a movant's statements in correspondingly numbered paragraphs and to set forth any additional material facts about which there exists a genuine issue for trial.  Local Civ. R. 56.1(b).  Subsection (c) further provides as follows:

> Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

Local Civ. R. 56.1(c).  Subsection (d) provides, "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."  Local Civ. R. 56.1(d).

Where a party fails to support a fact with admissible evidence, the Second Circuit has held that a district court may not deem that fact as admitted based solely on the opposing party's

5

failure to expressly controvert it. *Giannullo v. City of New York*, 322 F.3d 139, 142-43 (2d Cir. 2003). That is because "a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record. Where . . . the record does not support the assertions in a Local Rule 56.1 statement, those assertions should be disregarded and the record reviewed independently." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). Rule 56(e) sets forth the Court's options when confronted with a statement of material fact that is unsupported by admissible evidence:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Here, the portions of Plaintiff's 56.1 statement identifying Musa as the officer who escorted him toward the bathroom and shoved him into cell bars was supported solely by a letter from Plaintiff's counsel, which is not admissible evidence. (*See* Pl.'s 56.1 ¶¶ 25–29; *see also* Sept. 29, 2016 Letter.) At summary judgment, Defendants could have relied on Plaintiff's failure to adduce admissible evidence regarding the identity of Plaintiff's assailant to dismiss the claims against all of them. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."); *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) ("It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit."). They did not do so. Instead, defense counsel adopted Plaintiff's theory of the case—that Musa assaulted Plaintiff while Defendants Cappucia, Ryan, Schulz, and Smith stood nearby—and omitted Musa from the motion with

6

respect to excessive force. Defense counsel argued at summary judgment, "Simply put, plaintiff only describes that one officer, now identified as Officer Musa, actually used physical force on him. Where plaintiff is unable to state that any of these other officers used force on him, the claim against these officers must be dismissed." (Defs.' Summ. J. Mem. 5.) Taking defense counsel at their word, the Court agreed. (Summ. J. Op. 6.)

Having achieved dismissal of all other officers allegedly present in the vicinity of Plaintiff's assault, defense counsel strategically reversed course. Now, for purposes of trial, they contend that Musa was not the officer who assaulted Plaintiff. (Defs.' Trial Br. 2–3, ECF No. 106.) Indeed, their "position is that [Musa] didn't take [Plaintiff] to the bathroom." (Trial Tr. 71:4–5.) Yet they still purport to "recogniz[e] that there is a dispute of fact concerning [Musa's] involvement." (Defs.' Trial Br. 3.) To be sure, district courts in this circuit routinely remind litigants that their Local Rule 56.1 statements may be deemed admitted for the purposes of a summary-judgment motion, but not trial.[2] Moreover, the argument advanced by Plaintiff here that Defendants' 56.1 statements constitute judicial admissions, (Pl.'s Trial Br. 7-8, ECF No. 108), has been squarely rejected by at least one other district court. *See Vasconcellos v. City of New York*, 12-CV-8445, 2015 U.S. Dist. LEXIS 121572, at *2–4 (S.D.N.Y. Sept. 9, 2015) ("Plaintiff's attorney obviously does not understand the limited nature of the 'admissions' made in a Rule 56.1 statement. . . . The Rule 56.1 Statement is not evidence; it is a procedural

---

[2] *E.g.*, *Ramgoolie v. Ramgoolie*, No. 16-CV-3345, 2018 WL 4266015, at *7 (S.D.N.Y. Sept. 6, 2018) (reminding losing cross-movant that, "under Rule 56.1(c), facts are deemed admitted for the purposes of the motion. That these facts were deemed admitted at summary judgment does not preclude Defendant from challenging Plaintiff's evidence at trial."); *Marrero v. Air Brook Limousine*, No. 13-CV-2791, 2014 WL 1623706, at *2 (S.D.N.Y. Apr. 23, 2014) ("[A]ll statements of fact contained in defendants' Rule 56.1 Statement are deemed admitted for the purposes of this motion (albeit not for trial)."); Order, *Rasmussen v. The City of New York*, 10-CV-1088 (E.D.N.Y. Dec. 21, 2010) ("The concession to plaintiffs' version that defendants must make on this [Rule 56] motion obviously is not binding at trial if the motion is denied; it is merely one aspect of the fundamental summary judgment rule that the facts must be viewed in the light most favorable to the opponent of the motions. . . . Defendants must either concede these facts for the limited purpose of summary judgment (not trial) or admit that they have no viable motion.").

