

**eeplaw.com**
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

July 6, 2023

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Cortes v. Musa*, 14 CV 3014 (LDH) (RML)

Your Honor:

    I represent plaintiff in the above-referenced action. I write pursuant to Fed. R. Civ. P. 37(b)(2)(A) & (C) and 37(c)(1) to respectfully request that the Court impose sanctions on defendant Musa.

    By way of background and as the Court may recall, this § 1983 action arises from defendant Musa's alleged assault of plaintiff inside the 115th Precinct on July 1, 2013, causing a tear in Mr. Cortes' shoulder requiring multiple surgeries that he has now been suffering with for over a decade. According to Mr. Cortes, defendant Musa, who was assigned to bring him to the bathroom, violently pushed plaintiff, who was handcuffed, against cell bars in a precinct hallway. After whispering menacing remarks in Mr. Cortes' ear, defendant Musa reportedly returned Mr. Cortes to a crowded holding cell and kept him there in handcuffs without calling an ambulance for almost three hours. In conduct that the presiding District Judge has described as "reprehensible" (DE #90, n.6) and of which the Court has indicated it takes a "dim, dim, dim, dim view" (1/23/20 Conf., 12:12-18), the precinct's command log was then altered without attribution to change plaintiff's physical condition upon arrival from "normal" to "shoulder injury RMA," even though the record reflects that Mr. Cortes continuously requested medical care.

    The instant action was commenced in 2014 and discovery lasted approximately twenty-seven months. As plaintiff labored to obtain records and identify Musa and the other responsible parties, defendants failed to meet their basic discovery obligations and never served interrogatories or document requests. On at least three occasions, this Honorable Court granted motions to compel filed by plaintiff to which defendants never responded. *See* DE #16 and order dated June 10, 2015; DE #19 and order Dated July 15, 2015; DE #36 and order dated April 6, 2016. At a conference on April 26, 2016, Your Honor noted:

> Defendants have not produced discovery ordered on 11/24/15, including certain basic police documents. Plaintiff thereafter also requested additional discovery which defendants have also failed to

Hon. Robert M. Levy
July 6, 2023

>produce. By Order dated 4/6/16 I granted plaintiff's subsequent motion to compel both the previously ordered documents and the more recently requested but unproduced discovery. Accordingly, defendants are hereby ordered to produce all outstanding discovery required by my 11/24/15 and 4/6/16 Orders no later than 5/13/16. In their verified response, defendants shall identify which documents, if any, do not exist or cannot be located despite a diligent search. **Failure to comply may result in sanctions.**

April 26, 2016 Minute Entry (emphasis added).

Among the documents subject to the discovery order were disciplinary files underlying complaints of similar misconduct against the defendant officers. *See, e.g.,* DE #38 (Letter from defense counsel noting that "[o]n April 26, 2016, Your Honor Ordered us to produce certain documents from the precinct as well as disciplinary files for the officers in this case"). After obtaining an extension of the compliance deadline, defendants produced responsive disciplinary records in May 2016 and have not supplemented that production to date.

Public records reveal that defendant Musa, now the sole remaining defendant on plaintiff's single claim of excessive force, has been the subject of at least seven civilian complaints – including four alleging excessive force and three abuse of authority cases – during the intervening seven years. *See* https://www.50-a.org/officer/39C5 (reflecting alleged excessive force incidents on August 8, 2019, May 2, 2020, October 6, 2021 and December 16, 2021, and alleged abuses of authority on February 20, 2020 and March 9, 2023). In one notable case arising from an October 2021 incident, CCRB determined that Musa hit a female civilian against an inanimate object and put her in a chokehold, restricting her breathing. *See* https://www.50-a.org/complaint/202200539. Based on the severity of the alleged misconduct in that case, the CCRB Administrative Prosecution Unit formally charged Musa and prosecuted him in a public trial before the NYPD Deputy Commissioner of Trials (of which plaintiff was unaware); the decision in that case is apparently *sub judice* before that body. *Id.*; *see* https://www.nyc.gov/site/ccrb/prosecution/administrative-prosecution-unit-apu.page.

Plaintiff respectfully submits that the Court's discovery orders and Rule 26(e) of the Federal Rules impose a continuing obligation on defendant Musa and Corporation Counsel to produce responsive records as new, similar allegations are lodged against this defendant. In this instance, the years-long failure to supplement has prejudiced plaintiff by, *inter alia*, depriving him of the opportunity to attend and observe Musa's recent public trial, view the evidence offered against him and potentially gain important information for use in the instant litigation.

If it should please the Court, the undersigned brought these disciplinary cases to the attention of defense counsel last week and requested production of the underlying files. Defense counsel has declined to produce the records and has requested that the following statement be included in this application: Defendant opposes this request and will submit a response in accordance with the Court's rules.

Hon. Robert M. Levy
July 6, 2023

  We respectfully submit that the persistent failure by the defense to comply with its discovery obligations and the orders of this Honorable Court has prejudiced Mr. Cortes and warrants the imposition of sanctions. *See Martinez v. City of New York*, 16 CV 79 (NRM) (CLP), 2018 WL 604019, *26 (E.D.N.Y. Jan. 24, 2018) (recommending terminating sanctions and attorney's fees and noting that "[e]ven if the defendants' repeated failures to obey this Court's Orders were insufficient to evince willfulness, the failure of defendants and their counsel to comply with the most basic discovery requirements set out in the Federal Rules of Civil Procedure can itself demonstrate willfulness that weighs in favor of a dispositive sanction"), *report and recommendation adopted in part*, 2018 WL 1835935 (E.D.N.Y. Apr. 18, 2018).

  In light of the foregoing, plaintiff respectfully requests relief in accordance with Fed. R. Civ. P. 37(b)(2)(A) & (C) and 37(c)(1).

  Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc: Defense Counsel