

**eeplaw.com**
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

September 13, 2023

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

Re: *Cortes v. City of New York, et al.*, 14 CV 3014 (LDH) (RML)

Your Honor:

I represent plaintiff in the above-referenced civil rights action. I write to respectfully request an order compelling defendant Musa to produce discovery, leave to take a limited-purpose deposition of defendant Musa in advance of trial and leave to file a supplemental *in limine* motion.

As described in a letter plaintiff submitted to the presiding United States Magistrate Judge dated July 6, 2023 and filed at DE #127, plaintiff recently discovered through a search of public records that defendant Musa has been the subject at least seven civilian complaints (including at least four for allegedly excessive force) since discovery in this matter closed, none of which defendant Musa disclosed to plaintiff under Rule 26(e).

In one notable case arising from an October 2021 incident, CCRB determined that Musa hit a female civilian against an inanimate object and put her in a chokehold, restricting her breathing. *See* https://www.50-a.org/complaint/202200539. Based on the severity of the alleged misconduct in that case, the CCRB Administrative Prosecution Unit ("APU") formally charged Musa and prosecuted him in a public trial before the NYPD Deputy Commissioner of Trials (of which plaintiff was unaware and thus could not attend); the decision in that case is apparently *sub judice* before that body. *Id.*; *see* https://www.nyc.gov/site/ccrb/prosecution/administrative-prosecution-unit-apu.page.

As the Court may recall, plaintiff here alleges that Musa also injured him by shoving him into an inanimate object – the bars of a hallway cell – while plaintiff was handcuffed (with Musa then returning plaintiff, handcuffed and with a torn rotator cuff, to stand in a crowded cell for hours). Plaintiff's allegations would thus appear similar to the recently-substantiated charges against Musa.

Hon. LaShann DeArcy Hall
Sept. 13, 2023

In response to plaintiff's request, defendant has confidentially produced the CCRB closing report for the substantiated incident, along with an updated list of Musa's CCRB complaints. However, defendant has refused to produce the underlying CCRB or APU files from that case, including body worn camera footage, or any of the records from the other undisclosed complaints – evidence that may be relevant and potentially admissible at the upcoming trial. Defendant has also refused to allow a continued deposition of Musa about the undisclosed incidents and has also declined to consent to an *in limine* motion from plaintiff regarding the new evidence.

In a recent police misconduct trial in this district that was also handled by plaintiff's counsel, *Martinez v. City of New York*, 16 CV 79 (NRM) (CLP), the Hon. Nina R. Morrison held that certain findings from an officer-defendant's administrative trial on disciplinary charges were admissible on cross-examination under Fed. R. Evid. 608(b). 2022 WL 20042798, *3–5 (E.D.N.Y. Dec. 4, 2022).

If it should please the Court, there is good reason to think that the discovery plaintiff now seeks may result in evidence similar to that admitted by Judge Morrison in *Martinez*. Plaintiff respectfully submits that he should have the opportunity to learn about these complaints, to reasonably inquire of defendant Musa about them and, if warranted, to argue before this Honorable Court that they should be admitted at trial.

Accordingly, plaintiff respectfully requests that: 1) defendant Musa be compelled to produce the underlying CCRB and APU records, including body worn camera footage, for the substantiated case discussed above, along with underlying records for the other undisclosed complaints against Musa that involve excessive force, discourtesy, abuse of authority or false statements; 2) plaintiff be granted leave to depose Musa on these complaints in advance of trial; and 3) plaintiff be permitted to address this evidence in an *in limine* motion.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:  All Counsel