

|  | THE CITY OF NEW YORK |  |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ELISSA B. JACOBS<br>*Senior Counsel*<br>Phone: (212) 356-3540<br>Fax: (212) 356-3509<br>ejacobs@law.nyc.gov |

September 18, 2023

**BY ECF**
Honorable LaShanna DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Robert M. Levy[1]
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Gonzalo Cortes v. P.O. Musa, 14-CV-3014 (LDH)(RML)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys assigned to the defense of this case. I write response to plaintiff's letter of September 12, 2023 seeking to file an additional motion *in limine* and seeking additional discovery. For the reasons stated herein, defendant Christopher Musa opposes plaintiff's request for additional discovery, including his deposition. Defendant does not oppose plaintiff's request to file a supplemental motion *in limine*.

This case is trial-ready, and has been for several years. The only remaining claim is whether Officer Musa used excessive force (or any force at all) against plaintiff in July 2013. During discovery, plaintiff sought and obtained over 7,000 pages of disciplinary documents

---

[1] All discovery disputes were referred to Magistrate Judge Levy, as was plaintiff's initial request in June, 2023. Therefore, out of an abundance of caution, defendant addresses this letter to both Judges.

regarding then-defendant officers.[2] Despite this, not a single page was listed in plaintiff's joint pre-trial order, and defendant's motion *in limine* to preclude mention of unrelated discipline was granted as unopposed.[3] Plaintiff now seeks to re-open discovery to investigate and inquire about the underlying facts of an unresolved disciplinary proceeding that post-dates the incident by more than eight years. The file relates to an incident that occurred in 2021 during an ACS removal of a child. Defendant produced the closing report for this file, which includes a summary of the evidence and the investigator's recommendations and findings.[4] CCRB prosecuted the case before the NYPD Deputy Commissioner of Trials. A final decision has yet to be reached.

Simply stated, plaintiff has not articulated why he needs any additional discovery beyond what has been produced, and, potentially, a final determination by the NYPD, once it has been reached. Plaintiff believes the evidence here may be similar to that admitted Martinez v. City of New York, where Judge Morrisson permitted cross-examination under Fed. R. Evid. 608(b) about an alleged adverse credibility finding.[5] There is no basis, either in Martinez or in the Federal Rules of Evidence to permit questioning regarding extrinsic evidence. To be clear – defendant will oppose any motion to permit questioning regarding CCRB's recommendations at trial. However, plaintiff has all the information he needs to make his motion at this point in time.

Plaintiff seeks evidence that will permit him to cross-examine Officer Musa pursuant to F.R.E. 608 – that is, regarding prior bad acts. In Martinez, the Court permitted cross-examination regarding alleged adverse credibility findings by the NYPD. The Court explained the maxim that "a party may not prove the witness's untruthful acts through the introduction of extrinsic evidence." Id. at p. 5. Instead, Judge Morrisson considered a non-exhaustive set of factors to determine whether the credibility findings in that case were of the type that should be admitted. Id. at pp. 5-6. Judge Morrisson ultimately determined that plaintiff in that case could ask about the adverse credibility findings, but not about the facts underlying the discipline Id. at pp. 8-9. The decision did not permit the plaintiff to be cross examined with the type of underlying documents, including body-worn camera footage, that plaintiff here seeks. In fact, it does not appear that plaintiff relied on anything other than the final determination by the NYPD in making its motion. Here, plaintiff has the determination from CCRB. No final determination has been made by the NYPD. Plaintiff has failed to explain why the underlying documents would assist him.

Plaintiff also seeks underlying files for other "undisclosed" complaints against Officer Musa. Plaintiff does not specify what he means by "undisclosed" complaints – plaintiff was provided with an updated CCRB resume and defendants are still awaiting an updated resume regarding NYPD discipline that will be provided once received. Plaintiff also asks permission to reopen Officer Musa's deposition in order to ask him questions regarding these cases. Plaintiff makes no argument why the underlying files in those cases are relevant to the trial here, nor why

---

[2] A more complete summary of the history of disciplinary discovery is contained in defendant's letter dated July 6, 2023, ECF No. 127.
[3] Plaintiff has indicated that he intends to file a new motion *in limine* addressing the updated information.
[4] Should the Court so desire, defendant can provide a copy of the closing report to Chambers.
[5] Defendants in that case contested the admissibility of the evidence. Defendant here refers to the Court's findings in Martinez.

Officer Musa's testimony is necessary.  As discussed above, the underlying dispute regarding the incident at issue is irrelevant to any determination of the admissibility of an adverse credibility finding, making Officer Musa's testimony of negligible value.

      For these reasons, defendant objects to plaintiff's request to reopen discovery.  I thank the Court for its time and consideration of this matter.

      Respectfully submitted,

      *s/ Elissa B. Jacobs*

      Elissa B. Jacobs
      *Senior Counsel*
      Special Federal Litigation Division

cc:    All Counsel (by ECF)