7

mechanism that allows a party to make a motion for summary judgment even when there will be disputed issues of fact at the trial."). Although Rule 56(g) permits a court to deem certain facts as admitted in a case, the rule is triggered only where "the court does not grant all the relief requested by the motion." Fed. R. Civ. P. 56(g). As noted above, Defendants' motion was granted in its entirety. (ECF No. 90.) There is thus no clear legal basis for binding Musa at trial to Defendants' position at summary judgment. That said, this Court "is not bound by a [Defendant's] hedging." *Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 275 (S.D.N.Y. 2013) (Sullivan, J.).

For the purposes of the summary-judgment motion, it was undisputed that Plaintiff was assaulted by the officer who escorted him to the bathroom on July 1, 2013. (Defs.' 56.1 ¶¶ 7–9.) However, summary judgment on Plaintiff's claim of excessive force against Defendants Cappucia, Ryan, Schulz, and Smith was predicated on a fact Defendants failed to adequately contest but for which Plaintiff did not adduce admissible evidence. This was error.[3] The Court is not, however, without recourse to fill the evidentiary gap. The portion of the Court's order granting Defendants Cappucia, Ryan, Schulz, and Smith summary judgment on Plaintiff's claim for excessive force is vacated and discovery shall be reopened. *See* Fed. R. Civ. P. 56(e)(1), (4). Either the parties shall adduce evidence identifying which officer escorted Plaintiff toward the bathroom beyond dispute, or a jury will decide who he is from among all of the possible actors. Permitting defense counsel's procedural gamesmanship to deprive Plaintiff of a meaningful opportunity to hold his alleged assailant accountable would undermine the core purposes of

---

[3] *Giannullo*, 322 F.3d at 142-43 ("The district court accepted that Oliver's arrest . . . occurred prior to Giannullo's arrest, based solely on the fact that plaintiff's Rule 56.1 counter-statement did not controvert the aspect…of defendants' Rule 56.1 statement that placed the Oliver arrest prior to the Giannullo arrest. But nothing in the record evidences this sequence . . . It follows that the record does not support the district court's determination that defendants were entitled to summary judgment[.]").

§ 1983. *See generally Restivo v. Hessemann*, 846 F.3d 547, 585 (2d Cir. 2017) ("[T]he policies underlying Section 1983 include not only compensation of injured parties, but also 'deterrence of future abuses of power by persons acting under color of state law.'" (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268 (1981)), *cert. denied*, 138 S. Ct. 644 528 (2018).

## CONCLUSION

For the foregoing reasons, the Court's February 20, 2019 decision is VACATED to the extent it granted Defendants Cappucia, Ryan, Schulz, and Smith summary judgment on Plaintiff's claim for excessive force. *Giannullo*, 322 F.3d at 143.

Discovery is reopened for the limited purpose of identifying the officer who escorted Plaintiff toward the bathroom, which may be completed through either deposition or written interrogatories. *See* Fed. R. Civ. P. 56(e)(1), (4). Within 30 days of the date of this order, the parties shall file a joint letter certifying that this supplemental discovery is complete, informing the Court whether there is a genuine dispute of material fact regarding the identity of the aforementioned officer, and identifying the bases (with citations to admissible evidence) for any such dispute.

SO ORDERED.

Dated: Brooklyn, New York
      October 30, 2019

s/ LDH
LaSHANN DeARCY HALL
United States District Judge